# EXHIBIT A

## THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Español   Tiếng Việt   한국어   中文   հայերեն

Search

| Home | Online Services | Forms, Filings & Files | Self-Help | Divisions | Jury | General Info |
|---|---|---|---|---|---|---|
| | Pay Fines, Search Records... | Forms, Filing Fees... | Self-Rep, Info, FAQs... | Civil, Criminal, Family... | Jury Duty Portal, Q&A... | Courthouses, ADA ... |

ONLINE SERVICES

# Case Access

 LANGUAGE ACCESS

[ English ▼ ]

[PRINT] [NEW SEARCH]

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** BC577827
AARON KAUFMAN VS CALIFORNIA PHYSICIANS' SERVICE

**Filing Courthouse:** Stanley Mosk Courthouse

**Filing Date:** 04/06/2015
**Case Type:** Wrongful Termination (General Jurisdiction)
**Status:** Legacy Judgment 04/05/2017

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

Cases Related: BC579771 on 12/10/2015

Unknown Cross Reference: 77827 on 12/23/2015

Consolidated for all Proceedings: BC579771 on 12/23/2015

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

None

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

BAUMAN SHARON B. - Attorney for Defendant

BLUE SHIELD OF CALIFORNIA - Defendant/Respondent's DBA

CALIFORNIA PHYSICIANS' SERVICE - Defendant

CWIKLO DAVID PETER THE LAW OFFICES OF - Attorney for Plaintiff

KAUFMAN AARON - Plaintiff

LEE BARRY W. ESQ. - Attorney for Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

Click on any of the below link(s) to see Register of Action items on or before the date indicated:
03/16/2017  08/25/2016  06/10/2016  12/10/2015  06/25/2015

**08/11/2017** NOTICE TO REPORTER TO PREPARE TRANSCRIPT ON APPEAL PER CRC RULE 8.124

**07/31/2017** NOTICE TO REPORTER TO PREPARE TRANSCRIPT ON APPEAL PER CRC RULE 8.124

**07/21/2017** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**07/21/2017** Minute Order

**07/21/2017** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant and Cross-Complainant

**07/14/2017** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT AND CROSS-DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION TO TAX COSTS

**07/14/2017** REPLY BRIEF IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION TO STRIKE PLAINTIFF AND CROSS- DEFENDANT AARON KAUFMAN'S MEMORANDUM OF COSTS, OR IN THE ALTERNATIVE, TO TAX COSTS

**07/14/2017** SUPPLEMENTAL DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF REPLY BRIEF ISO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIAN'S SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION TO STRIKE PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MEMORANDUM OF COSTS,

**07/14/2017** Proof of Service

**07/14/2017** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**07/14/2017** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/14/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/14/2017** Brief (name extension)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/10/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO AARON KAUFMAN'S MOTION FOR AN ORDER TO STRIKE/TAX COSTS

**07/10/2017** PROOF OF SERVICE

**07/10/2017** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER TO STRIKE/FAX COSTS

**07/10/2017** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/10/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/10/2017** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/30/2017** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND OPPOSITION TO DEFENDANT AND ETC

**06/30/2017** Notice
Filed by Aaron Kaufman (Plaintiff)

**06/29/2017** ORDER GRANTING PARTIES' STIPULATION TO CONTINUE PLAINTIFF AARON KAUFMAN'S MOTION TO TAX COSTS TO SAME DAY AS DEFENDANT BLUE SHIELD'S MOTION TO TAX COSTS.

**06/29/2017** STIPULATION TO CONTINUE PLAINTIFF AARON KAUFMAN'S MOTION TO TAX COSTS TO SAME DAY AS DEFENDANT BLUE SHIELD'S MOTION TO TAX COSTS; ORDER.

**06/29/2017** Order
Filed by Plaintiff/Petitioner

**06/29/2017** Stipulation
Filed by Plaintiff/Petitioner

**06/13/2017** NOTICE OF DEFAULT (UNLIMITED CIVIL APPEALS)

**06/13/2017** Notice
Filed by Clerk

**06/12/2017** APPELLANT'S NOTICE DESIGNATING RECORD ON APPEAL (UNLIMITED CIVIL CASE)

A-2

Case 2:18-cv-00844-ODW-MRW   Document 30-9   Filed 12/21/18   Page 4 of 123   Page ID #:1347

**06/12/2017** Notice of Designation of Record
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/05/2017** NOTICE OF FILING OF NOTICE OF APPEAL (UNLIMITED JURISDICTION)

**06/05/2017** Ntc to Attorney re Notice of Appeal
Filed by Clerk

**06/02/2017** NOTICE OF APPEAL/CROSS-APPEAL

**06/02/2017** Notice of Appeal
Filed by California Physicians' Service (Defendant)

**06/01/2017** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION TO STRIKE PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MEMORANDUM OF COSTS, OR IN THE ALTERNATIVE,

**06/01/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION TO STRIKE PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MEMORANDUM OF COSTS, OR IN THE ALTERNATIVE, TO TAX COSTS

**06/01/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION TO STRIKE PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MEMORANDUM OF COSTS, OR IN THE ALTERNATIVE, TO TA

**06/01/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/01/2017** Points and Authorities
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/01/2017** Motion to Strike
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**05/17/2017** NOTICE OF FILING OF NOTICE OF APPEAL (UNLIMITED JURISDICTION)

**05/17/2017** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER TO STRIKE/TAX DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MEMORANDUM OF COSTS; ETC.

**05/17/2017** Motion to Strike
Filed by Aaron Kaufman (Plaintiff)

**05/17/2017** Ntc to Attorney re Notice of Appeal
Filed by Clerk

**05/15/2017** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF APPEAL; NOTICE OF ELECTION TO PROCEED UNDER CRC 8.120(A)(1)(B), APPENDIX UNDER CRC 8.124; ETC.

**05/15/2017** MEMO COSTS SUMMARY

**05/15/2017** Memorandum of Costs
Filed by Plaintiff/Petitioner

**05/15/2017** Notice of Appeal
Filed by Aaron Kaufman (Plaintiff)

**05/02/2017** MEMORANDUM OF COSTS (SUMMARY)

**05/02/2017** Memorandum of Costs
Filed by Defendant/Respondent

**04/27/2017** Minute Order

**04/14/2017** NOTICE OF ENTRY OF JUDGMENT OR ORDER

**04/14/2017** Notice
Filed by Blue Shield of California (Legacy Party)

**04/05/2017** JUDGMENT ON JURY VERDICT

**04/05/2017** Judgment
Filed by Defendant/Respondent

**03/20/2017** CIVIL DEPOSIT

**03/17/2017** Minute Order

**03/17/2017** SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES JURY INSTRUCTIONS COVER PAGE

**03/17/2017** JUROR REQUEST FORM

**03/17/2017** CIVIL DEPOSIT

**03/17/2017** SPECIAL VERDICT FORM

**03/17/2017** Minute Order

A-3

**03/17/2017** Jury Question
Filed by Court

**03/17/2017** Special Verdict
Filed by Court

**03/17/2017** Jury Instructions
Filed by Court

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   03/16/2017   08/25/2016   06/10/2016   12/10/2015   06/25/2015

**03/16/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR DIRECTED VERDICT ON PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S CLAIM FOR FAILURE TO PAY INCENTIVE BONUS

**03/16/2017** DFFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A/ BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED PROPOSED SPECIAL VERDICT FORM FOR PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN

**03/16/2017** CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S THIRD AMENDED PROPOSD JURY INSTRUCTIONS

**03/16/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR DIRECTED VERDICT ON PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S CLAIM FOR FAILURE TO PAY INCENTIVE BON

**03/16/2017** Minute Order

**03/16/2017** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/16/2017** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/16/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/16/2017** Motion for an Order
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/15/2017** Minute Order

**03/14/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR NONSUIT

**03/14/2017** Minute Order

**03/14/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR NONSUIT

**03/14/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/13/2017** Minute Order

**03/13/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR DIRECTED VERDICT

**03/13/2017** CIVIL DEPOSIT

**03/13/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR DIRECTED VERDICT

**03/13/2017** CIVIL DEPOSIT

**03/13/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/13/2017** Motion for an Order
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/09/2017** Minute Order

**03/08/2017** Minute Order

**03/08/2017** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**03/08/2017** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**03/07/2017** Minute Order

**03/07/2017** NOTICE OF CONDITIONAL SETTLEMENT AS TO PLAINTIFFS SAISHA MASAND AND MICHAEL THOMAS

**03/07/2017** PLAINTIFFS' SECOND AMENDED REQUEST FOR JURY INSTRUCTIONS. [NON-JOINT]

**03/07/2017** MEMORANDUM RE PLAINTIFF'S NOTICE TO APPEAR

**03/07/2017** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

A-4

**03/07/2017** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**03/06/2017** BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED PROPOSED JOINT STATEMENT OF TILE CASE

**03/06/2017** PLAINTIFFS' FIRST AMENDED LIST OF TRIAL EXHIBITS

**03/06/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S TRIAL BRIEF

**03/06/2017** CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S SECOND AMENDED PROPOSED JURY INSTRUCTIONS

**03/06/2017** Minute Order

**03/06/2017** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**03/06/2017** Statement of the Case
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/06/2017** Exhibit List
Filed by Aaron Kaufman (Plaintiff)

**03/06/2017** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/06/2017** Brief (name extension)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/06/2017** Notice of Settlement
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/06/2017** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**03/03/2017** PLAINTIFFS' FIRST AMENDED REQUEST FOR JURY INSTRUCTIONS. [NON-JOINT]

**03/03/2017** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CAL TFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 5

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 9

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.3

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 7

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 6

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.10

**02/27/2017** PLAINTIFFS AARON KAUFMAN. MICHAEL THOMAS AND SAISHA MASANDS OPPOSITION TO DEFENDANT CALIFORN1A PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 13

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 11

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 8

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.2

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.12

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 4

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 1

**02/27/2017** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**02/24/2017** Minute Order

**02/17/2017** CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S PROPOSED JURY INSTRUCTIONS

**02/17/2017** BLUE SHIELD'S MOTION IN LIMINE NO.13 ETC.

**02/17/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF BLUE SHIELD'S MOTIONS IN LIMINE NOS.12 AND 13

A-5

**02/17/2017** BLUE SHIELD'S MOTION IN LIMINE NO.12 ETC.

**02/17/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S LIST OF TRIAL
EXHIBITS (AMENDED)

**02/17/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**02/17/2017** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**02/17/2017** Exhibit List
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**02/17/2017** Motion in Limine
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/20/2016** NOTICE OF NEW FINAL STATUS DATE; ETC.

**09/20/2016** Notice
Filed by Aaron Kaufman (Plaintiff)

**09/19/2016** NOTICE OF RULING RE CONTINUANCE OF TRIAL DATE

**09/19/2016** Notice of Ruling
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/16/2016** DECLARATION OF SHARON B. BAUMAN IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD'S EX PARTE TO
CONTINUE TRIAL DATE TO NOVEMBER 7, 2016

**09/16/2016** CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S EX PARTE APPLICATION FOR AN ORDER CONTINUING THE
TRIAL DATE TO NOVEMBER 7, 2016; DECLARATION OF SHARON B. BAUMAN IN SUPPORT THEREOF

**09/16/2016** Minute Order

**09/16/2016** Declaration
Filed by Defendant and Cross-Complainant

**09/16/2016** Ex-Parte Application
Filed by Defendant and Cross-Complainant

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 12

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 7

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 4

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 13

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 11

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 25

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 24

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 14

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 21

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 5

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 17

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 8

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 23

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 6

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE NO. 16

A-6

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 9

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 26

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 10

**09/15/2016** Proof of Service

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 15

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 20

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN L1MINE NO. 22

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 19

**09/15/2016** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/15/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/15/2016** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/14/2016** NOTICE OF RULING RE DEFENDANT AND CROSS- COMPLAINANT BLUE SHIELD'S EX PARTE APPLICATION TO SHORTEN TIME TO HEAR ITS MOTION TO COMPEL PLAINTIFFS' FURTHER RESPONSES TO SPECIAL INTERROGATORIES AND REQUEST FOR PRODUCTION; OR ALTERNATIVELY TO PERMIT A HEARING

**09/14/2016** Notice of Ruling
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/12/2016** Minute Order

**09/12/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD'S EX PARTE TO SHORTEN TIME ON A MOTION TO COMPEL PLAINTIFFS KAUFMAN'S, THOMAS', AND MASAND'S RESPONSES TO SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUM

**09/12/2016** PROOF OF SERVICE

**09/12/2016** PROOF OF SERVICE

**09/12/2016** DEFENDANT AND CROSS- COMPLAINANT BLUE SHIELD'S EX PARTE APPLICATION TO SHORTEN TIME ON A MOTION TO COMPEL PLAINTIFFS KAUFMAN'S, THOMAS', AND MASAND'S RESPONSES TO SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS; OR IN THE ALTERNATIVE, PER

**09/12/2016** PROOF OF SERVICE

**09/12/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/12/2016** Declaration
Filed by Defendant and Cross-Complainant

**09/12/2016** Ex-Parte Application
Filed by Defendant and Cross-Complainant

**09/09/2016** PLAINTIFFS' LIST OF TRIAL EXHIBITS.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.14.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.11.; ETC.

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO ANY OTHER LEGAL ACTION INVOLVING BLUE SHIELD, INCLUDING THE JOHNSON ACTION

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.13.; ETC.

**09/09/2016** PLAINTIFFS' BRIEF STATEMENT OF THE CASE.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 22.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.7.; ETC.

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE. D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN, LIMINE NO. 1 TO PRECLUDE REFERENCES TO THE SIZE, WEALTH, PROFITS OR STATUS OF BLUE SHIELD OF CALIFORNIA

**09/09/2016** JOINT TRIAL WITNESS LIST

**09/09/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTIONS IN LIMINE NOS. 1 THROUGH 11

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.15.; ETC.

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE RE: THE REVOCATION OF BLUE SHIELD'S TAX EXEMPT STATUS

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.10.; ETC.

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 5 TO BIFURCATE LIABILITY AND PUNITIVE DAMAGES PHASES OF TRIAL

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.9 TO EXCLUDE ALL EVIDENCE NOT DISCLOSED OR PRODUCED BY PLAINTIFFS DURING DISCOVERY

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 8 TO PRECLUDE AS A TRIAL WITNESS BLUE SHIELD'S PRESIDENT AND CHIEF EXECUTIVE OFFICER PAUL MARKOVICH

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 20.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.17.; ETC.

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE, ARGUMENT, OR REFERENCE TO BLUE SHIELD'S ALLEGED ROLE IN CREATING OR CONTRIBUTING TO "AMERICA'S HEALTHCARE CRISIS"

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 23.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.5.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.2.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND''S MOTION IN LIMINE NO.1.; ETC.

**09/09/2016** PLAINTIFFS' REQUEST FOR JURY INSTRUCTIONS.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 25.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.4.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.3. ; ETC.

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE OF ANY ALLEGED BENEFITS THAT MICHAEL MATHIAS RECEIVED FROM ANY VENDOR OTHER THAN MBI SOLUTIONS

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 6 TO PRECLUDE AS A TRIAL WITNESS BLUE SHIELD'S GENERAL COUNSEL SETH JACOBS

**09/09/2016** BLUE SHIELD OF CALIFORNIA'S PROPOSED JOINT STATEMENT OF THE CASE

**09/09/2016** PLAINTIFFS' AND DEFENDANT'S PROPOSED JOINT JURY INSTRUCTIONS

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.12.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.8.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 26.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 24.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.16.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.6.; ETC.

**09/09/2016** DECLARATION OF DAVID PETER CWIKLO FILED IN SUPPORT OF PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NOS. 1-26.

**09/09/2016** CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S PROPOSED JURY INSTRUCTIONS

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.10 TO BAR PLAINTIFFS FROM INTRODUCING EVIDENCE OR ARGUMENT THAT BLUE SHIELD'S CROSS-COMPLAINT AND/OR PRESS RELEASES AND NEWS ARTICLES REG

**09/09/2016** JOINT LIST OF TRIAL EXHIBITS.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 21.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 19.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.9.; ETC.

A-8

Case 2:18-cv-00844-ODW-MRW   Document 30-9   Filed 12/21/18   Page 10 of 123   Page ID
#:1353

**09/09/2016** Witness List
Filed by Aaron Kaufman (Plaintiff); California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff); California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Exhibit List
Filed by Aaron Kaufman (Plaintiff); California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Motion in Limine
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Declaration
Filed by Aaron Kaufman (Plaintiff)

**09/09/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**09/09/2016** Exhibit List
Filed by Aaron Kaufman (Plaintiff)

**09/09/2016** Motion in Limine
Filed by Aaron Kaufman (Plaintiff)

**09/03/2016** Statement of the Case
Filed by Aaron Kaufman (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  03/16/2017  08/25/2016  06/10/2016  12/10/2015  06/25/2015

**08/25/2016** NOTICE OF RULING REGARDING DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR
SUMMARY JUDGMENT/SUMMARY ADJUDICATION AS TO PLAINTIFF SAISHA MASAND.

**08/25/2016** NOTICE OF RULING REGARDING DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF
CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AS TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN.

**08/25/2016** NOTICE OF RULING REGARDING DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR
SUMMARY JUDGMENT/SUMMARY ADJUDICATION AS TO PLAINTIFF MICHAEL THOMAS.

**08/25/2016** Notice of Ruling
Filed by Plaintiff/Petitioner

**08/25/2016** Notice of Ruling
Filed by Plaintiff/Petitioner

**08/25/2016** Notice of Ruling
Filed by Aaron Kaufman (Plaintiff)

**08/24/2016** Minute Order

**08/24/2016** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**08/24/2016** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**08/23/2016** NOTICE OF RULING REGARDING DENIAL OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE
SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS.

**08/23/2016** PLAINTIFF MICHAEL THOMAS' OBJECTION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S
REPLY SEPARATE STATEMENT.

**08/23/2016** PLAINTIFF SAISHA MASAND'S OBJECTION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S
REPLY SEPARATE STATEMENT.

**08/23/2016** Notice of Ruling
Filed by Plaintiff/Petitioner

**08/23/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/23/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/22/2016** Minute Order

**08/19/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S OBJECTIONS TO
PLAINTIFF MICHAEL THOMAS' REQUEST FOR JUDICIAL NOTICE

A-9

**08/19/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S EVIDENTIARY OBJECTIONS TO DECLARATION OF DAVID P. CWIKLO AND ETC

**08/19/2016** REPLY OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA TO PLAINTIFF MICHAEL THOMAS/ EVIDENTIARY OBJECTIONS TO DECLARATIONS AND ETC

**08/19/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S EVIDENTIARY OBJECTIONS TO DECLARATION OF DAVID P. CWIKLO AND EXHIBITS THERETO FILED IN SUPPORT OF PLAINTIFF SAISHA MASAND'S OPPOSITION TO MOTION FOR SUMMARY J

**08/19/2016** REPLY TO PLAINTIFF SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT, OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF'S CLAIMS

**08/19/2016** REPLY SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS LEN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ETC

**08/19/2016** REPLY DECLARATION OF SHARON B. BAUMAN IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS

**08/19/2016** PROOF OF SERVICE

**08/19/2016** Proof of Service

**08/19/2016** REPLY OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA TO PLAINTIFF SAISHA MASAND'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/SUMMARY A

**08/19/2016** REPLY SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAI

**08/19/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S OBJECTIONS TO PLAINTIFF SAISHA MASAND'S REQUEST FOR JUDICIAL NOTICE

**08/19/2016** REPLY DECLARATION OF SHARON B. BAUMAN IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS

**08/19/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/18/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S OBJECTION TO DEFENDANT AND CROSS-COMPLAINANT ETC.

**08/18/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/17/2016** REPLY SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS SERVICE DLBLA BLUE SHIELD OF CALIFORNIA S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF S CLAIMS AND DEFENDAN

**08/17/2016** REPLY OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS SERVICE, DFB/A BLUE SHIELD OF CALIFORNIA TO PLAINTIFF AARON KAUFMAN S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT S MOTION FOR SUMMARY JUDGMENT/SUMMARY

**08/17/2016** Proof of Service

**08/17/2016** DEFENDANT AND CROSSCOMPLAINANT CALIFORNIA PHYSICIANS SERVICE DFB/A BLUE SHIELD OF CALIFORNIA S OBJECTIONS TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN S REQUEST FOR JUDICIAL NOTICE

**08/17/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S EVIDENTIARY OBJECTIONS TO DECLARATION OF DAVID P. CWIKLO AND EXHIBITS THERETO FILED IN SUPPORT OF PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S OPPOSITION TO

**08/17/2016** REPLY TO PLAINTIFF AARON KAUFMAN'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DIBLA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT, OR, ETC

**08/17/2016** REPLY DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS SERVICE D/B/A BLUE SHIELD OF CALIFORNIA S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF S CLAIMS AND DEFENDANT S CROSS-CLAIMS

**08/17/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/12/2016** PLAINTIFF MICHAEL THOMAS' APPENDIX OF AUTHORITIES FIELD IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDCIMENT/ SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/12/2016** PLAINTIFF MICHAEL THOMAS' REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE 452.

**08/12/2016** PLAINTIFF MICHAEL THOMAS' SEPARATE STATEMENT OF DISPUTED FACTS FILED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/12/2016** PLAINTIFF MICHAEL THOMAS' EXHIBITS FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/12/2016** PLAINTIFF MICHAEL THOMAS EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION.

**08/12/2016** PLAINTIFF MICHAEL THOMAS' NOTICE OF AND OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID PETER CWIKLO AND E

**08/12/2016** PLAINTIFF MICHAEL THOMAS' EXHIBITS FILED N SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/12/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/12/2016** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**08/12/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/12/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/12/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**08/11/2016** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**08/11/2016** Minute Order

A-11

**08/11/2016** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**08/10/2016** PLAINTIFF SAISHA MASAND'S REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE 452

**08/10/2016** PLAINTIFF SAISHA MASAND'S SEPARATE STATEMENT OF DISPUTED FACTS FILED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION ETC.

**08/10/2016** PLAINTIFF SAISHA MASAND'S APPENDIX OF AUTHORITIES FIELD IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ETC.

**08/10/2016** PLAINTIFF SAISHA MASAND'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS SERVICE DBA BLUE SHIELD OF CALIFORNIA S MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION.

**08/10/2016** PLAINTIFF SAISHA MASAND'S NOTICE OF AND OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS PHYSICIANS SERVICE DBA BLUE SHIELD OF CALIFORNIA S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION; ETC.

**08/10/2016** PLAINTIFF SAISHA MASAND'S EXHIBITS FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION ETC.

**08/10/2016** PLAINTIFF SAISHA MASAND'S EXHIBITS FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION ETC.

**08/10/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/10/2016** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**08/10/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/10/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/10/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EXHIBITS FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/08/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND OPPOSITION TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION; ETC

**08/08/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE SECTION 452.

**08/08/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CAUFORNIA PHYSICIANS' SERVICE DBA BLUE SHWLD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICA

**08/08/2016** PLAINTIFF AND CROSS DEFENDANT AARON KAUFMAN'S SEPARATE STATEMENT OF DISPUTED FACTS FILED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/08/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EXHIBITS FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA

**08/08/2016** PLATNTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S APPENDIX OF AUTHORITIES FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA

**08/08/2016** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**08/05/2016** NOTICE OF RESCHEDULED HEARING FOR DEFENDANT BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS

**08/05/2016** Notice
Filed by Defendant and Cross-Complainant

**08/04/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF AARON KAUFMAN S OBJECTIONS TO MOTION FOR MONETARY,

EVIDENTIARY AND TERMINATING SANCTI

**08/04/2016** CIVIL DEPOSIT

**08/04/2016** REPLY DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA S MOTION FOR MONETARY, EVIDENTIARY, AND ETC.

**08/04/2016** Proof of Service

**08/04/2016** DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION FOR MONETARY, ETC.

**08/04/2016** REPLY DECLARATION OF MARK MENZ IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY, AND ETC.

**08/04/2016** REPLY DECLARATION OF KEVIN COHEN IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA S MOTION ETC.

**08/04/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA REPLY TO PLAINTIFF AARON KAUFMAN'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND ETC.

**08/04/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/04/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/04/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/04/2016** Reply/Response
Filed by California Physicians' Service (Defendant)

**07/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE 452.

**07/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMI

**07/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EXHIBITS FILED IN SUPPORT OF OPPOSITION TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS.

**07/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND OPPOSITION TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS;

**07/29/2016** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**07/29/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**07/29/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**07/22/2016** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF ERRATA TO MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND CWIKLO LAW FIRM

**07/22/2016** Notice
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/15/2016** ORDER GRANTING DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.

**07/15/2016** Minute Order

**07/15/2016** NOTICE OF CONTINUANCE OF HEARING FOR DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND CWIKLO LAW FIRM

**07/15/2016** Order
Filed by Defendant and Cross-Complainant

**07/13/2016** CIVIL DEPOSIT

**07/12/2016** DECLARATION OF KEVIN COHEN IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY, AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND

**07/12/2016** DECLARATION OF KEITH COLLINS IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND

**07/12/2016** DECLARATION OF MARK MENZ IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY, AND TERMINATING SANCTIONS AGAINST PLAINTIFF' AND CROSS-

DEFENDANT AARON KAUFMAN AND CW

**07/12/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND

**07/12/2016** DECLARATION OF MICHAEL MATHIAS IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY, AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN

**07/12/2016** DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S NOTICE OF AND MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND CWIKLO LAW FIRM

**07/12/2016** PROOF OF SERVICE

**07/12/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND

**07/12/2016** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY, AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND CWIKLO LAW FIRM

**07/12/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/12/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/12/2016** Points and Authorities
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/12/2016** Motion for Sanctions
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/08/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/08/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE

**07/08/2016** SEPARATE STATEMENT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE

**07/08/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE

**07/08/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/08/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/01/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**07/01/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**07/01/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S OPPOSITION TO DEFENDANT AND ETC.

**07/01/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S OPPOSITION TO DEFENDANT AND ETC.

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  03/16/2017  08/25/2016  06/10/2016  12/10/2015  06/25/2015

**06/10/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/10/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/10/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/10/2016** Points and Authorities
Filed by Defendant/Respondent

**06/10/2016** Motion for Summary Judgment
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/10/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS

A-14

Case 2:18-cv-00844-ODW-MRW  Document 30-9  Filed 12/21/18  Page 16 of 123  Page ID #:1359

**06/10/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS

**06/10/2016** SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS

**06/10/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS

**06/10/2016** APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS VOLUME 2 OF 2 (EXHS. 9-65)

**06/10/2016** APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS VOLUME 2 OF 2 (EXHS. 9-65)

**06/10/2016** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DIBLA BLUE SHIELD OF CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES TN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS'

**06/10/2016** PROOF OF SERVICE

**06/10/2016** SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS

**06/10/2016** APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS VOLUME 1 OF 2 (EXHS. A-C AND 1

**06/10/2016** APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS VOLUME 1 OF 2 (EXHS. A-C AND 1

**06/10/2016** PROOF OF SERVICE

**06/08/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/08/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/08/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/08/2016** Points and Authorities
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/08/2016** Motion for Summary Judgment
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/08/2016** APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF'S CLAIMS AND DEFENDANT'S CROSS-CLAIMS

**06/08/2016** SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF'S CLAIMS AND DEFENDANT'S CROSS-CLAIMS

**06/08/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF'S CLAIMS AND DEFENDANT'S CROSS-CLAIMS

**06/08/2016** Proof of Service

**06/08/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF'S CLAIMS AND DEFENDANT S CROSS-CLAIMS

**05/27/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**05/27/2016** Motion to Compel
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**05/27/2016** SEPARATE STATEMENT IN SUPPORT OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.

**05/27/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.; MEMORANDUM

A-15

**05/27/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DFBA/ BLUE SHIELD OF CALIFORNIA'S MOTION TO COMPEL RESPONSES TO SUBPOENA TO J.P. MORGAN CHASE BANK

**03/27/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/24/2016** Minute Order

**03/15/2016** Motion for an Order
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/11/2016** Notice
Filed by Aaron Kaufman (Plaintiff)

**03/11/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF TAKING MOTION TO QUASH SUBPOENA OF APPLE INC. OFF CALENDAR

**03/09/2016** Order
Filed by Defendant and Cross-Complainant

**03/09/2016** Ex-Parte Application
Filed by Defendant/Respondent

**03/09/2016** Minute Order

**03/01/2016** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**03/01/2016** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**03/01/2016** Minute Order

**02/23/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**02/23/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S REPLY IN SUPPORT OF DEMURRER TO PLAINTIFFS MICHAEL THOMAS' AND SAISHA MASAND'S FIRST AMENDED COMPLAINT

**02/19/2016** CIVIL DEPOSIT

**02/03/2016** Notice
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**02/03/2016** NOTICE OF RESCHEDULED HEARING OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, U/B/A BLUE SHIELD OF CALIFORNIA'S DEMURRER TO PLAINTIFFS MICHAEL THOMAS' AND SAISHA MASAND'S FIRST AMENDED) COMPLAINT

**02/03/2016** PROOF OF SERVICE (CIVIL)

**01/29/2016** Declaration
Filed by Aaron Kaufman (Plaintiff)

**01/29/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**01/29/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**01/29/2016** Points and Authorities
Filed by Aaron Kaufman (Plaintiff)

**01/29/2016** AMENDED AND SUPPLEMENTAL DECLARATION OF DAVID PETER CWIKLO FILED IN SUPPORT OF MOTION TO QUASH DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.

**01/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S SUPPLEMENTAL APPENDIX OF AUTHORITIES FILED IN SUPPORT OF MOTION FOR AN ORDER TO QUASH DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.

**01/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S AMENDED AND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SUBPOENA OF APPLE INC., AMENDED AND SUPPLEMENTAL DECLARATION OF DAVID PETER CWIKLO AND EXHIBITS FILED IN SUPPORT THER

**01/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S AMENDED AND SUPPLEMENTAL SEPARATE STATEMENT OF DISCOVERY ITEMS IN DISPUTE RE: DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.

**01/21/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**01/21/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**01/21/2016** Motion to Quash
Filed by Aaron Kaufman (Plaintiff)

**01/21/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S SEPARATE STATEMENT OF OBJECTIONS AND RESPONSE TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE 1NC.

A-16

**01/21/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER TO QUASH DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST F

**01/21/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S APPENDIX OF AUTHORITIES FILED IN SUPPORT OF MOTION FOR AN ORDER TO QUASH DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.

**01/14/2016** Proof of Service (not Summons and Complaint)
Filed by Plaintiff/Petitioner

**01/14/2016** Proof of Service

**12/31/2015** Motion to Quash
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/31/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/31/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/31/2015** Points and Authorities
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/31/2015** NOTICE OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S, NONPARTY PAUL MARKOVICH'S, AND NONPARTY MICHAEL MATHIAS' (1) MOTION TO QUASH PLAINTIFF AND CROSS- DEFENDANT AARON KAUFMAN'S DEPOSITION SUBPOENA FOR

**12/31/2015** DECLARATION OF PATTJ.E EGAN IN SUPPORT OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S, NONPARTY PAUL MARKOVICH'S, AND NONPARTY MICHAEL MATHIAS' (1) MOTION TO QUASH PLAINTIFF AND CROSS-DEFENDANT AARON KA

**12/31/2015** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S, NONPARTY PAUL MARKOVICH'S, AND NONPARTY MICHAEL MATHIAS' (1) MOTION TO QUASH PLAINTIFF AND CROSS- DEFENDAN

**12/31/2015** DECLARATION OF PHILIP I. PERSON IN SUPPORT OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S, NONPARTY PAUL MARKOVICH'S, AND NONPARTY MICHAEL MATHIAS' (1) MOTION TO QUASH PLAINTIFF AND CROSS-DEFENDANT AARO

**12/30/2015** Notice of Ruling
Filed by Aaron Kaufman (Plaintiff)

**12/30/2015** Answer
Filed by Aaron Kaufman (Plaintiff)

**12/30/2015** NOTICE OF RULING REGARDING PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED CROSS-COMPLAINT.

**12/30/2015** NOTICE OF RULING REGARDING PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION TO STRIKE DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED CROSS-COMPLAINT

**12/30/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S ANSWER TO UNVERIFIED COMPLAINT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA

**12/30/2015** NOTICE OF RULING REGARDING MOTION TO CONSOLIDATE CASES

**12/23/2015** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**12/23/2015** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**12/23/2015** Minute Order

**12/18/2015** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**12/18/2015** Motion to Quash
Filed by Aaron Kaufman (Plaintiff)

**12/18/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER TO QUASH DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST F

**12/18/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S SEPARATE STATEMENT OF OBJECTIONS AND RESPONSE TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE

**12/16/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**12/16/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

A-17

**12/16/2015** Notice of Related Case
Filed by Aaron Kaufman (Plaintiff)

**12/16/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO OPPOSITION TO MOTION TO STRIKE FIRST AMENDED CROSS-COMPLAINT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**12/16/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO OPPOSITION TO MOTION FOR AN ORDER TO CONSOLIDATE CASES.

**12/16/2015** NOTICE OF RELATED CASES; NOTICE OF CASE MANAGEMENT CONFERENCE.

**12/16/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO OPPOSITION TO DEMURRER TO FIRST AMENDED CROSS-COMPLAINT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**12/16/2015** NOTICE OF RELATED CASES

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  03/16/2017  08/25/2016  06/10/2016  12/10/2015  06/25/2015

**12/10/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/10/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/10/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/10/2015** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S DEMURRER TO BLUE SHIELD OF CALIFORNIA S FIRST AMENDED CROSS-COMPLAINT

**12/10/2015** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIAN' SERVICE INC., D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER TO CONSOLIDATE CASES

**12/10/2015** DEFENDANT AND CROSSCOMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER TO STRIKE FIRST AMENDED CROSS-COMPLAINT

**12/10/2015** Minute Order

**12/10/2015** DECLARATION OF SHARON B. BAUMAN IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DLBLA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER TO CONSOLIDATE CASES

**11/23/2015** Motion to Consolidate
Filed by Aaron Kaufman (Plaintiff)

**11/23/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION TO CONSOLIDATE CASES; ETC.

**11/20/2015** Notice of Ruling
Filed by Aaron Kaufman (Plaintiff)

**11/20/2015** NOTICE OF RULING REGARDING PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN S MOTION FOR AN ORDER COMPELLING INSPECTION OF LAPTOP.

**11/18/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**11/18/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT AND CROSS- COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO NOTICE OF RELATED CASE

**11/16/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**11/16/2015** DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF RELATED CASE

**11/06/2015** Notice of Related Case
Filed by Aaron Kaufman (Plaintiff)

**11/06/2015** NOTICE OF RELATED CASE

**11/05/2015** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**11/05/2015** Minute Order

**11/05/2015** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**11/02/2015** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**11/02/2015** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OBJECTIONS TO REPLY DECLARATION OF AARON KAUFMAN

**10/29/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO MOTION TO CONSOLIDATE CASES.

A-18

**10/29/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**10/29/2015** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**10/29/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**10/29/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARK MENZ FILED IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO MOTION TO COMPEL INSPECTION O

**10/29/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO MOTION TO COMPEL INSPECTION OF LAPTOP; DECLARATION OF AARON KAUFMAN.

**10/23/2015** PROOF OF SERVICE

**10/23/2015** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OBJECTIONS TO DECLARATION OF DAVID PETER CWIKLO

**10/23/2015** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE INC., D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER TO CONSOLIDATE CASES

**10/23/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE INC., D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO AARON KAUFMAN'S MOTION FOR AN ORDER TO CONSOLIDATE CASES

**10/23/2015** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE. D/B/A BLUE SHIELD OF CALIFORNIA'S (1) OPPOSITION TO PLAINTIFF AND ETC

**10/23/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** DEFENDANT AND CROSS COMPLAINANT CALIFORNIA PHYSICIANS'SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S SEPARATE STATEMENT IN SUPPORT OF (1) OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER COMPELLING INSPECTION OF LAPTOP COMPUTER A

**10/23/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Proof of Service

**10/23/2015** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S (1) OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER COMPELLING INSPECTION OF LAPTOP COMPUTER AND ETC.

**10/23/2015** COMPILATION OF NON-CALIFORNIA AUTHORITIES IN SUPPORT OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S (1) OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN S MOTION FOR AN ORDER COMPELLING INSPE

**10/23/2015** DECLARATION OF MARK MENZ IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S (1) OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER COMPELLING INSPECTION OF LAPTOP CO

**10/13/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER TO STRIKE CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED CROSS-COMPLAINT; ETC.

**10/13/2015** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**10/13/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORIA'S FIRST AMENDED CROSS- COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES.

A-19

**10/13/2015** PLMNTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE SECTION 452.

**10/13/2015** Motion to Strike
Filed by Aaron Kaufman (Plaintiff)

**10/13/2015** Demurrer
Filed by Aaron Kaufman (Plaintiff)

**10/02/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER COMPELLING DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA TO ALLOW INSPECTION OF LAPTOP COMPUTER; ETC.

**10/02/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EXHIBITS FILED IN SUPPORT OF MOTION FOR AN ORDER COMPELLING DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA TO PERMIT INSPECTION OF LAPTOP COMPUTER.

**10/02/2015** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**10/02/2015** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**10/02/2015** Motion to Consolidate
Filed by Aaron Kaufman (Plaintiff)

**10/02/2015** Motion to Compel
Filed by Aaron Kaufman (Plaintiff)

**10/02/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S STATEMENT OF DISCOVERY ITEMS IN DISPUTE REGARDING REQUEST TO PERMIT INSPECTION OF LAPTOP COMPUTER.

**10/02/2015** NOTICE OF AND MOTION FOR AN ORDER TO CONSOLIDATE CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID PETER CWIKLO AND EXHIBITS FILED IN SUPPORT THEREOF [PROPOSED] ORDER.

**09/14/2015** CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED CROSS-COMPLAINT

**09/14/2015** First Amended Cross Complaint
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/11/2015** CIVIL DEPOSIT

**08/31/2015** STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS

**08/31/2015** Stipulation and Order
Filed by Defendant and Cross-Complainant

**08/26/2015** NOTICE OF RULING REGARDING PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT'S CROSS-COMPLAINT

**08/26/2015** NOTICE OF RULING REGARDING PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT.

**08/26/2015** Notice of Ruling
Filed by Plaintiff/Petitioner

**08/24/2015** Minute Order

**08/17/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO DEMURRER TO CROSS-COMPLAINT.

**08/17/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT.

**08/17/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**08/17/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**08/11/2015** PROOF OF SERVICE

**08/11/2015** DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OBJECTION TO PLAINTIFF AND ETC

**08/11/2015** DEFENDANT AND CROSS- COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT

**08/11/2015** DEFENDANT AND CROSS- COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S DEMURRER TO THE CROSS-COMPLAINT

**08/11/2015** DECLARATION OF SHARON B. BAUMAN IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S DEMURRER TO THE CROSS-COMPLAINT

**08/11/2015** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/11/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/11/2015** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/11/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/11/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/10/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S APPENDIX OF AUTHORITIES FILED IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT.

**07/10/2015** PLATNTIFF AND CROSS-DEFENDANT ARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER GRANTING JEAVE TO FILE FIRST AMENDED COMPLATNT; MEMORANDUM OF POINTS ND AUTHORITIES; DECLARATION OF DAVID PETER CWIKLO; EXHIBITS.

**07/10/2015** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**07/10/2015** Motion for Leave
Filed by Aaron Kaufman (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   03/16/2017   08/25/2016   06/10/2016   12/10/2015   06/25/2015

**06/25/2015** NOTICE OF FINAL STATUS CONFERENCE; NOTICE OF TRIAL DATE.

**06/22/2015** CIVIL DEPOSIT

**06/22/2015** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S NOTICE OF POSTING JURY FEE DEPOSIT

**06/22/2015** Minute Order

**06/22/2015** Notice
Filed by California Physicians' Service (Defendant)

**06/22/2015** Receipt
Filed by California Physicians' Service (Defendant)

**06/12/2015** PLAW4TIFF AND CROSS-DEFENDANT AARON KAUFMANS NOTICE OF DEMURRER AND DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS SERVICE DBA BLUE SHIELD OF CALIFORNIAS CROSS- COMPLAINT.

**06/12/2015** CIVIL DEPOSIT

**06/12/2015** NOTICE OF JURY FEE DEPOSIT.

**06/12/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMANS REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE 452.

**06/12/2015** Notice
Filed by Aaron Kaufman (Plaintiff)

**06/12/2015** Receipt
Filed by Aaron Kaufman (Plaintiff)

**06/12/2015** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**06/12/2015** Demurrer
Filed by Aaron Kaufman (Plaintiff)

**06/05/2015** Case Management Statement
Filed by Blue Shield of California (Legacy Party)

**06/05/2015** CASE MANAGEMENT STATEMENT

**06/04/2015** Case Management Statement
Filed by Aaron Kaufman (Plaintiff)

**06/04/2015** CASE MANAGEMENT STATEMENT

**04/29/2015** Notice of Change of Address or Other Contact Information
Filed by Plaintiff/Petitioner

**04/29/2015** NOTICE OF CHANGE OF FIRM NAME AND ADDRESS.

**04/28/2015** AMENDMENT TO COMPLAINT

**04/21/2015** Cross-Complaint
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**04/21/2015** Answer
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**04/21/2015** CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT FOR: 1. FRAUD ETC.

A-21

**04/21/2015** ANSWER OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD TO PLAINTIFF AARON KAUFMAN'S COMPLAINT

**04/20/2015** Notice
Filed by Aaron Kaufman (Plaintiff)

**04/20/2015** NOTICE OF CASE MANAGEMENT CONFERENCE

**04/16/2015** PROOF OF SERVICE SUMMONS

**04/16/2015** Proof-Service/Summons
Filed by Plaintiff/Petitioner

**04/13/2015** Notice of Case Management Conference
Filed by Clerk

**04/06/2015** PLAINTIFF AARON KAUFMANS COMPLAINT FOR DAMAGES: 1. WRONGFUL TERMINATION, VIOLATION OF CALIFORMA PUBLIC
POLICY AND LABOR CODE 1102.5, ET SEQ., WHISTLEBLOWER RETALIATION; ETC

**04/06/2015** SUMMONS

**04/06/2015** Complaint
Filed by Aaron Kaufman (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   03/16/2017   08/25/2016   06/10/2016   12/10/2015   06/25/2015

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
05/09/2016

**07/21/2017** at 08:30 AM in Department 68
Unknown Event Type - **Held - Motion Granted**

**07/11/2017** at 08:30 AM in Department 68
Unknown Event Type

**04/27/2017** at 08:30 AM in Department 68
(Order to Show Cause; OSC Discharged) -

**03/17/2017** at 08:30 AM in Department 68
(Trial Previously Started; Verdict Reached) -

**03/16/2017** at 08:30 AM in Department 68
(Trial Previously Started; Jury Deliberating) -

**03/15/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/14/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/13/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/09/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/08/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/07/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/06/2017** at 09:30 AM in Department 68
Jury Trial (Jury Trial; Jury Sworn) -

**02/24/2017** at 08:30 AM in Department 68
Final Status Conference - **Held**

**09/26/2016** at 09:30 AM in Department 68
Jury Trial (Jury Trial; Advanced to a Previous Date) -

**09/16/2016** at 08:30 AM in Department 68
Final Status Conference (Final Status Conference; Matter continued) -

**09/12/2016** at 08:30 AM in Department 68
Ex-Parte Proceedings (Exparte proceeding; Denied) -

**08/24/2016** at 08:30 AM in Department 68
Hearing on Motion for Summary Judgment (Motion for Summary Judgment; Denied) -

**08/22/2016** at 08:30 AM in Department 68
Hearing on Motion for Summary Judgment (Motion for Summary Judgment; Continued by Court) -

**08/11/2016** at 08:30 AM in Department 68
Hearing on Motion for Sanctions (Motion for Sanctions; Denied) -

**07/15/2016** at 08:30 AM in Department 68
Unknown Event Type - **Held - Motion Granted**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   05/09/2016

**05/09/2016** at 09:30 AM in Department 68
Jury Trial

**04/29/2016** at 08:30 AM in Department 68
Final Status Conference

**03/24/2016** at 08:30 AM in Department 68
(Motion to Quash; Off Calendar) -

**03/09/2016** at 08:30 AM in Department 68
Ex-Parte Proceedings - **Held - Motion Granted**

**03/01/2016** at 08:30 AM in Department 68
Hearing on Demurrer - without Motion to Strike (Hearing on Demurrer; Sustained) -

**02/16/2016** at 08:30 AM in Department 68
Unknown Event Type

**01/29/2016** at 08:30 AM in Department 68
Unknown Event Type

**12/23/2015** at 08:30 AM in Department 68
Hearing on Demurrer - without Motion to Strike (Hearing on Demurrer; Overruled) -

**12/10/2015** at 08:30 AM in Department 68
Unknown Event Type - **Held - Motion Granted**

**11/05/2015** at 08:30 AM in Department 68
Unknown Event Type - **Held - Motion Granted**

**08/24/2015** at 08:30 AM in Department 68
Hearing on Demurrer - without Motion to Strike (Hearing on Demurrer; Sustained) -

**06/22/2015** at 08:30 AM in Department 68
Case Management Conference (Conference-Case Management; Trial Date Set) -

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   05/09/2016

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
03/17/2017   09/09/2016   07/08/2016   12/31/2015   08/26/2015

**08/11/2017** NOTICE TO REPORTER TO PREPARE TRANSCRIPT ON APPEAL PER CRC RULE 8.124

**07/31/2017** NOTICE TO REPORTER TO PREPARE TRANSCRIPT ON APPEAL PER CRC RULE 8.124

**07/21/2017** at 08:30 AM in Department 68
Unknown Event Type - **Held - Motion Granted**

**07/21/2017** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant and Cross-Complainant

**07/21/2017** Minute Order

**07/21/2017** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**07/14/2017** REPLY BRIEF IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION TO STRIKE PLAINTIFF AND CROSS- DEFENDANT AARON KAUFMAN'S MEMORANDUM OF COSTS, OR IN THE ALTERNATIVE, TO TAX COSTS

A-23

**07/14/2017** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**07/14/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/14/2017** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/14/2017** SUPPLEMENTAL DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF REPLY BRIEF ISO DEFENDANT AND CROSS-COMPLAINANT
CALIFORNIA PHYSICIAN'S SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION TO STRIKE PLAINTIFF AND CROSS-DEFENDANT AARON
KAUFMAN'S MEMORANDUM OF COSTS,

**07/14/2017** Brief (name extension)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/14/2017** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT AND CROSS-DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION TO TAX COSTS

**07/14/2017** Proof of Service

**07/11/2017** at 08:30 AM in Department 68
Unknown Event Type

**07/10/2017** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO
PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER TO STRIKE/FAX COSTS

**07/10/2017** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/10/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/10/2017** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/10/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE,
D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO AARON KAUFMAN'S MOTION FOR AN ORDER TO STRIKE/TAX COSTS

**07/10/2017** PROOF OF SERVICE

**06/30/2017** Notice
Filed by Aaron Kaufman (Plaintiff)

**06/30/2017** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND OPPOSITION TO DEFENDANT AND ETC

**06/29/2017** Order
Filed by Plaintiff/Petitioner

**06/29/2017** Stipulation
Filed by Plaintiff/Petitioner

**06/29/2017** ORDER GRANTING PARTIES' STIPULATION TO CONTINUE PLAINTIFF AARON KAUFMAN'S MOTION TO TAX COSTS TO SAME DAY AS
DEFENDANT BLUE SHIELD'S MOTION TO TAX COSTS.

**06/29/2017** STIPULATION TO CONTINUE PLAINTIFF AARON KAUFMAN'S MOTION TO TAX COSTS TO SAME DAY AS DEFENDANT BLUE SHIELD'S
MOTION TO TAX COSTS; ORDER.

**06/13/2017** Notice
Filed by Clerk

**06/13/2017** NOTICE OF DEFAULT (UNLIMITED CIVIL APPEALS)

**06/12/2017** APPELLANT'S NOTICE DESIGNATING RECORD ON APPEAL (UNLIMITED CIVIL CASE)

**06/12/2017** Notice of Designation of Record
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/05/2017** Ntc to Attorney re Notice of Appeal
Filed by Clerk

**06/05/2017** NOTICE OF FILING OF NOTICE OF APPEAL (UNLIMITED JURISDICTION)

**06/02/2017** NOTICE OF APPEAL/CROSS-APPEAL

**06/02/2017** Notice of Appeal
Filed by California Physicians' Service (Defendant)

**06/01/2017** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS'
SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION TO STRIKE PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MEMORANDUM OF
COSTS, OR IN THE ALTERNATIVE,

**06/01/2017** Points and Authorities
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/01/2017** Motion to Strike
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

A-24

**06/01/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION TO STRIKE PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MEMORANDUM OF COSTS, OR IN THE ALTERNATIVE, TO TA

**06/01/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION TO STRIKE PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MEMORANDUM OF COSTS, OR IN THE ALTERNATIVE, TO TAX COSTS

**06/01/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**05/17/2017** Ntc to Attorney re Notice of Appeal
Filed by Clerk

**05/17/2017** NOTICE OF FILING OF NOTICE OF APPEAL (UNLIMITED JURISDICTION)

**05/17/2017** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER TO STRIKE/TAX DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MEMORANDUM OF COSTS; ETC.

**05/17/2017** Motion to Strike
Filed by Aaron Kaufman (Plaintiff)

**05/15/2017** Memorandum of Costs
Filed by Plaintiff/Petitioner

**05/15/2017** MEMO COSTS SUMMARY

**05/15/2017** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF APPEAL; NOTICE OF ELECTION TO PROCEED UNDER CRC 8.120(A)(1)(B), APPENDIX UNDER CRC 8.124; ETC.

**05/15/2017** Notice of Appeal
Filed by Aaron Kaufman (Plaintiff)

**05/02/2017** MEMORANDUM OF COSTS (SUMMARY)

**05/02/2017** Memorandum of Costs
Filed by Defendant/Respondent

**04/27/2017** at 08:30 AM in Department 68
(Order to Show Cause; OSC Discharged) -

**04/27/2017** Minute Order

**04/14/2017** NOTICE OF ENTRY OF JUDGMENT OR ORDER

**04/14/2017** Notice
Filed by Blue Shield of California (Legacy Party)

**04/05/2017** Judgment
Filed by Defendant/Respondent

**04/05/2017** JUDGMENT ON JURY VERDICT

**03/20/2017** CIVIL DEPOSIT

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  03/17/2017  09/09/2016  07/08/2016  12/31/2015  08/26/2015

**03/17/2017** at 08:30 AM in Department 68
(Trial Previously Started; Verdict Reached) -

**03/17/2017** JUROR REQUEST FORM

**03/17/2017** SPECIAL VERDICT FORM

**03/17/2017** Jury Instructions
Filed by Court

**03/17/2017** Special Verdict
Filed by Court

**03/17/2017** Jury Question
Filed by Court

**03/17/2017** Minute Order

**03/17/2017** Minute Order

**03/17/2017** SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES JURY INSTRUCTIONS COVER PAGE

**03/17/2017** CIVIL DEPOSIT

**03/16/2017** at 08:30 AM in Department 68
(Trial Previously Started; Jury Deliberating) -

**03/16/2017** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

A-25

**03/16/2017** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/16/2017** DFFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A/ BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED
PROPOSED SPECIAL VERDICT FORM FOR PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN

**03/16/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR
DIRECTED VERDICT ON PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S CLAIM FOR FAILURE TO PAY INCENTIVE BONUS

**03/16/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/16/2017** Motion for an Order
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/16/2017** Minute Order

**03/16/2017** CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S THIRD AMENDED PROPOSD JURY INSTRUCTIONS

**03/16/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE
DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR DIRECTED VERDICT ON PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S CLAIM FOR
FAILURE TO PAY INCENTIVE BON

**03/15/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/15/2017** Minute Order

**03/14/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/14/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR
NONSUIT

**03/14/2017** Minute Order

**03/14/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE
DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR NONSUIT

**03/14/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/13/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/13/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/13/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR
DIRECTED VERDICT

**03/13/2017** Motion for an Order
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/13/2017** CIVIL DEPOSIT

**03/13/2017** CIVIL DEPOSIT

**03/13/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE
DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR DIRECTED VERDICT

**03/13/2017** Minute Order

**03/09/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/09/2017** Minute Order

**03/08/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/08/2017** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**03/08/2017** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**03/08/2017** Minute Order

**03/07/2017** at 09:30 AM in Department 68
(Trial Previously Started; Full Day of Trial Held) -

**03/07/2017** PLAINTIFFS' SECOND AMENDED REQUEST FOR JURY INSTRUCTIONS. [NON-JOINT]

**03/07/2017** MEMORANDUM RE PLAINTIFF'S NOTICE TO APPEAR

**03/07/2017** Minute Order

**03/07/2017** NOTICE OF CONDITIONAL SETTLEMENT AS TO PLAINTIFFS SAISHA MASAND AND MICHAEL THOMAS

A-26

**03/07/2017** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/07/2017** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**03/06/2017** at 09:30 AM in Department 68
Jury Trial (Jury Trial; Jury Sworn) -

**03/06/2017** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**03/06/2017** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**03/06/2017** Brief (name extension)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/06/2017** Notice of Settlement
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/06/2017** Exhibit List
Filed by Aaron Kaufman (Plaintiff)

**03/06/2017** Statement of the Case
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/06/2017** CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S SECOND AMENDED PROPOSED JURY INSTRUCTIONS

**03/06/2017** BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED PROPOSED JOINT STATEMENT OF TILE CASE

**03/06/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S TRIAL BRIEF

**03/06/2017** PLAINTIFFS' FIRST AMENDED LIST OF TRIAL EXHIBITS

**03/06/2017** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/06/2017** Minute Order

**03/03/2017** PLAINTIFFS' FIRST AMENDED REQUEST FOR JURY INSTRUCTIONS. [NON-JOINT]

**03/03/2017** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**02/27/2017** PLAINTIFFS AARON KAUFMAN. MICHAEL THOMAS AND SAISHA MASANDS OPPOSITION TO DEFENDANT CALIFORN1A PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 13

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 7

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 11

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 8

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.2

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.12

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.10

**02/27/2017** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 6

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CAL TFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 5

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 9

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.3

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 1

**02/27/2017** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS'
SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 4

**02/24/2017** at 08:30 AM in Department 68
Final Status Conference - **Held**

**02/24/2017** Minute Order

**02/17/2017** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF BLUE SHIELD'S MOTIONS IN LIMINE NOS.12 AND 13

**02/17/2017** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**02/17/2017** Exhibit List
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**02/17/2017** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S LIST OF TRIAL EXHIBITS (AMENDED)

**02/17/2017** CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S PROPOSED JURY INSTRUCTIONS

**02/17/2017** BLUE SHIELD'S MOTION IN LIMINE NO.12 ETC.

**02/17/2017** BLUE SHIELD'S MOTION IN LIMINE NO.13 ETC.

**02/17/2017** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**02/17/2017** Motion in Limine
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/26/2016** at 09:30 AM in Department 68
Jury Trial (Jury Trial; Advanced to a Previous Date) -

**09/20/2016** Notice
Filed by Aaron Kaufman (Plaintiff)

**09/20/2016** NOTICE OF NEW FINAL STATUS DATE; ETC.

**09/19/2016** Notice of Ruling
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/19/2016** NOTICE OF RULING RE CONTINUANCE OF TRIAL DATE

**09/16/2016** at 08:30 AM in Department 68
Final Status Conference (Final Status Conference; Matter continued) -

**09/16/2016** Ex-Parte Application
Filed by Defendant and Cross-Complainant

**09/16/2016** Declaration
Filed by Defendant and Cross-Complainant

**09/16/2016** CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S EX PARTE APPLICATION FOR AN ORDER CONTINUING THE TRIAL DATE TO NOVEMBER 7, 2016; DECLARATION OF SHARON B. BAUMAN IN SUPPORT THEREOF

**09/16/2016** DECLARATION OF SHARON B. BAUMAN IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD'S EX PARTE TO CONTINUE TRIAL DATE TO NOVEMBER 7, 2016

**09/16/2016** Minute Order

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 7

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 12

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 10

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 20

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 6

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 23

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 5

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 8

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 17

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 21

A-28

Case 2:18-cv-00844-ODW-MRW   Document 30-9   Filed 12/21/18   Page 30 of 123   Page ID #:1373

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 14

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 24

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 25

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 16

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 9

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 26

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN L1MINE NO. 22

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 19

**09/15/2016** Proof of Service

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 15

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 11

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 13

**09/15/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 2

**09/15/2016** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/15/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/15/2016** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/14/2016** Notice of Ruling
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/14/2016** NOTICE OF RULING RE DEFENDANT AND CROSS- COMPLAINANT BLUE SHIELD'S EX PARTE APPLICATION TO SHORTEN TIME TO HEAR ITS MOTION TO COMPEL PLAINTIFFS' FURTHER RESPONSES TO SPECIAL INTERROGATORIES AND REQUEST FOR PRODUCTION; OR ALTERNATIVELY TO PERMIT A HEARING

**09/12/2016** at 08:30 AM in Department 68
Ex-Parte Proceedings (Exparte proceeding; Denied) -

**09/12/2016** PROOF OF SERVICE

**09/12/2016** Declaration
Filed by Defendant and Cross-Complainant

**09/12/2016** Ex-Parte Application
Filed by Defendant and Cross-Complainant

**09/12/2016** PROOF OF SERVICE

**09/12/2016** Minute Order

**09/12/2016** PROOF OF SERVICE

**09/12/2016** DEFENDANT AND CROSS- COMPLAINANT BLUE SHIELD'S EX PARTE APPLICATION TO SHORTEN TIME ON A MOTION TO COMPEL PLAINTIFFS KAUFMAN'S, THOMAS', AND MASAND'S RESPONSES TO SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS; OR IN THE ALTERNATIVE, PER

**09/12/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

09/12/2016 DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD'S EX PARTE TO SHORTEN TIME ON A MOTION TO COMPEL PLAINTIFFS KAUFMAN'S, THOMAS', AND MASAND'S RESPONSES TO SPECIAL INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUM

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  03/17/2017  09/09/2016  07/08/2016  12/31/2015  08/26/2015

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.7.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 22.; ETC.

09/09/2016 PLAINTIFFS' BRIEF STATEMENT OF THE CASE.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.13.; ETC.

09/09/2016 DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO ANY OTHER LEGAL ACTION INVOLVING BLUE SHIELD, INCLUDING THE JOHNSON ACTION

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.8.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.12.; ETC.

09/09/2016 PLAINTIFFS' AND DEFENDANT'S PROPOSED JOINT JURY INSTRUCTIONS

09/09/2016 BLUE SHIELD OF CALIFORNIA'S PROPOSED JOINT STATEMENT OF THE CASE

09/09/2016 DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 6 TO PRECLUDE AS A TRIAL WITNESS BLUE SHIELD'S GENERAL COUNSEL SETH JACOBS

09/09/2016 CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S PROPOSED JURY INSTRUCTIONS

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.3.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.4.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 25.; ETC.

09/09/2016 PLAINTIFFS' REQUEST FOR JURY INSTRUCTIONS.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND"S MOTION IN LIMINE NO.1.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.11.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.14.; ETC.

09/09/2016 PLAINTIFFS' LIST OF TRIAL EXHIBITS.

09/09/2016 DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE OF ANY ALLEGED BENEFITS THAT MICHAEL MATHIAS RECEIVED FROM ANY VENDOR OTHER THAN MBI SOLUTIONS

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 26.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.2.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.5.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 23.; ETC.

09/09/2016 DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE, ARGUMENT, OR REFERENCE TO BLUE SHIELD'S ALLEGED ROLE IN CREATING OR CONTRIBUTING TO "AMERICA'S HEALTHCARE CRISIS"

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.10.; ETC.

09/09/2016 DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE RE: THE REVOCATION OF BLUE SHIELD'S TAX EXEMPT STATUS

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.9.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 19.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 21.; ETC.

09/09/2016 JOINT LIST OF TRIAL EXHIBITS.

09/09/2016 DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.10 TO BAR PLAINTIFFS FROM INTRODUCING EVIDENCE OR ARGUMENT THAT BLUE SHIELD'S CROSS-COMPLAINT AND/OR PRESS RELEASES AND NEWS ARTICLES REG

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.17.; ETC.

09/09/2016 PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 20.; ETC.

09/09/2016 DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 8 TO PRECLUDE AS A TRIAL WITNESS BLUE SHIELD'S PRESIDENT AND CHIEF EXECUTIVE OFFICER PAUL MARKOVICH

09/09/2016 DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO.9 TO EXCLUDE ALL EVIDENCE NOT DISCLOSED OR PRODUCED BY PLAINTIFFS DURING DISCOVERY

A-30

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN LIMINE NO. 5 TO BIFURCATE LIABILITY AND PUNITIVE DAMAGES PHASES OF TRIAL

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.15.; ETC.

**09/09/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTIONS IN LIMINE NOS. 1 THROUGH 11

**09/09/2016** JOINT TRIAL WITNESS LIST

**09/09/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE. D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION IN, LIMINE NO. 1 TO PRECLUDE REFERENCES TO THE SIZE, WEALTH, PROFITS OR STATUS OF BLUE SHIELD OF CALIFORNIA

**09/09/2016** Exhibit List
Filed by Aaron Kaufman (Plaintiff); California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff); California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Witness List
Filed by Aaron Kaufman (Plaintiff); California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Motion in Limine
Filed by Aaron Kaufman (Plaintiff)

**09/09/2016** Exhibit List
Filed by Aaron Kaufman (Plaintiff)

**09/09/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**09/09/2016** Declaration
Filed by Aaron Kaufman (Plaintiff)

**09/09/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** Motion in Limine
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/09/2016** DECLARATION OF DAVID PETER CWIKLO FILED IN SUPPORT OF PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NOS. 1-26.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.6.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO.16.; ETC.

**09/09/2016** PLAINTIFFS AARON KAUFMAN, MICHAEL THOMAS AND SAISHA MASAND'S MOTION IN LIMINE NO. 24.; ETC.

**09/03/2016** Statement of the Case
Filed by Aaron Kaufman (Plaintiff)

**08/25/2016** Notice of Ruling
Filed by Aaron Kaufman (Plaintiff)

**08/25/2016** Notice of Ruling
Filed by Plaintiff/Petitioner

**08/25/2016** NOTICE OF RULING REGARDING DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AS TO PLAINTIFF AND CR0SS-DEFENDANT AARON KAUFMAN.

**08/25/2016** NOTICE OF RULING REGARDING DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AS TO PLAINTIFF SAISHA MASAND.

**08/25/2016** NOTICE OF RULING REGARDING DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION AS TO PLAINTIFF MICHAEL THOMAS.

**08/25/2016** Notice of Ruling
Filed by Plaintiff/Petitioner

**08/24/2016** at 08:30 AM in Department 68
Hearing on Motion for Summary Judgment (Motion for Summary Judgment; Denied) -

**08/24/2016** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**08/24/2016** Minute Order

**08/24/2016** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

A-31

**08/23/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/23/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/23/2016** NOTICE OF RULING REGARDING DENIAL OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS.

**08/23/2016** PLAINTIFF SAISHA MASAND'S OBJECTION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S REPLY SEPARATE STATEMENT.

**08/23/2016** PLAINTIFF MICHAEL THOMAS' OBJECTION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S REPLY SEPARATE STATEMENT.

**08/23/2016** Notice of Ruling
Filed by Plaintiff/Petitioner

**08/22/2016** at 08:30 AM in Department 68
Hearing on Motion for Summary Judgment (Motion for Summary Judgment; Continued by Court) -

**08/22/2016** Minute Order

**08/19/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S EVIDENTIARY OBJECTIONS TO DECLARATION OF DAVID P. CWIKLO AND EXHIBITS THERETO FILED IN SUPPORT OF PLAINTIFF SAISHA MASAND'S OPPOSITION TO MOTION FOR SUMMARY J

**08/19/2016** Proof of Service

**08/19/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S OBJECTIONS TO PLAINTIFF SAISHA MASAND'S REQUEST FOR JUDICIAL NOTICE

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** REPLY SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAI

**08/19/2016** REPLY OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA TO PLAINTIFF MICHAEL THOMAS/ EVIDENTIARY OBJECTIONS TO DECLARATIONS AND ETC

**08/19/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S EVIDENTIARY OBJECTIONS TO DECLARATION OF DAVID P. CWIKLO AND ETC

**08/19/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S OBJECTIONS TO PLAINTIFF MICHAEL THOMAS' REQUEST FOR JUDICIAL NOTICE

**08/19/2016** PROOF OF SERVICE

**08/19/2016** REPLY DECLARATION OF SHARON B. BAUMAN IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/19/2016** REPLY SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS LEN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE,
D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ETC

**08/19/2016** REPLY TO PLAINTIFF SAISHA MASAND'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF
CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT, OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF'S CLAIMS

**08/19/2016** REPLY OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA TO
PLAINTIFF SAISHA MASAND'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT/SUMMARY A

**08/19/2016** REPLY DECLARATION OF SHARON B. BAUMAN IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD
OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA
MASAND'S CLAIMS

**08/18/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/18/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S OBJECTION TO DEFENDANT AND CROSS-COMPLAINANT ETC.

**08/17/2016** REPLY OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS SERVICE, DFB/A BLUE SHIELD OF CALIFORNIA TO
PLAINTIFF AARON KAUFMAN S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT S MOTION FOR
SUMMARY JUDGMENT/SUMMARY

**08/17/2016** REPLY SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS SERVICE
DLBLA BLUE SHIELD OF CALIFORNIA S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON
PLAINTIFF S CLAIMS AND DEFENDAN

**08/17/2016** REPLY DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS SERVICE D/B/A BLUE SHIELD OF
CALIFORNIA S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF S CLAIMS AND
DEFENDANT S CROSS-CLAIMS

**08/17/2016** REPLY TO PLAINTIFF AARON KAUFMAN'S OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DIBLA BLUE SHIELD OF
CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT, OR, ETC

**08/17/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S EVIDENTIARY
OBJECTIONS TO DECLARATION OF DAVID P. CWIKLO AND EXHIBITS THERETO FILED IN SUPPORT OF PLAINTIFF AND CROSS-DEFENDANT AARON
KAUFMAN'S OPPOSITION TO

**08/17/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Proof of Service

**08/17/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/17/2016** DEFENDANT AND CROSSCOMPLAINANT CALIFORNIA PHYSICIANS SERVICE DFB/A BLUE SHIELD OF CALIFORNIA S OBJECTIONS TO
PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN S REQUEST FOR JUDICIAL NOTICE

**08/17/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/12/2016** PLAINTIFF MICHAEL THOMAS' REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE 452.

**08/12/2016** PLAINTIFF MICHAEL THOMAS' EXHIBITS FILED N SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY
ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/12/2016** PLAINTIFF MICHAEL THOMAS' NOTICE OF AND OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD
OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAVID PETER CWIKLO AND E

**08/12/2016** PLAINTIFF MICHAEL THOMAS EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT
CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION.

**08/12/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**08/12/2016** PLAINTIFF MICHAEL THOMAS' SEPARATE STATEMENT OF DISPUTED FACTS FILED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/12/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/12/2016** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**08/12/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/12/2016** PLAINTIFF MICHAEL THOMAS' EXHIBITS FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/12/2016** PLAINTIFF MICHAEL THOMAS' APPENDIX OF AUTHORITIES FIELD IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDCIMENT/ SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/12/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/11/2016** at 08:30 AM in Department 68
Hearing on Motion for Sanctions (Motion for Sanctions; Denied) -

**08/11/2016** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**08/11/2016** Minute Order

**08/11/2016** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**08/10/2016** PLAINTIFF SAISHA MASAND'S EXHIBITS FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION ETC.

**08/10/2016** PLAINTIFF SAISHA MASAND'S EXHIBITS FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION ETC.

**08/10/2016** PLAINTIFF SAISHA MASAND'S NOTICE OF AND OPPOSITION TO DEFENDANT CALIFORNIA PHYSICIANS PHYSICIANS SERVICE DBA BLUE SHIELD OF CALIFORNIA S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION; ETC.

**08/10/2016** PLAINTIFF SAISHA MASAND'S SEPARATE STATEMENT OF DISPUTED FACTS FILED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION ETC.

**08/10/2016** PLAINTIFF SAISHA MASAND'S APPENDIX OF AUTHORITIES FIELD IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT ETC.

**08/10/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/10/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/10/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/10/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**08/10/2016** PLAINTIFF SAISHA MASAND'S REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE 452

**08/10/2016** PLAINTIFF SAISHA MASAND'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS SERVICE DBA BLUE SHIELD OF CALIFORNIA S MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION.

**08/10/2016** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND OPPOSITION TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION; ETC

**08/08/2016** PLATNTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S APPENDIX OF AUTHORITIES FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA

**08/08/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EXHIBITS FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA

**08/08/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CAUFORNIA PHYSICIANS' SERVICE DBA BLUE SHWLD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICA

A-34

**08/08/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE SECTION 452.

**08/08/2016** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**08/08/2016** PLAINTIFF AND CROSS DEFENDANT AARON KAUFMAN'S SEPARATE STATEMENT OF DISPUTED FACTS FILED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/08/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EXHIBITS FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**08/05/2016** Notice
Filed by Defendant and Cross-Complainant

**08/05/2016** NOTICE OF RESCHEDULED HEARING FOR DEFENDANT BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS

**08/04/2016** Reply/Response
Filed by California Physicians' Service (Defendant)

**08/04/2016** CIVIL DEPOSIT

**08/04/2016** REPLY DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA S MOTION FOR MONETARY, EVIDENTIARY, AND ETC.

**08/04/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/04/2016** REPLY DECLARATION OF KEVIN COHEN IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA S MOTION ETC.

**08/04/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/04/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF AARON KAUFMAN S OBJECTIONS TO MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTI

**08/04/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA REPLY TO PLAINTIFF AARON KAUFMAN'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND ETC.

**08/04/2016** REPLY DECLARATION OF MARK MENZ IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY, AND ETC.

**08/04/2016** Proof of Service

**08/04/2016** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/04/2016** DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION FOR MONETARY, ETC.

**07/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND OPPOSITION TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS;

**07/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EXHIBITS FILED IN SUPPORT OF OPPOSITION TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS.

**07/29/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**07/29/2016** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**07/29/2016** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**07/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE 452.

**07/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS FILED IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMI

**07/22/2016** Notice
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/22/2016** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF ERRATA TO MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON

A-35

KAUFMAN AND CWIKLO LAW FIRM

**07/15/2016** at 08:30 AM in Department 68
Unknown Event Type - **Held - Motion Granted**

**07/15/2016** Order
Filed by Defendant and Cross-Complainant

**07/15/2016** ORDER GRANTING DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.

**07/15/2016** Minute Order

**07/15/2016** NOTICE OF CONTINUANCE OF HEARING FOR DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND CWIKLO LAW FIRM

**07/13/2016** CIVIL DEPOSIT

**07/12/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND

**07/12/2016** DECLARATION OF MICHAEL MATHIAS IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY, AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN

**07/12/2016** PROOF OF SERVICE

**07/12/2016** DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S NOTICE OF AND MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND CWIKLO LAW FIRM

**07/12/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/12/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/12/2016** Points and Authorities
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/12/2016** DECLARATION OF KEVIN COHEN IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY, AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND

**07/12/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND

**07/12/2016** Motion for Sanctions
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/12/2016** DECLARATION OF MARK MENZ IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY, AND TERMINATING SANCTIONS AGAINST PLAINTIFF' AND CROSS-DEFENDANT AARON KAUFMAN AND CW

**07/12/2016** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY, AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND CWIKLO LAW FIRM

**07/12/2016** DECLARATION OF KEITH COLLINS IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR MONETARY, EVIDENTIARY AND TERMINATING SANCTIONS AGAINST PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN AND

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  03/17/2017  09/09/2016  07/08/2016  12/31/2015  08/26/2015

**07/08/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/08/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/08/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**07/08/2016** SEPARATE STATEMENT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS', D/B/A BLUE SHIELD OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE

**07/08/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE

A-36

**07/08/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S REPLY IN SUPPORT OF MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE

**07/01/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**07/01/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S OPPOSITION TO DEFENDANT AND ETC.

**07/01/2016** Opposition Document
Filed by Aaron Kaufman (Plaintiff)

**07/01/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S OPPOSITION TO DEFENDANT AND ETC.

**06/10/2016** APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS VOLUME 1 OF 2 (EXHS. A-C AND 1

**06/10/2016** APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS VOLUME 2 OF 2 (EXHS. 9-65)

**06/10/2016** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DIBLA BLUE SHIELD OF CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES TN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS'

**06/10/2016** PROOF OF SERVICE

**06/10/2016** SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS

**06/10/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS

**06/10/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/10/2016** SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS

**06/10/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS

**06/10/2016** Motion for Summary Judgment
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/10/2016** Points and Authorities
Filed by Defendant/Respondent

**06/10/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/10/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/10/2016** PROOF OF SERVICE

**06/10/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF SAISHA MASAND'S CLAIMS

**06/10/2016** APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS VOLUME 2 OF 2 (EXHS. 9-65)

**06/10/2016** APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF MICHAEL THOMAS' CLAIMS VOLUME 1 OF 2 (EXHS. A-C AND 1

**06/08/2016** Proof of Service

**06/08/2016** Points and Authorities
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/08/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/08/2016** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**06/08/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

A-37

**06/08/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF'S CLAIMS AND DEFENDANT'S CROSS-CLAIMS

**06/08/2016** APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF'S CLAIMS AND DEFENDANT'S CROSS-CLAIMS

**06/08/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF'S CLAIMS AND DEFENDANT S CROSS-CLAIMS

**06/08/2016** SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT CALIFORNIA PHYSICIANS SERVICE DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION OF ISSUES ON PLAINTIFF'S CLAIMS AND DEFENDANT'S CROSS-CLAIMS

**06/08/2016** Motion for Summary Judgment
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**05/27/2016** Motion to Compel
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**05/27/2016** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**05/27/2016** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.; MEMORANDUM

**05/27/2016** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DFBA/ BLUE SHIELD OF CALIFORNIA'S MOTION TO COMPEL RESPONSES TO SUBPOENA TO J.P. MORGAN CHASE BANK

**05/27/2016** SEPARATE STATEMENT IN SUPPORT OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S MOTION FOR ORDER COMPELLING RESPONSES TO SUBPOENA FOR BUSINESS RECORDS TO J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.

**05/09/2016** at 09:30 AM in Department 68
Jury Trial

**04/29/2016** at 08:30 AM in Department 68
Final Status Conference

**03/27/2016** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/24/2016** at 08:30 AM in Department 68
(Motion to Quash; Off Calendar) -

**03/24/2016** Minute Order

**03/15/2016** Motion for an Order
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**03/11/2016** Notice
Filed by Aaron Kaufman (Plaintiff)

**03/11/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF TAKING MOTION TO QUASH SUBPOENA OF APPLE INC. OFF CALENDAR

**03/09/2016** at 08:30 AM in Department 68
Ex-Parte Proceedings - **Held - Motion Granted**

**03/09/2016** Ex-Parte Application
Filed by Defendant/Respondent

**03/09/2016** Order
Filed by Defendant and Cross-Complainant

**03/09/2016** Minute Order

**03/01/2016** at 08:30 AM in Department 68
Hearing on Demurrer - without Motion to Strike (Hearing on Demurrer; Sustained) -

**03/01/2016** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**03/01/2016** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**03/01/2016** Minute Order

**02/23/2016** DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S REPLY IN SUPPORT OF DEMURRER TO PLAINTIFFS MICHAEL THOMAS' AND SAISHA MASAND'S FIRST AMENDED COMPLAINT

**02/23/2016** Reply/Response
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**02/19/2016** CIVIL DEPOSIT

**02/16/2016** at 08:30 AM in Department 68
Unknown Event Type

**02/03/2016** Notice
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**02/03/2016** NOTICE OF RESCHEDULED HEARING OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE, U/B/A BLUE SHIELD OF CALIFORNIA'S DEMURRER TO PLAINTIFFS MICHAEL THOMAS' AND SAISHA MASAND'S FIRST AMENDED) COMPLAINT

**02/03/2016** PROOF OF SERVICE (CIVIL)

**01/29/2016** at 08:30 AM in Department 68
Unknown Event Type

**01/29/2016** Points and Authorities
Filed by Aaron Kaufman (Plaintiff)

**01/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S AMENDED AND SUPPLEMENTAL SEPARATE STATEMENT OF DISCOVERY ITEMS IN DISPUTE RE: DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.

**01/29/2016** AMENDED AND SUPPLEMENTAL DECLARATION OF DAVID PETER CWIKLO FILED IN SUPPORT OF MOTION TO QUASH DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.

**01/29/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**01/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S AMENDED AND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH SUBPOENA OF APPLE INC., AMENDED AND SUPPLEMENTAL DECLARATION OF DAVID PETER CWIKLO AND EXHIBITS FILED IN SUPPORT THER

**01/29/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S SUPPLEMENTAL APPENDIX OF AUTHORITIES FILED IN SUPPORT OF MOTION FOR AN ORDER TO QUASH DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.

**01/29/2016** Declaration
Filed by Aaron Kaufman (Plaintiff)

**01/29/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**01/21/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S SEPARATE STATEMENT OF OBJECTIONS AND RESPONSE TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE 1NC.

**01/21/2016** Motion to Quash
Filed by Aaron Kaufman (Plaintiff)

**01/21/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**01/21/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S APPENDIX OF AUTHORITIES FILED IN SUPPORT OF MOTION FOR AN ORDER TO QUASH DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.

**01/21/2016** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER TO QUASH DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST F

**01/21/2016** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**01/14/2016** Proof of Service

**01/14/2016** Proof of Service (not Summons and Complaint)
Filed by Plaintiff/Petitioner

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP  03/17/2017  09/09/2016  07/08/2016  12/31/2015  08/26/2015

**12/31/2015** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S, NONPARTY PAUL MARKOVICH'S, AND NONPARTY MICHAEL MATHIAS' (1) MOTION TO QUASH PLAINTIFF AND CROSS- DEFENDAN

**12/31/2015** DECLARATION OF PHILIP I. PERSON IN SUPPORT OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S, NONPARTY PAUL MARKOVICH'S, AND NONPARTY MICHAEL MATHIAS' (1) MOTION TO QUASH PLAINTIFF AND CROSS-DEFENDANT AARO

**12/31/2015** Points and Authorities
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/31/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/31/2015** DECLARATION OF PATT].E EGAN IN SUPPORT OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S, NONPARTY PAUL MARKOVICH'S, AND NONPARTY MICHAEL MATHIAS' (1) MOTION TO QUASH PLAINTIFF AND CROSS-DEFENDANT AARON KA

A-39

**12/31/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/31/2015** Motion to Quash
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/31/2015** NOTICE OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA'S, NONPARTY PAUL MARKOVICH'S, AND NONPARTY MICHAEL MATHIAS' (1) MOTION TO QUASH PLAINTIFF AND CROSS- DEFENDANT AARON KAUFMAN'S DEPOSITION SUBPOENA FOR

**12/30/2015** NOTICE OF RULING REGARDING PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED CROSS-COMPLAINT.

**12/30/2015** NOTICE OF RULING REGARDING PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION TO STRIKE DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED CROSS-COMPLAINT

**12/30/2015** Answer
Filed by Aaron Kaufman (Plaintiff)

**12/30/2015** NOTICE OF RULING REGARDING MOTION TO CONSOLIDATE CASES

**12/30/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S ANSWER TO UNVERIFIED COMPLAINT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA

**12/30/2015** Notice of Ruling
Filed by Aaron Kaufman (Plaintiff)

**12/23/2015** at 08:30 AM in Department 68
Hearing on Demurrer - without Motion to Strike (Hearing on Demurrer; Overruled) -

**12/23/2015** Minute Order

**12/23/2015** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**12/23/2015** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**12/18/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S SEPARATE STATEMENT OF OBJECTIONS AND RESPONSE TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE

**12/18/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER TO QUASH DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS SERVICE DBA BLUE SHIELD OF CALIFORNIA'S SUBPOENA OF APPLE INC.; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST F

**12/18/2015** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**12/18/2015** Motion to Quash
Filed by Aaron Kaufman (Plaintiff)

**12/16/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**12/16/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO OPPOSITION TO MOTION FOR AN ORDER TO CONSOLIDATE CASES.

**12/16/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO OPPOSITION TO DEMURRER TO FIRST AMENDED CROSS-COMPLAINT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**12/16/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO OPPOSITION TO MOTION TO STRIKE FIRST AMENDED CROSS-COMPLAINT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA.

**12/16/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**12/16/2015** NOTICE OF RELATED CASES; NOTICE OF CASE MANAGEMENT CONFERENCE.

**12/16/2015** NOTICE OF RELATED CASES

**12/16/2015** Notice of Related Case
Filed by Aaron Kaufman (Plaintiff)

**12/10/2015** at 08:30 AM in Department 68
Unknown Event Type - **Held - Motion Granted**

**12/10/2015** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIAN' SERVICE INC., D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER TO CONSOLIDATE CASES

**12/10/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/10/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**12/10/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

A-40

**12/10/2015** DEFENDANT AND CROSSCOMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER TO STRIKE FIRST AMENDED CROSS-COMPLAINT

**12/10/2015** DECLARATION OF SHARON B. BAUMAN IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, DLBLA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER TO CONSOLIDATE CASES

**12/10/2015** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S DEMURRER TO BLUE SHIELD OF CALIFORNIA S FIRST AMENDED CROSS-COMPLAINT

**12/10/2015** Minute Order

**11/23/2015** Motion to Consolidate
Filed by Aaron Kaufman (Plaintiff)

**11/23/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION TO CONSOLIDATE CASES; ETC.

**11/20/2015** NOTICE OF RULING REGARDING PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN S MOTION FOR AN ORDER COMPELLING INSPECTION OF LAPTOP.

**11/20/2015** Notice of Ruling
Filed by Aaron Kaufman (Plaintiff)

**11/18/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT AND CROSS- COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO NOTICE OF RELATED CASE

**11/18/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**11/16/2015** DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF RELATED CASE

**11/16/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**11/06/2015** NOTICE OF RELATED CASE

**11/06/2015** Notice of Related Case
Filed by Aaron Kaufman (Plaintiff)

**11/05/2015** at 08:30 AM in Department 68
Unknown Event Type - **Held - Motion Granted**

**11/05/2015** ORDER APPOINTING COURT APPROVED REPORTER AS OFFICIAL REPORTER PRO TEMPORE

**11/05/2015** Minute Order

**11/05/2015** Order Appointing Court Approved Reporter as Official Reporter Pro Tempore
Filed by Defendant/Respondent

**11/02/2015** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**11/02/2015** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OBJECTIONS TO REPLY DECLARATION OF AARON KAUFMAN

**10/29/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARK MENZ FILED IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO MOTION TO COMPEL INSPECTION O

**10/29/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO MOTION TO COMPEL INSPECTION OF LAPTOP; DECLARATION OF AARON KAUFMAN.

**10/29/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO MOTION TO CONSOLIDATE CASES.

**10/29/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**10/29/2015** Objection Document
Filed by Aaron Kaufman (Plaintiff)

**10/29/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**10/23/2015** COMPILATION OF NON-CALIFORNIA AUTHORITIES IN SUPPORT OF DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S (1) OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN S MOTION FOR AN ORDER COMPELLING INSPE

**10/23/2015** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

A-41

**10/23/2015** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Miscellaneous-Other
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Proof of Service

**10/23/2015** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE INC., D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO AARON KAUFMAN'S MOTION FOR AN ORDER TO CONSOLIDATE CASES

**10/23/2015** DECLARATION OF KEVIN P. DWIGHT IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE. D/B/A BLUE SHIELD OF CALIFORNIA'S (1) OPPOSITION TO PLAINTIFF AND ETC

**10/23/2015** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S OBJECTIONS TO DECLARATION OF DAVID PETER CWIKLO

**10/23/2015** PROOF OF SERVICE

**10/23/2015** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S (1) OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER COMPELLING INSPECTION OF LAPTOP COMPUTER AND ETC.

**10/23/2015** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**10/23/2015** DEFENDANT AND CROSS COMPLAINANT CALIFORNIA PHYSICIANS'SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S SEPARATE STATEMENT IN SUPPORT OF (1) OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER COMPELLING INSPECTION OF LAPTOP COMPUTER A

**10/23/2015** DEFENDANT AND CROSS- COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE INC., D/B/A BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER TO CONSOLIDATE CASES

**10/23/2015** DECLARATION OF MARK MENZ IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE, D/B/A BLUE SHIELD OF CALIFORNIA'S (1) OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER COMPELLING INSPECTION OF LAPTOP CO

**10/13/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORIA'S FIRST AMENDED CROSS- COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES.

**10/13/2015** PLMNTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE SECTION 452.

**10/13/2015** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**10/13/2015** Motion to Strike
Filed by Aaron Kaufman (Plaintiff)

**10/13/2015** Demurrer
Filed by Aaron Kaufman (Plaintiff)

**10/13/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER TO STRIKE CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED CROSS-COMPLAINT; ETC.

**10/02/2015** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**10/02/2015** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**10/02/2015** Motion to Consolidate
Filed by Aaron Kaufman (Plaintiff)

**10/02/2015** Motion to Compel
Filed by Aaron Kaufman (Plaintiff)

**10/02/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S STATEMENT OF DISCOVERY ITEMS IN DISPUTE REGARDING REQUEST TO PERMIT INSPECTION OF LAPTOP COMPUTER.

**10/02/2015** NOTICE OF AND MOTION FOR AN ORDER TO CONSOLIDATE CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID PETER CWIKLO AND EXHIBITS FILED IN SUPPORT THEREOF [PROPOSED] ORDER.

A-42

Case 2:18-cv-00844-ODW-MRW   Document 30-9   Filed 12/21/18   Page 44 of 123   Page ID #:1387

**10/02/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER COMPELLING DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA TO ALLOW INSPECTION OF LAPTOP COMPUTER; ETC.

**10/02/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S EXHIBITS FILED IN SUPPORT OF MOTION FOR AN ORDER COMPELLING DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA TO PERMIT INSPECTION OF LAPTOP COMPUTER.

**09/14/2015** CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S FIRST AMENDED CROSS-COMPLAINT

**09/14/2015** First Amended Cross Complaint
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**09/11/2015** CIVIL DEPOSIT

**08/31/2015** Stipulation and Order
Filed by Defendant and Cross-Complainant

**08/31/2015** STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP 03/17/2017 09/09/2016 07/08/2016 12/31/2015 08/26/2015

**08/26/2015** NOTICE OF RULING REGARDING PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT.

**08/26/2015** Notice of Ruling
Filed by Plaintiff/Petitioner

**08/26/2015** NOTICE OF RULING REGARDING PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT'S CROSS-COMPLAINT

**08/24/2015** at 08:30 AM in Department 68
Hearing on Demurrer - without Motion to Strike (Hearing on Demurrer; Sustained) -

**08/24/2015** Minute Order

**08/17/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO DEMURRER TO CROSS-COMPLAINT.

**08/17/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**08/17/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S REPLY TO DEFENDANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT.

**08/17/2015** Reply/Response
Filed by Aaron Kaufman (Plaintiff)

**08/11/2015** Declaration
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/11/2015** Proof of Service (not Summons and Complaint)
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/11/2015** DEFENDANT AND CROSS- COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S MOTION FOR AN ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT

**08/11/2015** Objection Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/11/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/11/2015** Opposition Document
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**08/11/2015** DEFENDANT AND CROSS- COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S DEMURRER TO THE CROSS-COMPLAINT

**08/11/2015** DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OBJECTION TO PLAINTIFF AND ETC

**08/11/2015** PROOF OF SERVICE

**08/11/2015** DECLARATION OF SHARON B. BAUMAN IN SUPPORT OF DEFENDANT AND CROSS-COMPLAINANT BLUE SHIELD OF CALIFORNIA'S OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S DEMURRER TO THE CROSS-COMPLAINT

**07/10/2015** PLATNTIFF AND CROSS-DEFENDANT ARON KAUFMAN'S NOTICE OF AND MOTION FOR AN ORDER GRANTING JEAVE TO FILE FIRST AMENDED COMPLATNT; MEMORANDUM OF POINTS ND AUTHORITIES; DECLARATION OF DAVID PETER CWIKLO; EXHIBITS.

**07/10/2015** Miscellaneous-Other
Filed by Aaron Kaufman (Plaintiff)

**07/10/2015** Motion for Leave
Filed by Aaron Kaufman (Plaintiff)

A-43

**07/10/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S APPENDIX OF AUTHORITIES FILED IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT.

**06/25/2015** NOTICE OF FINAL STATUS CONFERENCE; NOTICE OF TRIAL DATE.

**06/22/2015** at 08:30 AM in Department 68
Case Management Conference (Conference-Case Management; Trial Date Set) -

**06/22/2015** CIVIL DEPOSIT

**06/22/2015** Receipt
Filed by California Physicians' Service (Defendant)

**06/22/2015** Notice
Filed by California Physicians' Service (Defendant)

**06/22/2015** Minute Order

**06/22/2015** DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA'S NOTICE OF POSTING JURY FEE DEPOSIT

**06/12/2015** PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMANS REQUEST TO TAKE JUDICIAL NOTICE PURSUANT TO EVIDENCE CODE 452.

**06/12/2015** Notice
Filed by Aaron Kaufman (Plaintiff)

**06/12/2015** PLAW4TIFF AND CROSS-DEFENDANT AARON KAUFMANS NOTICE OF DEMURRER AND DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS SERVICE DBA BLUE SHIELD OF CALIFORNIAS CROSS- COMPLAINT.

**06/12/2015** CIVIL DEPOSIT

**06/12/2015** Receipt
Filed by Aaron Kaufman (Plaintiff)

**06/12/2015** NOTICE OF JURY FEE DEPOSIT.

**06/12/2015** Demurrer
Filed by Aaron Kaufman (Plaintiff)

**06/12/2015** Request for Judicial Notice
Filed by Aaron Kaufman (Plaintiff)

**06/05/2015** Case Management Statement
Filed by Blue Shield of California (Legacy Party)

**06/05/2015** CASE MANAGEMENT STATEMENT

**06/04/2015** Case Management Statement
Filed by Aaron Kaufman (Plaintiff)

**06/04/2015** CASE MANAGEMENT STATEMENT

**04/29/2015** NOTICE OF CHANGE OF FIRM NAME AND ADDRESS.

**04/29/2015** Notice of Change of Address or Other Contact Information
Filed by Plaintiff/Petitioner

**04/28/2015** AMENDMENT TO COMPLAINT

**04/21/2015** ANSWER OF DEFENDANT CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD TO PLAINTIFF AARON KAUFMAN'S COMPLAINT

**04/21/2015** CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT FOR: 1. FRAUD ETC.

**04/21/2015** Cross-Complaint
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**04/21/2015** Answer
Filed by California Physicians' Service (Defendant); Blue Shield of California (Legacy Party)

**04/20/2015** Notice
Filed by Aaron Kaufman (Plaintiff)

**04/20/2015** NOTICE OF CASE MANAGEMENT CONFERENCE

**04/16/2015** PROOF OF SERVICE SUMMONS

**04/16/2015** Proof-Service/Summons
Filed by Plaintiff/Petitioner

**04/13/2015** Notice of Case Management Conference
Filed by Clerk

**04/06/2015** Complaint
Filed by Aaron Kaufman (Plaintiff)

**04/06/2015** PLAINTIFF AARON KAUFMANS COMPLAINT FOR DAMAGES: 1. WRONGFUL TERMINATION, VIOLATION OF CALIFORMA PUBLIC POLICY AND LABOR CODE 1102.5, ET SEQ., WHISTLEBLOWER RETALIATION; ETC

**04/06/2015** SUMMONS

A-44

Case Summary - Online Services - LA Court

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   03/17/2017   09/09/2016   07/08/2016   12/31/2015   08/26/2015

NEW SEARCH

---

Art Showcased in
Los Angeles Courthouse Jury Rooms



"Study in Black & White" by Penni Tyler
2007 3rd Place Amateur



Privacy Statement   |   Disclaimer   |   Employment   |   ADA   |   Holidays   |   Comment on our Website        Copyright 2014 Superior Court of California, County of Los Angeles

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CALIFORNIA PHYSICIANS' SERVICE, DBA BLUE SHIELD OF CALIFORNIA AND DOES 1-25, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AARON KAUFMAN,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 06 2015

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  LOS ANGELES SUPERIOR COURT

111 NORTH HILL STREET
LOS ANGELES, CA 90012

CASE NUMBER:
*(Número del Caso):*  BC 577 827

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DAVID PETER CWIKLO
LAW OFFICES OF DAVID PETER CWIKLO, A PROFESSIONAL CORPORATION
21550 OXNARD STREET, SUITE 1010, WOODLAND HILLS, CA 91367   T: (818) 719-8000

DATE:   APR 06 2015                          Clerk, by _____, Deputy
*(Fecha)*                                    *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  CALIFORNIA PHYSICIANS' SERVICE, dba BLUE SHIELD OF CALIFORNIA

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465
www.courtinfo.ca.gov

B-46

*Law Offices of*
DAVID PETER CWIKLO
A PROFESSIONAL CORPORATION
DAVID PETER CWIKLO, SBN 114118
WARNER CENTER TOWERS
21550 OXNARD STREET • SUITE 1010
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 719-8000 • FACSIMILE (818) 719-9009

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 06 2015

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

**ATTORNEYS FOR PLAINTIFF**  AARON KAUFMAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| AARON KAUFMAN,<br><br>        PLAINTIFF,<br><br>VS.<br><br>CALIFORNIA PHYSICIANS' SERVICE,<br>DBA BLUE SHIELD OF CALIFORNIA<br>AND DOES 1-25, INCLUSIVE,<br><br>        DEFENDANTS. | CASE NUMBER:   BC 5 7 7 8 2 7 |

CASE NUMBER:   BC 5 7 7 8 2 7

**PLAINTIFF AARON KAUFMAN'S**
**COMPLAINT FOR DAMAGES:**

1.    WRONGFUL TERMINATION,
VIOLATION OF CALIFORNIA
PUBLIC POLICY AND LABOR
CODE §1102.5, ET SEQ.,
WHISTLEBLOWER RETALIA-
TION;

2.    VIOLATION OF CALIFORNIA
PUBLIC POLICY AND LABOR
CODE §§200-204, ET SEQ.,
FAILURE TO PAY EARNED
EXECUTIVE INCENTIVE
COMPENSATION;

3.    CONVERSION, THEFT OF
LABOR, CIVIL CODE §3336;

4.    BREACH OF CONTRACT.

**PLAINTIFF AARON KAUFMAN'S**
**DEMAND FOR JURY TRIAL**

- 1 -

--------------------------------------------------------------
PLAINTIFF AARON KAUFMAN'S
COMPLAINT FOR DAMAGES • DEMAND FOR JURY TRIAL

Plaintiff Aaron Kaufman alleges:

## BRIEF STATEMENT OF THE CASE

1.      This is a wrongful termination and whistleblower retaliation action brought by former Vice President and Chief Technology Officer Aaron Kaufman against his former employer California Physicians' Service, dba Blue Shield of California, one of California's largest insurers, with an estimated 3.4-million members, 65,000 physicians, 5,000 employees, with an annual profit of $13.6-billion.  In December 2014 and in January 2015 Kaufman "blew the whistle" on Senior Vice President and Chief Information Officer Michael Mathias when he opposed his financial irregularities based upon his good faith, reasonable belief Mathias was involved in financial improprieties and unlawful conduct that bilked Blue Shield out of $3-million, Kaufman's anti-fraud and cost containment efforts to protect all California consumers including their 3.4 million members.  In response, on March 11, 2015 Mathias retaliated against Kaufman by the termination of his Blue Shield career, a termination that occurred 1-day before Blue Shield was scheduled to pay Kaufman his executive incentive compensation bonus earned as of December 31, 2014.

## PLAINTIFF

2.      At all times herein plaintiff Aaron Kaufman (herein "KAUFMAN") was a resident of Los Angeles County, State of California.

## DEFENDANTS

3.      Defendants California Physicians' Service, doing business as Blue Shield of California and Does 1-25, inclusive [herein "BLUE SHIELD"], were California corporations, or some other business entity, with its principal place of business in San Francisco, California.

- 2 -

BLUE SHIELD is authorized to conduct business as a healthcare service plan and transacts, and is transacting business to California consumers throughout the entire state of California, including a substantial amount of business in the Los Angeles County, State of California, including their systematic and continuous business contacts therein, with thousands of enrollees in Los Angeles County, receiving substantial policy-holder premiums dollars and making substantial profits from consumers who reside in Los Angeles County, who conducts their Individual, Small Group and Government Business Unit at their Southern California offices located at 6300 Canoga Avenue, Woodland Hills, California 91367. The true names and capacities, whether individual or corporate of defendants sued as Does 1-25 are currently unknown to plaintiff who sues defendants by such fictitious names. Plaintiff is informed and believes each defendant designated as a Doe was an agent and/or employee of each other and were at all times herein acting within the course, scope and purpose of that agency and employment, that each defendant ratified and approved the acts of its agents and employees and were legally responsible for the events and happenings described herein and caused damage to plaintiff, the true names and capacities of those defendants designated as Does will be amended when ascertained.

### FACTS COMMON TO ALL CAUSES OF ACTION

### PLAINTIFF KAUFMAN

4.     On March 15, 2013 BLUE SHIELD hired highly qualified Aaron Kaufman (herein "KAUFMAN"), as their Vice President and Chief Technology Officer. KAUFMAN was responsible for BLUE SHIELD's $34-million technology organization, actively participated as a member of the information technology executive team with a strategic leadership role that was responsible for BLUE SHIELD's technical vision and direction, their technology strategy roadmap and Health Information Technology (HIT) business that included responsibility for strategic projects, strategic HIT investments, new development, long-term technology strategy, legacy conversions and strategic partnerships, pioneered ground breaking healthcare management

- 3 -

applications, directly managed the HIT budget, including cost containment strategies to promote plan designs and administrative simplification and meaningful data exchange using healthcare technology, aimed at decreasing costs while ensuring the delivery of safe, high quality healthcare to California consumers and millions of BLUE SHIELD's members. KAUFMAN's immediate report was Senior Vice President and Chief Information Officer Michael Mathias (herein "MATHIAS"), hired in January 2013 by President and Chief Executive Officer Paul Markovich as part of his Executive Team.

5.      Throughout his BLUE SHIELD career KAUFMAN was considered a conscientious, hardworking, loyal, valuable employee who strove to ensure BLUE SHIELD was provided the highest quality health information technology that benefited all California consumers, conducted himself with the highest standards of ethical behavior to protect BLUE SHIELD's interests and their brand name. BLUE SHIELD considered KAUFMAN to be an extremely competent executive employee, who performed his job duties efficiently and effectively. KAUFMAN's job performance was never an issue as he received excellent job performance evaluations during his BLUE SHIELD career. BLUE SHIELD considered KAUFMAN to be an integral member of the "BLUE SHIELD team."

<u>DEFENDANT BLUE SHIELD</u>

6.      BLUE SHIELD was truly "big business." Originally founded in 1939 as a "not-for-profit" health plan, BLUE SHIELD is one of the four largest insurers in California, serves 3.4 million California members, with 65,000 physicians across the state. BLUE SHIELD's health plans include HMO, PPO, dental, and Medicaid or Medicare supplemental plans for individuals, families and employer groups. Accidental death and dismemberment, executive medical reimbursement, life insurance, vision and short-term health plans are provided by the company's Blue Shield of California Life & Health Insurance subsidiary. BLUE SHIELD employed an estimated 5,000 employees, with annual profits of $13.6 billion. As a "not-for-profit" corporation

- 4 -

1   BLUE SHIELD was expected to work for the public good to warrant its exemption from paying

2   California state corporate taxes.  In fact, BLUE SHIELD's tax exempt status allowed them to act

3   like a for-profit corporate insurer, reaping billions of dollars in profits, providing their executives

4   with multi-million dollar salaries, charging its members rates similar to what for-profit insurers

5   charged their members.

6

7       7.      Our healthcare system is the most expensive healthcare system on the earth.  An

8   estimated $2.7 trillion are spent annually on healthcare.  American consumers spend billions of

9   dollars more on healthcare than any other industrialized nation.  More than one-sixth of the U.S.

10  economy is devoted to healthcare spending and that continues to rise every year.  We have all

11  heard about "skyrocketing healthcare costs" and America's "healthcare crisis."  The high cost of

12  healthcare is a matter of grave concern for each and every California consumer, family and

13  senior.  An estimated 25-30% of healthcare spending, up to $800 billion per year, goes to care

14  that is wasteful, redundant or inefficient.  An estimated 25-30% of healthcare dollars pays for

15  administration costs.  Soaring medical costs means less money in the pockets of consumers,

16  families and seniors, who are forced to make hard choices about balancing food, rent and needed

17  medical care.  Small employers and Fortune 500 companies alike cannot add new employees,

18  cannot maintain retiree coverage and find it harder to compete in the global economy.  For

19  federal, state and local governments, rising healthcare costs lead to higher Medicare and

20  Medicaid costs, reducing funding for other priorities such as infrastructure, education and public

21  safety.  The net results of rising healthcare costs are far-reaching and ominous:  higher costs for

22  health insurance, the fraying of the nation's safety net, an erosion of our global competitiveness

23  along with long-term fiscal insolvency.

24

25      8.      BLUE SHIELD professed they were a company of "good people doing good

26  work," their employees were guided by "our mission and our values," they "encouraged

27  innovation to be a catalyst for change."  BLUE SHIELD espoused that while every company

28  talked about ... following values, being ethical and doing the right thing ... we actually do it ...

- 5 -

---

PLAINTIFF AARON KAUFMAN'S
COMPLAINT FOR DAMAGES • DEMAND FOR JURY TRIAL

1  to act with integrity and honesty … to hold ourselves to the highest ethical standards … a model
2  and culture of integrity … to report actual or suspected violations … *no one who suspects a*
3  *violation or reports in good faith will be subject to retaliation* … our Company's most valuable
4  asset, our reputation for integrity … to speak up and do the right thing … *Managers were*
5  *required to raise issues of … misconduct … that you have a duty to report it … [if] your leader*
6  *requests that you do something you believe may be illegal or improper* … Managers have
7  heightened obligations as senior custodians of our Company values and culture … to set the tone-
8  at-the-top … to foster an open working environment that encourages workforce members to come
9  to you with any questions, concerns or reports.  When workforce members approach you, you
10  should listen, act on the raised concerns and promptly respond … the Code of Conduct was
11  designed to create an environment that *facilitates the reporting of actual or suspected violations*
12  *… and other misconduct without fear of retaliation … a "Zero Tolerance for Retaliation"* … Any
13  person who retaliates or threatens to retaliate against an individual for raising a concern, reporting
14  an actual or potential violation … will be subject to disciplinary action, up to and including
15  termination of employment.
16
17      9.     BLUE SHIELD declared healthcare fraud was costly to all California consumers.
18  They professed healthcare fraud cost $60-billion annually.  BLUE SHIELD established their
19  Special Investigations Department to centralize the company's efforts to combat this "criminal
20  activity."  This Department had 5 full-time investigators to work to deter and prevent fraud,
21  reaping annual savings of $6-million annually.  BLUE SHIELD urged all plan members and
22  employees to be vigilant of healthcare fraud.  If fraud was suspected BLUE SHIELD urged
23  members and employees to *report all suspicious acts or conduct,* that individuals may identify
24  themselves, or simply remain anonymous.  BLUE SHIELD espoused " … combating *fraud,*
25  *waste and abuse in all forms is our legal and ethical obligation,* and is implicitly linked to our
26  Mission of ensuring that all Californians have access to high-quality health care at an affordable
27  price, that as a health insurance provider, we must constantly be vigilant in preventing, detecting
28  and remediating the various types of fraud, waste and abuse that can occur in our industry … "

- 6 -

## KAUFMAN ENGAGED IN STATUTORY PROTECTED ACTIVITY

10.     Statutorily recognized "protected activity" is merely an employee's conduct where he voiced or whom the employer believed may voice his opposition to actual or perceived unlawful conduct and/or who refused to participate in any unlawful employer conduct. *Labor Code* §1102.5 (a), (b) and (c), *et seq.*

11.     In and about December 2014 BLUE SHIELD sought a vendor to execute the "Veritas Data Project." On the one hand MATHIAS proposed to contract with a vendor that shall remain anonymous but identified herein as "ABC CORP." The anticipated cost to BLUE SHIELD was an estimated $4.6-million, which was not a fixed rate, i.e., if the established Project deadline was not met ABC CORP could work on the Project endlessly, given a "blank check" to bilk BLUE SHIELD beyond the $4.6-million dollar figure, with no end in sight. In the eyes of ABC CORP, BLUE SHIELD represented the proverbial "cash cow" from which they could draw against, again and again. On the other hand, KAUFMAN proposed to contract with a vendor that shall remain anonymous but identified herein as "XYX CORP." The anticipated cost to BLUE SHIELD was the fixed price of $1.6-million, i.e., regardless of how long the vendor took to complete the Project, the fixed price remained the same flat rate. From an executive charged with managing a budget and implementing sound cost containment measures, the decision was a "no brainer," that XYZ CORP should have been the retained vendor. Not so, KAUFMAN learned.

12.     In December 2014 KAUFMAN learned MATHIAS went against his organization's well-reasoned recommendations and selected ABC CORP to execute the Veritas Data Project. Because of the enormous savings to California consumers and 3.4-million members of a minimum $3-million if XYZ CORP was retained, KAUFMAN could not understand why MATHIAS would reject the KAUFMAN organization's cost containment proposal, to select the ABC CORP vendor that was 3-times more expensive, to needlessly and unnecessarily expose BLUE SHIELD well-beyond the $4.6-million because that was not a fixed price.

- 7 -

13.     On multiple occasions in early January 2015 KAUFMAN and his organization brought the more cost efficient proposal to the attention of MATHIAS.  KAUFMAN openly challenged and opposed MATHIAS' selection of the more expensive, less competent ABC CORP vendor and refused to participate in MATHIAS' unlawful efforts to deliberately skim $3-million from BLUE SHIELD by his engagement of a vendor who charged 3-times higher than the viable alternative XYZ CORP vendor proposed by KAUFMAN, cost-savings and cost contain-ment efforts aimed at reducing BLUE SHIELD's overall administrative costs, a matter of public policy for all California consumers and Blue Shield members alike to reduce the "skyrocketing costs of healthcare" (herein "PROTECTED ACTIVITY").  In short, MATHIAS summarily dismissed KAUFMAN's good faith efforts.  On one occasion in January 2015 MATHIAS abruptly stopped KAUFMAN's verbal opposition in its tracks, instructed KAUFMAN to "Stop!"  In a terse tone of voice MATHIAS instructed KAUFMAN to leave his office, to never raise this $3-million cost-savings issue with him again.  Other members of KAUFMAN's organization were similarly discounted and similarly mistreated.

14.     In January 2015 KAUFMAN grew highly suspicious of MATHIAS' dismissive conduct towards him just because he tried to reduce the skyrocketing costs of healthcare benefits, KAUFMAN's efforts to protect all California consumers, including their 3.4 million members. KAUFMAN suspected unlawful conduct, perhaps even criminal conduct, certainly a "conflict of interest" identified in BLUE SHIELD's "Code of Conduct" as "the mere appearance of a conflict can be just as damaging as an actual conflict of interest and tarnish the reputation of Blue Shield, that business decisions must be based upon merit and in the best interests of BLUE SHIELD … that conflicts of interest could be perceived as receiving bribes or kickbacks.  This was especially true since MATHIAS could not explain why he was beholden to this single, overpriced ABC CORP vendor, why he would want to contract with a vendor with no fixed cost that exposed BLUE SHIELD to an unlimited flow of revenue into ABC CORP's bank account, a vendor agreement not in the best interests of BLUE SHIELD.  This was especially true because KAUFMAN viewed ABC CORP as wholly incompetent and incapable of providing quality

- 8 -

service in a timely manner. KAUFMAN reasonably and in good faith perceived MATHIAS' gross financial mismanagement of BLUE SHIELD's funds as a violation of California public policy to maintain a workplace environment free of criminal conduct, here illegal conduct that violated *Penal Code* §504 for embezzlement and *Penal Code* §641.3 for bribery and kickbacks. KAUFMAN's opposition to MATHIAS' conduct served not only his employer BLUE SHIELD's interests, but also the public interest in deterring crime, as well as the public interest of all California consumers who were subjected to the "skyrocketing costs of healthcare insurance" who stood to suffer specific harm from MATHIAS' unlawful conduct. KAUFMAN shared his reasonable and good faith perception of MATHIAS' unlawful conduct not only with MATHIAS, but with his co-workers as well, who voiced similar opposition complaints.

## BLUE SHIELD FIRED KAUFMAN
## BECAUSE HE ENGAGED IN  PROTECTED ACTIVITY

15.    Retaliation by an employer against an employee who seeks to further the well-established public policy by responsibly reporting suspicions of illegal and conduct to the employer seriously impairs the public interest. On March 10, 2015, in direct response to KAUFMAN's voiced opposition to MATHIAS' financial improprieties regarding the Veritas Project, i.e., KAUFMAN's engagement in "PROTECTED ACTIVITY," to punish KAUFMAN and send a chilling message to all BLUE SHIELD employees that if you opposed executive management's unlawful conduct BLUE SHIELD will swiftly and severely retaliate against any employee, MATHIAS instructed Senior Vice President and Human Resources Officer to terminate KAUFMAN's employment effective March 11, 2015, to end his BLUE SHIELD career, without substantial justification, based upon concocted and fabricated "cause" that included: (1) an undefined and unsupported allegation of an alleged travel & expense policy violation; (2) an alleged and undefined interference in a completely unrelated investigation; and (3) an unsupported allegation KAUFMAN caused some undefined and unquantifiable "reputational damage" to one of California largest insurers who had 3.4 million members, 65,000

- 9 -

------------------------------------------------------------------------

physician, 5,000 employees and turned a profit of $13.6-billion, year after year. In truth,
MATHIAS deliberately and willfully and in conscious disregard of KAUFMAN's rights fired
KAUFMAN after he exposed MATHIAS' gross mismanagement and financial improprieties, that
MATHIAS violated their "Code of Conduct" upon multiple grounds: (1) MATHIAS deliberately
engaged in conduct that was not in the best interests of BLUE SHIELD; (2) MATHIAS engaged
in conflict of interest or conduct that gave the appearance of a conflict of interest; (3) MATHIAS
retaliated against KAUFMAN because he had the courage to stand up to MATHIAS' financial
improprieties; (4) MATHIAS retaliated against KAUFMAN because of his belief KAUFMAN
was going to voice his opposition to and/or report MATHIAS' unlawful conduct to other execu-
tive management or a governmental or law enforcement agency; and (5) MATHIAS retaliated
against KAUFMAN in deliberate violation of BLUE SHIELD's "Zero Tolerance Policy" against
management's retaliation against an employee's reasonable and good faith belief he "blew-the-
whistle" on an executive's unlawful conduct and financial improprieties; and (6) MATHIAS
retaliated against KAUFMAN because he refused to go along with and participate in his unlawful
conduct and financial improprieties. In fact, if anyone should have been fired it should have been
MATHIAS, not KAUFMAN, that it was MATHIAS who got caught bilking $3-million from
California consumers and 3.4 million BLUE SHIELD members.

16.     BLUE SHIELD did not have a legitimate business reason to terminate KAUF-
MAN's employment. Rather, BLUE SHIELD's stated reason for termination was a thinly-veiled
pretext. a dishonest explanation of a seemingly innocent business decision deliberately manu-
factured to deliberately cover up their true retaliatory motive to fire KAUFMAN after he exposed
high ranking senior executive's gross mismanagement and financial improprieties and refused to
participate in conduct adverse to the best interests of BLUE SHIELD. KAUFMAN, in good
faith, believed was unlawful conduct, including criminal conduct that included *Penal Code* §504,
embezzlement, *Penal Code* §641.3 commercial bribery and violated of BLUE SHIELD's Code of
Conduct, conduct not in the best interests of BLUE SHIELD, exposed MATHIAS' unexplained
retention of an incompetent ABC CORP vendor, exposed MATHIAS' unexplained ratification of

- 10 -

ABC CORP's deliberately bilking of BLUE SHIELD by the minimum of $3-million, exposed MATHIAS' rejection of KAUFMAN's proposal to save California consumers and 3.4 members with a viable, competent, cost-efficient alternative XYZ CORP vendor that capped their costs at 3-times less than ABC CORP, that KAUFMAN tried to save BLUE SHIELD a minimum of $3-million skimmed from BLUE SHIELD coffers, that KAUFMAN refused to look the other way or participate in this unlawful conduct and cover up for his immediate boss MATHIAS.

17.    Further evidence of MATHIAS' willful, deliberate and malicious conduct included the timing of the termination of KAUFMAN's employment, which was 1-day before BLUE SHIELD's scheduled March 12, 2015 payment of his Executive Incentive Compensation Plan (EICP) and Long-Term Incentive Plan (LTIP) bonus of $450,000, executive compensation KAUFMAN earned and was owed, due and payable by BLUE SHIELD as of December 31, 2014. BLUE SHIELD improperly and unlawful told KAUFMAN he "forfeited" any right to his earned commissions based upon the termination of his employment, even though KAUFMAN had a right to payment as of the end of BLUE SHIELD's 2014 fiscal year of December 31, 2014.

BLUE SHIELD'S HISTORY, PATTERN & PRACTICE OF

WHISTLEBLOWER RETALIATION

18.    KAUFMAN is informed and believes he was not the first BLUE SHIELD employee who had been the victim of management's willful and deliberate efforts to punish and retaliate against employees who voiced or whom management believed may voice their opposition to actual or perceived unlawful conduct, or who refused to participate in any unlawful employer conduct. The exact nature, length and depth of BLUE SHIELD's history, pattern and practice of deliberately retaliating against employees in violation of California's anti-whistle-blower retaliation protections shall be the subject of discovery in this action.

## PRETEXT: TEMPORAL PROXIMITY

19.    Californian law recognizes circumstantial evidence of an employer's pretext to cover-up an unlawful retaliatory animus based simply upon the timing and sequence of events alone. Here, BLUE SHIELD made their decision to fire KAUFMAN within days after he engaged in PROTECTED ACTIVITY. BLUE SHIELD's unexplained timing of KAUFMAN's termination smacked of an unlawful retaliatory animus in deliberate violation of the law.

## PRETEXT: DEVIATION FROM BLUE SHIELD'S
## POLICY & PRACTICE OF PROGRESSIVE DISCIPLINE

20.    BLUE SHIELD had an well-established corporate custom, practice and policy to progressively discipline every employee prior to termination, i.e., a series of verbal warnings, followed by a series of written warnings, followed by suspension, then ultimately termination, but only upon a showing of good cause. BLUE SHIELD's progressive discipline policy was their overall collective corporate efforts to cure an employee's perceived undesired behavior and to allow the employee to remain as part of the "BLUE SHIELD team."

21.    BLUE SHIELD violated their well-established corporate custom, practice and policy when MATHIAS skipped past any progressive discipline measures and proceeded directly to the ultimate sanction of the termination of KAUFMAN'S employment, days after he engaged in statutory PROTECTED ACTIVITY.

## INCORPORATION OF ALLEGATIONS

22.    All of the allegations in each of the foregoing paragraphs are incorporated herein by this reference as if fully set forth in each and every cause of action herein.

- 12 -

FIRST CAUSE OF ACTION

WRONGFUL TERMINATION

VIOLATION OF CALIFORNIA PUBLIC POLICY AND

LABOR CODE §1102.5, ET SEQ.,

WHISTLEBLOWER RETALIATION

(As Against Defendant BLUE SHIELD)

23.     California *Labor Code* §1102.5 strictly prohibits an employer from terminating any employee who voiced or whom the employer believed may voice their opposition to actual or perceived unlawful conduct, or who refused to participate in any unlawful employer conduct. Section 1102.5(a) stated an employer *shall not* enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, rule or regulation.  Section 1102.5(b) stated an employer *shall not* retaliate against an employee for disclosing information, or because the employer believes the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, rule or regulation.  Section 1102.5(c) states an employer *shall not retaliate* against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, rule or regulation.

24.     After KAUFMAN's December 2014 and January 2015 disclosures of what he in good faith perceived to be was MATHIAS' unlawful conduct, i.e., KAUFMAN's engagement in PROTECTED ACTIVITY, MATHIAS started an investigation of KAUFMAN's non-work related, off hours conduct regarding a non-BLUE SHIELD employee.

- 13 -

25.      BLUE SHIELD violated *Labor Code* §1102.5(a), (b) and (c), *et seq.*, violated California public policy predicated upon those statutes and violated their own practices and policies against management's retaliation against an employee who complained of or reported or were perceived as going to complain of or report management's unlawful conduct, or refused to participate in unlawful conduct, when on March 10, 2015 MATHIAS directed BLUE SHIELD Senior Vice President and Human Resources Officer to terminate KAUFMAN's employment.

SECOND CAUSE OF ACTION

VIOLATION OF CALIFORNIA PUBLIC POLICY AND

LABOR CODE §§200-204, ET SEQ.

FAILURE TO PAY EARNED INCENTIVE COMPENSATION

(As Against Defendant BLUE SHIELD)

26.      An employee's earned commissions and incentive bonuses have always been considered earned "wages" under California law. *Labor Code* §200(a). California has long favored the full and prompt payment of all compensation due an employee. *Labor Code* §204. California courts have held the prompt payment of earned compensation is a matter of fundamental California public policy. For example, it is a misdemeanor for an employer to willfully fail to pay earned compensation that are due if the employer has the ability to pay. *Labor Code* §216. The Legislature's decision to criminalize the failure to pay earned compensation reflects the determination that this employer conduct affects a broad public interest. If an employer discharges an employee all earned compensation, including wages, salary, commissions and incentive bonuses and unpaid at the time of discharge are due and payable immediately. *Labor Code* §201(a). California courts have held an employer's willful and deliberate withholding of the prompt payment of all the employee's earned compensation upon the termination to be "unconscionable employer conduct."

- 14 -

27.    On December 31, 2014 BLUE SHIELD executive management leaders, including KAUFMAN, had in place an *Executive Incentive Compensation Plan (EICP)* and their *Long Term Incentive Compensation Plan (LTICP),* an executive compensation plan designed to align executive pay with BLUE SHIELD's annual strategic objectives, ensuring they are driving outstanding performance and behaviors essential to achieving the BLUE SHIELD "Mission" of transforming a dysfunctional healthcare system that is bankrupting Californians into one that is worthy of "our family and friends and sustainably affordable." The *Executive Incentive Plan* was designed to attract, retain, motivate and reward BLUE SHIELD's executive team top performers to allow BLUE SHIELD to compete in and lead the healthcare industry, to encourage a pay for performance culture with a focus on annual performance and results, to support and compliment BLUE SHIELD's compensation philosophy and business strategy during the Performance Period defined as the BLUE SHIELD fiscal year ending each December 31.

28.    On December 31, 2014, the end of the BLUE SHIELD fiscal year, KAUFMAN had a defined property right to his earned annual executive incentive compensation bonus of $450,000. It was BLUE SHIELD's practice and policy to pay KAUFMAN his earned incentive compensation bonus on or before March 12, 2015. KAUFMAN did not forfeit his earned incentive compensation that became vested, owed and payable as of December 31, 2014, based upon any conduct that may have occurred in the next fiscal year 2015. KAUFMAN certainly did not forfeit his 2014 earned incentive compensation based upon any BLUE SHIELD concocted, fabricated or false allegations regarding any alleged and unfounded KAUFMAN conduct that occurred after the December 31, 2014 fiscal period ended and prior to the scheduled bonus payment because KAUFMAN's right to payment vested on December 31, 2014.

29.    On March 11 , 2015 BLUE SHIELD, in another demonstration of their willful, deliberate and malicious conduct to punish and retaliate against KAUFMAN because he engaged in PROTECTED ACTIVITY, terminated KAUFMAN exactly 70-days after KAUFMAN earned his incentive compensation bonus and exactly 1-day before BLUE SHIELD's scheduled payment

- 15 -

1    of his $450,000 incentive compensation bonus.  While obligated to do so, BLUE SHIELD

2    refused and continues to refuse to pay KAUFMAN's earned incentive compensation $450,000

3    bonus at the time of his termination, which remains unpaid to the present day.

4

5         30.    BLUE SHIELD willfully and deliberately refused to pay KAUFMAN's $450,000

6    incentive compensation he earned on December 31, 2014.  BLUE SHIELD refused and continues

7    to refuse to pay KAUFMAN his earned incentive compensation, instead converted KAUFMAN's

8    incentive compensation bonus for their own use, even though KAUFMAN performed those

9    information technology labor and services prior to December 31, 2014.

10

11                        THIRD CAUSE OF ACTION

12                VIOLATION OF CALIFORNIA PUBLIC POLICY AND

13                         CIVIL CODE §3336

14                 CONVERSION, THEFT OF LABOR

15                 (As Against Defendant BLUE SHIELD)

16

17        31.    An employee's earned and unpaid wages, salary, commissions and bonuses

18   pursuant to *Labor Code* §§200-201 are considered a "property right" held by the employee.  An

19   employee's right to receive his earned and unpaid wages vests when the labor is performed.

20   California courts have held an employer's willful and deliberate withholding of the prompt

21   payment of all the employee's earned wages upon the termination of their employment to be

22   "unconscionable employer conduct."

23

24        32.    Conversion is the wrongful exercise of dominion over the property of another.  The

25   elements of a conversion claim include: (a) plaintiff's ownership and/or right to possession of the

26   property; (b) the defendant's conversion by a wrongful act or disposition of property rights; and

27   (3) damages.  Defendant's good faith, lack of knowledge or motive are ordinarily immaterial.

28

                                - 16 -

---------------------------------------------------------

                    PLAINTIFF AARON KAUFMAN'S
            COMPLAINT FOR DAMAGES • DEMAND FOR JURY TRIAL

33.     An employer who fails to pay an employee all earned and unpaid wages, salary, commissions and bonuses when the labor is performed, or upon the employer's discharge, unlawfully and illegally "converts" that compensation due the employee when it failed to pay the compensation due at the time earned, by the next paycheck or upon the termination of employment. *Labor Code* §§201, 204.  When an employer is required to turn over a defined sum of money to an employee and refused and refuses to do so, the remedy of conversion is proper.

34.     As of December 31, 2014 KAUFMAN had a defined property right to his earned annual incentive compensation bonus of $450,000.  Pursuant to BLUE SHIELD's written agreement, practice and policy, BLUE SHIELD was required to pay KAUFMAN his earned incentive compensation on March 12, 2015.  KAUFMAN did not forfeit his annual earned incentive compensation that became vested, owed and payable as of December 31, 2014, particularly based upon any BLUE SHIELD allegation regarding any alleged KAUFMAN conduct that occurred after the December 31, 2014 fiscal period ended, but prior to BLUE SHIELD's physical payment of the owed incentive compensation.

35.     On March 11, 2015 BLUE SHIELD and MATHIAS, in their deliberate act to punish and retaliate against KAUFMAN because he engaged in PROTECTED ACTIVITY and terminated KAUFMAN exactly 70-days after KAUFMAN earned his incentive compensation and exactly 1-day prior to BLUE SHIELD's scheduled payment of his $450,000 executive incentive compensation bonus.  While obligated to do so, BLUE SHIELD refused and continues to refuse to pay KAUFMAN's earned bonus, which remains unpaid to the present day.

36.     BLUE SHIELD willfully and deliberately refused to pay KAUFMAN's $450,000 executive incentive compensation bonus he earned on December 31, 2014  Rather, BLUE SHIELD converted KAUFMAN's incentive compensation bonus for their own use even though KAUFMAN performed those information technology labor and services prior to December 31, 2014 that entitled him to the payment of his $450,000 incentive compensation bonus.

- 17 -

PLAINTIFF AARON KAUFMAN'S
COMPLAINT FOR DAMAGES • DEMAND FOR JURY TRIAL

FOURTH CAUSE OF ACTION

BREACH OF CONTRACT

(As Against Defendant BLUE SHIELD)

37.     On March 15, 2013 KAUFMAN and BLUE SHIELD entered into an oral contract whereby BLUE SHIELD agreed to employ KAUFMAN and KAUFMAN agreed to be employed by BLUE SHIELD.  Included in that oral agreement was KAUFMAN's participation in the *Executive Incentive Compensation Plan (EICP)* as well as the *Long-Term Incentive Compensation Program (LTICP)*, that included BLUE SHIELD's annual payment of executive incentive compensation bonus after completion of services as of the BLUE SHIELD fiscal year ending December 31 each year.

38.     On December 31, 2014 KAUFMAN performed all conditions to be performed by him and earned his 2014 EICP bonus of $450,000 pursuant to his employment agreement with BLUE SHIELD, which was scheduled for payment on March 12, 2013.

39.     BLUE SHIELD breached their employment agreement with KAUFMAN when they failed to pay his earned 2014 EICP bonus of $450,000 at any time after December 31, 2014, to the present day.  Rather, BLUE SHIELD converted KAUFMAN's earned compensation for their own use and benefit.

DAMAGES AS TO FIRST THROUGH THIRD CAUSES OF ACTION

40.     As a direct and legal cause of defendants' conduct identified herein KAUFMAN claims general compensatory damages, past and future, loss of wages, salary, commissions and bonuses, loss of profit sharing and other retirement benefits, loss of future earning capacity and loss of employment and career related opportunities and related economic damages, past and future, that BLUE SHIELD's termination of KAUFMAN caused irreparable damage to his

- 18 -

reputation in the Information Technology industry and substantially jeopardized the likelihood of his ability to secure meaningful, comparable employment in the future, statutory attorney's fees and costs pursuant to *Code of Civil Procedure* §1021.5 and related *Labor Code* sections, including penalties, amongst other statutes, to the extent permitted by law, with interest, according to proof.

41.     Defendants' wrongful, intentional and deliberate conduct described herein was undertaken by their corporate officers, directors, managing agents and employees who were responsible for the decision to terminate KAUFMAN, actions and conduct adopted, ratified, authorized, condoned and approved by the other BLUE SHIELD corporate directors, officers, managing agents and/or employees.  As a direct and proximate cause of defendants' wrongful, intentional and deliberate conduct done in conscious and in reckless disregard of KAUFMAN'S rights, defendants' conduct warrants the imposition of punitive damages pursuant to *Civil Code* §3294 in an amount sufficient to punish and set an example of defendants, to deter them and those similarly situated from their commission of similar acts in the future.

## DAMAGES AS TO FOURTH CAUSE OF ACTION

42.     As a direct and legal cause of BLUE SHIELD's breach of contract KAUFMAN suffered the loss of the contractual benefits and related damages that included the loss of his earned 2014 executive incentive compensation bonus in the amount of $450,000.

*W*herefore, plaintiff Aaron Kaufman prays for the following damages:

FOR THE FIRST THROUGH THIRD CAUSES OF ACTION:

43.     For general compensatory, noneconomic damages, past and future, according to proof;

44.     For economic damages, past and future, according to proof;

- 19 -

45.   For punitive damages pursuant to *Civil Code* §3294, *et seq.*;

46.   For statutory attorney's fees and costs incurred pursuant to *Code of Civil Procedure* §1021.5; *Labor Code* §226(e) and related statutes to the extent otherwise permitted by law;

47.   For statutory penalties pursuant to *Labor Code* §226(e), *et seq.*;

48.   For reinstatement to the extent permitted by law;

49.   For injunctive relief to the extent permitted by law to ensure defendant employer's compliance with *Labor Code* §§200-226, *et seq.*;

50.   For prejudgment interest to the extent permitted by law;

51.   For such other and further relief as this Court may deem just and proper; and

FOR THE FOURTH CAUSE OF ACTION:

52.   For contractual damages to the extent permitted by law

Dated: April 6, 2015                 LAW OFFICES OF DAVID PETER CWIKLO
                                     A PROFESSIONAL CORPORATION


                                     DAVID PETER CWIKLO
                                     Attorneys for Plaintiff
                                     AARON KAUFMAN


DEMAND FOR JURY TRIAL

Plaintiff Aaron Kaufman hereby demands his case be tried to a jury.

Dated: April 6, 2015                 LAW OFFICES OF DAVID PETER CWIKLO
                                     A PROFESSIONAL CORPORATION


                                     DAVID PETER CWIKLO
                                     Attorneys for Plaintiff
                                     AARON KAUFMAN

- 20 -

PLAINTIFF AARON KAUFMAN'S
COMPLAINT FOR DAMAGES • DEMAND FOR JURY TRIAL

B-66

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

BC 577827

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Mitchell L. Beckloff | 51 | 511 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Rita Miller | 16 | 306 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Michael Johnson | 56 | 514 | |
| Hon. Stephanie Bowick | 19 | 311 | Hon Rolf M. Treu | 58 | 516 | |
| Hon Dalila Corral Lyons | 20 | 310 | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Mark Mooney | 68 | 617 | X |
| Hon. Barbara Scheper | 30 | 400 | Hon. William F. Fahey | 69 | 621 | |
| Hon. Samantha Jessner | 31 | 407 | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Michael P. Linfield | 34 | 408 | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Marc Marmaro | 37 | 413 | | | | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | | |
| Hon. Elizabeth Feffer | 39 | 415 | | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | | |
| Hon. Holly E. Kendig | 42 | 416 | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Mel Red Recana | 45 | 529 | **\*Provisionally Complex Non-Class Action Cases** | | | |
| Hon. Frederick C. Shaller | 46 | 500 | Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | |
| Hon. John L. Segal | 50 | 508 | | | | |

**\*Complex**
All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ APR 06 2015      SHERRI R. CARTER, Executive Officer/Clerk

_____, Deputy Clerk

LACIV CCH 190 (Rev05/14)     **NOTICE OF CASE ASSIGNMENT –**     Page 1 of 2
LASC Approved  05-06
For Optional Use     **UNLIMITED CIVIL CASE**

B-67

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev05/14)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 2 of 2

B-68

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

B-70

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

SHORT TITLE:

CASE NUMBER:

## The following parties stipulate:

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Date:

_____   ➢   _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

B-72

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".
   (INSERT DATE)   (INSERT DATE)

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

B-75

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

# EXHIBIT C

1  MANATT, PHELPS & PHILLIPS, LLP
   SHARON B. BAUMAN (Bar No. CA 179312)
2  KEVIN P. DWIGHT (Bar No. CA 239476)
   PHILIP I. PERSON (Bar No. CA 281496)
3  One Embarcadero Center, 30th Floor
   San Francisco, California 94111
4  Telephone:    (415) 291-7400
   Facsimile:    (415) 291-7474
5
6  Attorneys for Defendant and Cross-Complainant
   CALIFORNIA PHYSICIANS' SERVICE, d/b/a
7  BLUE SHIELD OF CALIFORNIA

**FILED**
Superior Court of California
County of Los Angeles

APR 21 2015

Sherri R. Carter, Executive Officer/Clerk
By _Myrna Beltran_ , Deputy
         Myrna Beltran

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10                        UNLIMITED JURISDICTION

11

12  AARON KAUFMAN,                          Case No. BC577827ⁱ⁶⁸

13          Plaintiff,                       **CALIFORNIA PHYSICIANS' SERVICE
                                             d/b/a BLUE SHIELD OF CALIFORNIA'S**
14      v.                                   **CROSS-COMPLAINT FOR:**

15  CALIFORNIA PHYSICIANS' SERVICE,          1.  **Fraud**
    d/b/a BLUE SHIELD OF CALIFORNIA,         2.  **Breach of Fiduciary Duty**
16  and DOES 1-25, inclusive,                3.  **Breach of the Duty of Loyalty**
                                             4.  **Conversion**
17          Defendants.                      5.  **Negligent Misrepresentation**

18

19                                           Complaint filed:    April 6, 2015
    ─────────────────────────────
20  CALIFORNIA PHYSICIANS' SERVICE,
    d/b/a BLUE SHIELD OF CALIFORNIA,
21
           Cross-Complainant,
22
        v.                                          By Fax
23  AARON KAUFMAN, and ROES 1
    through 25, inclusive,
24
           Cross-Defendants.
25

26          Defendant and Cross-Complainant California Physicians' Services d/b/a Blue

27  Shield of California ("Blue Shield") hereby alleges the following against Plaintiff and Cross-

28  Defendant Aaron Kaufman ("Kaufman"):

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO
    ─────────────────────────────────────────────────────────────────
    CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

## **INTRODUCTION**

1.    By this Cross-Complaint, Blue Shield seeks to recover the substantial amount of money that its former Vice President and Chief Technology Officer, Plaintiff Aaron Kaufman knowingly misappropriated from Blue Shield, before being terminated from his employment for cause on March 10, 2015.

2.    As set forth in detail below, Kaufman was a senior executive at Blue Shield who was entrusted with a company credit card that was to be used for business purposes only. Despite acknowledging and agreeing to use the corporate card solely to pay for business expenses, Kaufman defrauded Blue Shield and betrayed his fiduciary duty and duty of loyalty to the company by knowingly and repeatedly using his corporate card to pay for personal expenditures amounting to potentially hundreds of thousands of dollars.

3.    Kaufman's improper and abusive spending came to light following an after-hours event organized by Kaufman and attended by his girlfriend and several Blue Shield employees. The event included inappropriate behavior by Mr. Kaufman's girlfriend that seriously damaged Mr. Kaufman's reputation as a senior company executive. Kaufman failed to inform Human Resources about the event and charged the entire $879.84 bill to Blue Shield.

4.    When a Blue Shield employee complained about the conduct of Mr. Kaufman's girlfriend at the event, Blue Shield launched a thorough investigation into Kaufman's conduct. As Blue Shield began to gather information and interview other Blue Shield employees, Kaufman became aware of the investigation. He interfered with Blue Shield's investigation and lied to Blue Shield about the circumstances surrounding the event.

5.    While investigating the event, Blue Shield discovered that Kaufman had been perpetrating a persistent fraud on the company by improperly using his company-issued credit card to pay for personal expenses. Although Kaufman was reprimanded in the spring of 2014 for using his corporate card in excess of company policy, Kaufman continued to use his corporate credit card for his own purposes. Unbeknownst to Blue Shield, Kaufman used company funds to book a $17,000+ vacation to see his girlfriend. He charged exorbitant amounts in a single day for lunch, drinks, and dinner at expensive San Francisco establishments. He even charged as a

2

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

C-79

1   company expense nearly $1,400.00 in drinks at the Warwick, a Hollywood nightclub.  In total, he

2   charged Blue Shield more than $100,000 of expenses that were either personal in nature or had no

3   apparent business-related purpose.

4        6.    To hide his improper personal spending, Kaufman falsified his expense reports,

5   created phony "business purposes" to justify his excessive spending, and intentionally

6   misrepresented his personal activities as corporate events to his superiors and other employees.

7   For example, to justify his vacation, Kaufman represented that the purpose of his trip was to

8   attend and present at a business conference.  Kaufman, however, barely attended the conference

9   and instead treated the trip like his personal vacation.  Moreover, when Blue Shield asked for a

10   copy of his presentation he made at the conference, Kaufman admitted that there actually was no

11   presentation.

12        7.    Kaufman's efforts to interfere with Blue Shield's investigation ultimately failed,

13   and he admitted that he had repeatedly used his company-issued credit card for personal expenses

14   and that he owed Blue Shield thousands of dollars as a result.  In truth, Kaufman owes Blue

15   Shield much more than that.

16        8.    Blue Shield's investigation into Kaufman's conduct concluded that Kaufman had

17   (1) violated Blue Shield's Travel and Expense Policy; (2) violated Blue Shield's Code of

18   Conduct; (3) interfered with a company investigation; and (4) caused reputational damage to Blue

19   Shield.  Blue Shield was shocked by Kaufman's conduct and the results of its investigation.  Each

20   violation on its own provided sufficient cause to justify termination of Kaufman's employment.

21   Collectively, however, Kaufman's conduct left no doubt.  Blue Shield placed Kaufman on

22   administrative leave and, shortly thereafter, terminated his employment at Blue Shield for cause.

23        9.    As a result of Kaufman's fraud, breach of fiduciary duty, breach of the duty of

24   loyalty, conversion and negligent misrepresentation, Blue Shield is entitled to recover

25   compensatory and punitive damages from Kaufman in an amount according to proof at trial.

26   ///

27   ///

28   ///

## THE PARTIES

10. Blue Shield sells health care coverage plans to California employers, individuals, and families. At all times relevant herein, Blue Shield was and is a not-for-profit corporation authorized to do business in the State of California, with its principal place of business in San Francisco.

11. Kaufman was Blue Shield's Chief Technology Officer and Vice President of Health Information and Technology from March 15, 2013 until he was terminated for cause on March 10, 2015.

12. The true names and capacities, whether individual, corporate, associate, or otherwise of Cross-Defendants Roes 1 through 25, inclusive, are unknown to Blue Shield at this time, who therefore sues said Cross-Defendants by such fictitious names. Blue Shield is informed and believes, and on that basis alleges, that each of the Cross-Defendants designated herein as a fictitiously named Cross-Defendant is, in some manner, responsible for the events and happenings referred to either contractually or tortiously. When Blue Shield ascertains the true names and capacities of Roes 1 through 25, Blue Shield will seek leave to amend this Cross-Complaint accordingly.

## JURISDICTION AND VENUE

13. Jurisdiction and venue are proper in this Court, as Kaufman resides in Los Angeles County, and this Cross-Complaint arises out of the same transactions and occurrences as those alleged in the Complaint filed by Kaufman in this action.

## GENERAL ALLEGATIONS

**A.    Kaufman Was Employed by Blue Shield in an Executive Capacity.**

14. On March 15, 2013, Blue Shield hired Kaufman as its Chief Technology Officer and Vice President of Health Information and Technology. Kaufman's job duties included leading and directing overall strategy and expansion of the Health Information and Technologies department, contracting with various vendors, and advising on the future technologies and long-term technological direction of the company.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

15.     In his role as Chief Technology Officer, Kaufman was responsible for overseeing a $25 million information and technology budget, and for managing a team of 25-30 Blue Shield employees within the Health Information and Technology department. He reported directly to Blue Shield's Chief Information Officer, Michael Mathias.

### 1.     As a Blue Shield Employee, Kaufman Was Required to Abide by Blue Shield's Code of Conduct.

16.     As with any other Blue Shield employee, Kaufman was required to adhere to Blue Shield's policies and procedures, including, *inter alia*, Blue Shield's Code of Conduct.

17.     Blue Shield takes its Code of Conduct seriously. Blue Shield communicates to all of its employees that they are expected to conduct themselves with the highest level of integrity and ethics. Every Blue Shield employee, including Kaufman, is required to sign and acknowledge that he or she has read and agrees to comply with the Code of Conduct.

18.     After joining Blue Shield, Kaufman signed and acknowledged receipt of Blue Shield's Code of Conduct, and he also completed a training course relating to the Code of Conduct. Consistent with Kaufman's duties to Blue Shield as a senior executive, as stated in the Code of Conduct, Kaufman had at all times "an obligation to act in the best interests of Blue Shield." As an executive, Kaufman also had "heightened obligations" to safeguard and promote the Company's values and culture. Kaufman was expected to "personify [Blue Shield's] values, set the proper tone-at-the-top[,] and model integrity-based conduct for the Company."

19.     In signing and acknowledging receipt of Blue Shield's Code of Conduct, Kaufman acknowledged that employees who violated the Code of Conduct could be subject to discipline, including termination. He further acknowledged that his "actions and activities outside of work can be associated with or perceived to be authorized by, Blue Shield." As such, he was obligated to ensure that his conduct both at work and in his personal life did not adversely impact Blue Shield's brand or reputation. And, he knew that the Code of Conduct explicitly prohibited Blue Shield employees from intentionally creating a false or misleading record, such as a company expense report.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

C-82

2.   **Blue Shield's Travel and Expense Policy Prohibited Kaufman From Using His Company-Issued Credit Card for Personal Expenses.**

20.   As an executive at Blue Shield, Kaufman was given the opportunity to apply for an executive corporate credit card to be used strictly for business transactions and in accordance with Blue Shield's Travel and Expense Policy.

21.   On April 2, 2013, Kaufman's second day of work at Blue Shield, he signed and submitted an application for a Blue Shield corporate credit card.  In doing so, he expressly acknowledged and agreed that the corporate card was "NOT to be used for any personal transactions."  In the same application, Kaufman acknowledged and understood that his corporate card was to be used in strict compliance with Blue Shield's Travel and Expense Policy.  The consequences for violating Blue Shield's Travel and Expense Policy are crystal clear:  "Failure to comply with this policy may result in disciplinary action, up to and including termination.  Falsification of expense reports will result in termination."

22.   Blue Shield approved Kaufman's request for a corporate card.  Consistent with its policies, Blue Shield expected that Kaufman would spend company funds "with discretion and only to the extent necessary to enhance and further the goals of the company."  Blue Shield informed Kaufman that the corporate credit card was company property and made it clear in its policies that, "No personal transactions should be charged to the card."

B.   **Blue Shield Reprimands Kaufman for Abusing His Corporate Card Privileges.**

23.   In the spring of 2014, after consistently receiving abnormally large expense reports from Kaufman, Blue Shield conducted an audit of Kaufman's corporate card expenses.  Blue Shield discovered that in the 9-month period from April 2013 through December 2013, Kaufman had submitted 19 expense reports amounting to more than $100,000.  More than 75% of Kaufman's charges did not have a specified business purpose.  Other ostensibly business-related charges were excessive and violated Blue Shield's policies limiting the amount Kaufman was permitted to spend on business meals, lodging, travel, and other company-related expenses.

24.   Upon discovering Kaufman's improper use of his corporate card, Blue Shield management met with Kaufman to reprimand him for violating Blue Shield's Travel and Expense

1   policy. Blue Shield confirmed its reprimand of Kaufman in a Memorandum dated March 28,

2   2014. Blue Shield's admonition to Kaufman about any future violations was unequivocal: "This

3   one time warning is to enforce with you the importance of following the company policies

4   concerning Travel and Expense. Should there be another occurrence it can result in immediate

5   disciplinary action, which can include termination."

6       **C.    After an Employee Complains About an After-Hours Work Event Organized and Attended by Kaufman, Blue Shield Launches an Internal Investigation into Kaufman's Conduct.**

7

8       25.    On January 6, 2015, Kaufman organized an after-hours company event at a San

9   Francisco bowling alley. Kaufman invited several Blue Shield employees and their spouses or

10   significant others to attend the event, which started around 7:30 p.m. Kaufman was joined at the

11   event by his girlfriend.

12       26.    At some point during the evening, Mr. Kaufman's girlfriend acted inappropriately,

13   taking inappropriate photographs of herself and sharing them. Word of the behavior at the

14   bowling alley event spread quickly at Blue Shield and caused a great disturbance within the

15   company. Employees were embarrassed by the photos and believed that they were "ridiculous"

16   and "inappropriate." Yet, Kaufman never bothered to report the event or the existence of these

17   photos to Blue Shield's Human Resources department, or to otherwise formally report the

18   incident to his superiors.

19       27.    The gossip surrounding the bowling alley event continued to swirl at Blue Shield.

20   It became so pervasive and disruptive that an employee formally complained to Blue Shield's

21   Chief Human Resources Officer and Senior Vice President of Internal Communications, Mary

22   O'Hara. In light of the reported complaint, Blue Shield initiated an investigation into Kaufman's

23   conduct related to the event.

24       28.    Blue Shield's investigation was detailed and thorough. Blue Shield interviewed

25   every employee who attended the event, including Kaufman. Blue Shield also reviewed

26   documents and photographs related to the event in question.

27       29.    As Blue Shield began to investigate Kaufman, he learned of the investigation and

28   tried to cover-up his actions. Upon learning of the allegations against him, Kaufman withdrew

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

1   his expense report for the bowling alley event and admitted that the expenses from that evening

2   had gotten "out of control." He also lied to Blue Shield about the circumstances surrounding the

3   bowling alley event. He even lied to his supervisor by claiming that his girlfriend met him after

4   the event was over. During the course of the investigation, however, every Blue Shield employee

5   who attended the bowling event confirmed that his girlfriend was present during the entire event.

6          30.     Blue Shield's investigation led it to discover that Kaufman had egregiously

7   violated Blue Shield's Travel and Expense Policy. Although Kaufman had been reprimanded less

8   than one year earlier for abusing his corporate credit card privileges, Blue Shield's investigation

9   revealed that Kaufman had ignored Blue Shield's prior warning and actually had *increased* his

10  personal use of his corporate credit card. Even many of Kaufman's purportedly valid business

11  expenditures were for amounts far in excess of company policy.

12         31.     Blue Shield's investigation revealed that Kaufman treated his corporate credit like

13  his personal debit card. Unbeknownst to Blue Shield, for months Kaufman had been charging

14  luxurious hotel rooms exceeding $1000 per night, utilizing Uber's car service to take trips

15  wherever he wanted, spending thousands of dollars at lavish bars and night clubs, and flying

16  business class on flights. Blue Shield determined that Kaufman had paid the entire $879.84

17  bowling event bill using his corporate credit card. Kaufman's flagrant violations of company

18  policy were extensive and shocking. In addition, Kaufman repeatedly instructed his Executive

19  Assistant to mask his expenses by using techniques to split expense reporting so as not to draw

20  attention to his flagrant spending.

21         32.     Some of Kaufman's expenses were particularly outrageous.

22         33.     First, Kaufman charged at least $17,490.79 to his corporate card for a personal

23  vacation to see his girlfriend. Instead of asking his assistant to book his airline tickets, as was

24  Kaufman's typical practice, Kaufman secretly booked the tickets himself. Kaufman attempted to

25  justify his vacation -- including his $5,000+ upgrade to fly business class and his numerous Uber

26  rides -- by claiming that the trip constituted business travel to attend a high profile conference that

27  would provide a unique opportunity to extend Blue Shield's influence and strategy. Kaufman

28  barely attended the conference and spent much of his time enjoying his trip with his girlfriend.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

1   Yet, Kaufman charged his trip expenses to Blue Shield and expected the company to pay

2   everything.

3        34.    Second, on February 13, 2015, Kaufman charged Blue Shield $1,382.00 for a night

4   of food and drinks at the Warwick, a popular bar and nightclub in Hollywood.  Kaufman never

5   provided Blue Shield with any business purpose to justify the inordinate expense.  Blue Shield is

6   informed and believes, and on that basis alleges, that Kaufman had no business purpose for his

7   night at the Warwick and that all of Kaufman's transactions at the Warwick were personal

8   expenses.

9        35.    Third, on January 8, 2015 (two days after the bowling event), Kaufman charged a

10   total of $1,023.20 for food and drinks that he and two others enjoyed at Blue Shield's expense:

11   $182.50 for lunch at Osha Thai, $62.50 for after-lunch drinks at Rosa Cantina, $341.03 for pre-

12   dinner drinks and appetizers at the W Hotel, and $437.17 for dinner at North Beach Restaurant.

13   Blue Shield is informed and believes, and on that basis alleges, that Kaufman was actually dining

14   with his girlfriend, and that she was present for some or all of the alleged "business events"

15   charged to Blue Shield on January 8, 2015.

16       36.    Fourth, on January 21, 2015, Kaufman charged Blue Shield $832.50 for a hotel

17   room at the W Hotel in Fort Lauderdale.  Kaufman never provided Blue Shield with any business

18   purpose to justify the expense.  Blue Shield is informed and believes, and on that basis alleges,

19   that Kaufman had no business purpose for his stay at the W Hotel in Fort Lauderdale on January

20   21, 2015, and that Kaufman charged Blue Shield for his personal stay with his girlfriend at the W

21   Hotel.

22       37.    There are many more instances of Kaufman's violations of company policy and

23   his efforts to avoid company controls in place.  Blue Shield's detailed investigation concluded

24   that these personal expenses charged to Blue Shield were not one-time violations.  Kaufman had

25   repeatedly violated company policy by using his corporate credit card to make extravagant

26   personal purchases, and he intentionally attempted to disguise many of his personal expenses as

27   business expenses.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

38. In light of Kaufman's flagrant violations of Blue Shield's Code of Conduct and Travel and Expense policy, on March 2, 2015, Blue Shield canceled Kaufman's corporate credit card. Kaufman vigorously objected to Blue Shield's decision, claimed it was "very inconvenient" for him, and demanded that Blue Shield's Director of Finance call him "immediately." But Blue Shield refused to acquiesce to Kaufman's demands and cancelled his corporate card for violation of company policy.

39. Two days later, on March 4, 2015, Kaufman admitted in an email to Ms. O'Hara that he had improperly used his corporate credit card to pay for personal expenses. Kaufman attempted to justify his violation of company policy by claiming that he was going through a divorce and that his wife had "locked up" his bank accounts and credit cards. Based upon transactions occurring in just one year alone, he conceded in the email that he owed Blue Shield thousands of dollars for personal charges to his corporate card. He also admitted that he was at fault for not telling anyone at Blue Shield about his circumstances or the expenses that he was improperly charging to his corporate card. Despite admitting to multiple violations of company policy, Kaufman wrote, "I'm sure you will get a good laugh at some of my stories and truly see how dedicated I am to [Blue Shield]."

40. On March 9, 2015, Blue Shield interviewed Kaufman to discuss the allegations being made against him and the repeated violations of company policy that Blue Shield's investigations had unearthed. During the interview, Kaufman admitted that he had knowingly violated Blue Shield's Travel and Expense Policy and the company's Code of Conduct. At the conclusion of the interview, Blue Shield informed Kaufman that he was being placed on administrative leave while Blue Shield finalized its investigation into the allegations made against him. During his administrative leave, Kaufman retained his paid status, and his benefits and accruals remained unaffected.

///
///
///
///

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

**D.**   **Following an Extensive Investigation, Blue Shield Terminates Kaufman's Employment.**

41.   On March 10, 2015, after concluding its investigation, and substantiating each of the accusations made against him, Blue Shield terminated Kaufman's employment for cause. As explained in the termination letter to Kaufman dated March 10, 2015, Kaufman was terminated for: (1) violating Blue Shield's Travel and Expense Policy; (2) violating Blue Shield's Code of Conduct; (3) interfering with an investigation; and (4) causing reputational damage to Blue Shield.

42.   In response to his termination for cause, Kaufman filed the Complaint in this action. Blue Shield will establish that Kaufman's Complaint is meritless, and that Kaufman owes Blue Shield substantial amounts – potentially hundreds of thousands of dollars – for his tortious misconduct while employed at Blue Shield.

### FIRST CAUSE OF ACTION
**(Fraud)**
**(As Against All Defendants)**

43.   Blue Shield alleges and incorporates by reference as though fully set forth herein the allegations in paragraphs 1 through 42, inclusive, of this Cross-Complaint.

44.   As described in detail in the preceding paragraphs of this Cross-Complaint, during his nearly two years of employment at Blue Shield, Kaufman made misrepresentations and omissions of material fact to Blue Shield. Despite acknowledging and agreeing to use the corporate card solely to pay for business expenses, Kaufman defrauded Blue Shield by knowingly and repeatedly using his corporate card to pay for personal expenditures amounting to potentially hundreds of thousands of dollars including, but not limited to, the following: Kaufman's $17,490.79 personal vacation with his girlfriend as alleged in paragraph 33; Kaufman's $1,382.00 night at the Warwick on February 13, 2015 as alleged in paragraph 34; Kaufman's extravagant lunch, drinks, and dinner on January 8, 2015 as alleged in paragraph 35; and Kaufman's stay with his girlfriend at the W Hotel in Fort Lauderdale as alleged in paragraph 36. There are many additional personal expenses that Kaufman falsified and claimed as business expenses in expense reports submitted to Blue Shield.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

45.     On numerous occasions between April 1, 2013 and March 1, 2015, Kaufman intentionally submitted, or knowingly directly instructed his administrative assistant to submit, a falsified expense report certifying that his expenses had a business purpose and were not personal expenses. In each instance Kaufman requested that Blue Shield approve and pay for the items identified on his falsified expense reports as business expenses.

46.     In using his corporate credit card for personal expenses and submitting falsified expense reports for personal transactions, Kaufman knowingly and intentionally misrepresented the true nature of his expenses to Blue Shield. At the time Kaufman submitted his personal expenses to Blue Shield for approval, Kaufman failed to inform Blue Shield that they were personal expenses and/or that his expenses violated Blue Shield's Travel and Expense Policy and Code of Conduct. Kaufman intentionally misrepresented to Blue Shield that his personal transactions were valid business expenses.

47.     Kaufman knew that his material misrepresentations and omissions were false and acted with a reckless disregard of the truth. Kaufman intended to deceive and induce Blue Shield's reliance on his false representations as he submitted the reports with an expectancy that Blue Shield would approve and pay for his personal expenses.

48.     Blue Shield did not know the falsity of Kaufman's misrepresentations and omissions, and instead justifiably relied on Kaufman's false representations and omissions. With more than 5,000 employees, Blue Shield must rely on the honesty and integrity of its employees – particularly its senior executives. Moreover, Kaufman expressly acknowledged and agreed to abide by Blue Shield's Code of Conduct and Travel and Expense Policy. Thus, Kaufman understood Blue Shield's express policy that "[f]alsification of expense reports will result in termination." In addition, Kaufman concealed the true nature of his expenses by using techniques to split expense reporting so as not to draw attention to his excessive spending.

49.     Blue Shield's reliance on Kaufman's misrepresentations and omissions was the proximate cause of injury to Blue Shield.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

50.     As a direct and proximate result of the fraudulent conduct of Kaufman as alleged herein, Blue Shield suffered substantial damages and pecuniary loss in an amount to be proven at trial.

51.     Kaufman's conduct in intentionally falsifying expense reports and charging personal expenses to Blue Shield was willfully and wantonly in conscious disregard of the unjustifiable and substantial risk of significant financial harm to Blue Shield.

52.     Kaufman's conduct as alleged herein constitutes malicious, oppressive, fraudulent, willful and wanton tortious behavior, in blatant and reckless disregard of Blue Shield's rights, for which Blue Shield should recover punitive and exemplary damages in an amount sufficient to deter Kaufman and other persons similarly situated from engaging in similar conduct in the future.

WHEREFORE, Blue Shield prays for judgment as set forth below.

### SECOND CAUSE OF ACTION
**(Breach of Fiduciary Duty)**
**(As Against All Defendants)**

53.     Blue Shield alleges and incorporates by reference as though fully set forth herein the allegations in paragraphs 1 through 52, inclusive, of this Cross-Complaint.

54.     Kaufman was employed as Blue Shield's Chief Technology Officer and Vice President of Health Information and Technology.  As a senior executive and officer of Blue Shield who managed the company's Health Information and Technologies department and also advised on the future technologies and long-term technological direction of the company, Kaufman owed Blue Shield a fiduciary duty to at all times act in the best interests of Blue Shield.

55.     Furthermore, pursuant to the Code of Conduct – which Kaufman signed and acknowledged, and for which he also completed a related training course – Kaufman was expected to "model integrity-based conduct for the Company." Kaufman also acknowledged and agreed that he had "an obligation to act in the best interests of Blue Shield." Based upon Blue Shield's Travel and Expense Policy – which Kaufman also signed and acknowledged – Kaufman also had a duty to "check . . . company card charges for accuracy before submitting them for reimbursement."

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

56.     As described in detail in the preceding paragraphs of this Cross-Complaint, Kaufman breached his fiduciary duty to Blue Shield by falsifying his expense reports so that Blue Shield paid for Kaufman's personal expenses.  Kaufman also breached his fiduciary duty by knowingly and intentionally violating Blue Shield's Travel and Expense Policy and Code of Conduct in charging personal expenses to his corporate card and thereafter fraudulently misrepresenting the transactions as business expenses and by taking other actions to violate the Travel and Expense Policy and Code of Conduct.  Kaufman's actions violated his fiduciary duties as a senior executive at Blue Shield, as well as his express obligations under Blue Shield's Code of Conduct and Travel Expense Policies.

57.     As a direct and proximate result of Kaufman's breaches of fiduciary duty as alleged herein, Blue Shield suffered substantial damages and pecuniary loss in an amount to be proven at trial.

58.     Kaufman's conduct in intentionally falsifying expense reports and charging personal expenses to Blue Shield and the other actions taken to violate the Travel and Expense Policy and Code of Conduct was willfully and wantonly in conscious disregard of the unjustifiable and substantial risk of significant financial harm to Blue Shield.

59.     Kaufman's conduct as alleged herein constitutes malicious, oppressive, fraudulent, willful and wanton tortious behavior, in blatant and reckless disregard of Blue Shield's rights, for which Blue Shield should recover punitive and exemplary damages in an amount sufficient to deter Kaufman and other persons similarly situated from engaging in similar conduct in the future.

WHEREFORE, Blue Shield prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
#### (Breach of the Duty of Loyalty)
#### (As Against All Defendants)

60.     Blue Shield alleges and incorporates by reference as though fully set forth herein the allegations in paragraphs 1 through 59, inclusive, of this Cross-Complaint.

61.     Kaufman was employed as Blue Shield's Chief Technology Officer and Vice President of Health Information and Technology.  As a senior executive and officer of Blue

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

1  Shield who managed the Health Information and Technologies department and also advised on

2  the future technologies and long-term technological direction of the company, Kaufman owed

3  Blue Shield the highest duty of good faith, loyalty and due care, which included the duty to

4  behave openly, honestly and fairly.

5      62.   Furthermore, pursuant to the Code of Conduct – which Kaufman signed and

6  acknowledged, and for which he also completed a related training course – Kaufman was

7  expected to "model integrity-based conduct for the Company." Kaufman also acknowledged and

8  agreed that he had "an obligation to act in the best interests of Blue Shield." Based upon Blue

9  Shield's Travel and Expense Policy – which Kaufman also signed and acknowledged – Kaufman

10  also had a duty to "check . . . company card charges for accuracy before submitting them for

11  reimbursement."

12      63.   As described in detail in the preceding paragraphs of this Cross-Complaint,

13  Kaufman breached his duty of loyalty to Blue Shield by falsifying his expense reports so that

14  Blue Shield paid for Kaufman's personal expenses. Kaufman also breached his duty of loyalty by

15  knowingly and intentionally violating Blue Shield's Travel and Expense Policy and Code of

16  Conduct in charging personal expenses to his corporate card and thereafter fraudulently

17  misrepresenting the transactions as business expenses, as well as by taking other actions to violate

18  the Travel and Expense Policy and Code of Conduct. Kaufman's actions violated his duty of

19  loyalty as a senior executive at Blue Shield, as well as his express obligations under Blue Shield's

20  Code of Conduct and Travel Expense Policies. Under no Blue Shield policy or procedure was

21  Kaufman entitled to charge Blue Shield for his personal expenses.

22      64.   As a direct and proximate result of Kaufman's breaches of the duty of loyalty as

23  alleged herein, Blue Shield suffered substantial damages and pecuniary loss in an amount to be

24  proven at trial.

25      65.   Kaufman's conduct in intentionally falsifying expense reports and charging

26  personal expenses to Blue Shield and the other actions taken to violate the Travel and Expense

27  Policy and Code of Conduct was willfully and wantonly in conscious disregard of the

28  unjustifiable and substantial risk of significant financial harm to Blue Shield.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

C-92

66.     Kaufman's conduct as alleged herein constitutes malicious, oppressive, fraudulent, willful and wanton tortious behavior, in blatant and reckless disregard of Blue Shield's rights, for which Blue Shield should recover punitive and exemplary damages in an amount sufficient to deter Kaufman and other persons similarly situated from engaging in similar conduct in the future.

WHEREFORE, Blue Shield prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
### (Conversion)
### (Against All Defendants)

67.     Blue Shield alleges and incorporates by reference as though fully set forth herein the allegations in paragraphs 1 through 66, inclusive, of this Cross-Complaint.

68.     As an employee, senior executive and Chief Technology Officer of Blue Shield, Kaufman owed Blue Shield a duty not to use his company-issued credit card for personal expenses and not to submit falsified expense reports.

69.     As described in detail in the preceding paragraphs of this Cross-Complaint, Kaufman falsified expense reports so that Blue Shield, and not Kaufman, paid for Kaufman's personal expenses. Kaufman had no ownership or property right to the funds that Blue Shield used to pay for Kaufman's personal expenses.

70.     Kaufman converted Blue Shield's property by falsifying his expense reports so that Blue Shield paid for Kaufman's personal expenses, and by charging personal expenses to his Blue Shield credit card and thereafter misrepresenting personal transactions as business expenses.

71.     Blue Shield was unaware of and did not consent to Kaufman's use of its corporate card for Kaufman's personal expenses. To the contrary, Blue Shield unequivocally told Kaufman that his corporate credit card was company property and could "NOT to be used for any personal transactions."

72.     As a direct and proximate result of Kaufman's conversion, Kaufman has been unjustly enriched, and Blue Shield has been damaged, in an amount according to proof at trial.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

C-93

73.   Kaufman's conduct in converting Blue Shield's property was willfully and wantonly in conscious disregard of the unjustifiable and substantial risk of significant financial harm to Blue Shield.

74.   The aforementioned conduct of Kaufman constitutes malicious, oppressive, fraudulent, willful and wanton tortious behavior, in blatant and reckless disregard of Blue Shield's rights, for which Blue Shield should recover punitive and exemplary damages in an amount sufficient to deter Kaufman and other persons similarly situated from engaging in similar conduct in the future.

WHEREFORE, Blue Shield prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION
#### (Negligent Misrepresentation)
#### (Against All Defendants)

75.   Blue Shield alleges and incorporates by reference as though fully set forth herein the allegations in paragraphs 1 through 74, inclusive, of this Cross-Complaint.

76.   As described in detail in the preceding paragraphs of this Complaint, Kaufman made misrepresentations and omissions of material fact to Blue Shield. Specifically, Kaufman repeatedly used his Blue Shield corporate card to pay for personal expenses, and then submitted expense reports to Blue Shield representing that such expenses constituted valid business expenditures for which Blue Shield should be responsible.

77.   Kaufman made the material misrepresentations and omissions described herein without any reasonable basis for believing them to be true at the time they were made and with the intent to induce Blue Shield to pay for Kaufman's personal expenses.

78.   Blue Shield was unaware that Kaufman made material misrepresentations and omissions. Blue Shield did not discover the falsity of these material misrepresentations and omissions until a Blue Shield employee complained about Kaufman and Blue Shield launched an investigation into Kaufman's conduct.

79.   Blue Shield did not know the falsity of Kaufman's misrepresentations and omissions, and instead justifiably relied upon the false misrepresentations and omissions.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

C-94

80.     Blue Shield's reliance upon Kaufman's misrepresentations and omissions of material fact was reasonable, particularly because Kaufman concealed the true nature of his expenses so as to not draw attention to his personal and/or excessive spending.

81.     Blue Shield's reliance upon Kaufman's misrepresentations and omissions of material fact was the proximate cause of injury to Blue Shield.

82.     As a direct and proximate result of the fraudulent conduct of Kaufman as alleged herein, Blue Shield suffered substantial damages and pecuniary loss in an amount to be proven at trial.

WHEREFORE, Blue Shield prays for judgment as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Cross-Complainant Blue Shield respectfully requests that this Court enter judgment in its favor and against Plaintiff and Cross-Defendant Aaron Kaufman as follows:

(1)     For actual damages in an amount to be proven at trial, as well as general and special damages arising out of Kaufman's fraudulent misrepresentations, breaches of fiduciary duty, breaches of the duty of loyalty, and conversion;

(2)     For disgorgement from Kaufman and restitution to Blue Shield of all funds paid by Blue Shield to Kaufman for Kaufman's personal expenses improperly charged to Blue Shield;

(3)     For exemplary or punitive damages against Kaufman in an amount appropriate to punish and deter others from engaging in similar conduct;

(4)     For an order dismissing Kaufman's Complaint with prejudice and finding that Kaufman take nothing by reason of the Complaint on file herein;

(5)     For pre-judgment and post-judgment interest at the maximum rate allowed pursuant to statutory and common law;

(6)     For attorneys' fees as permitted by law and costs of suit incurred herein; and

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

## PROOF OF SERVICE

I, Elaine T. Maestro, declare as follows:

I am employed in San Francisco County, San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is MANATT, PHELPS & PHILLIPS, LLP, One Embarcadero Center, 30th Floor, San Francisco, California 94111. On April 21, 2015, I served the within:

**CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT FOR:**

1. Fraud
2. Breach of Fiduciary Duty
3. Breach of the Duty of Loyalty
4. Conversion
5. Negligent Misrepresentation

on the interested parties in this action addressed as follows:

> David Peter Cwiklo, Esq.
> Law Offices of David Peter Cwiklo
> 21550 Oxnard Street, Suite 1010
> Woodland Hills, CA 91367
> Phone: 818.719.8000
> Fax: 818.719.9009

[X]  (BY MAIL) By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, San Francisco, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 21, 2015, at San Francisco, California.

_____
Elaine T. Maestro

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

1    (7)    For such other and future relief as the Court deems appropriate, fair,

2    equitable and just.

3

Dated: April 21, 2015                    MANATT, PHELPS & PHILLIPS, LLP

4

5

6                                        By: _____
                                             Sharon B. Bauman
7                                        *Attorneys for Defendant and Cross-Complainant*
                                         CALIFORNIA PHYSICIANS' SERVICE, d/b/a BLUE
8                                        SHIELD OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT

C-97

# EXHIBIT D

1

CWIKLO LAW FIRM

2
DAVID PETER CWIKLO, SBN 114118
WARNER CENTER TOWERS

3
21650 OXNARD STREET • SUITE 1960
WOODLAND HILLS, CALIFORNIA 91367

4
TELEPHONE (818) 719-8000 • FACSIMILE (818) 719-9009

**FILED**
Superior Court of California
County of Los Angeles

JUN 12 2015

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Victor Sino-Cruz

5
**ATTORNEYS FOR PLAINTIFF**          AARON KAUFMAN

6

7

8
SUPERIOR COURT OF THE STATE OF CALIFORNIA

9
FOR THE COUNTY OF LOS ANGELES

10

11
AARON KAUFMAN,

CASE NO: BC577827.

12
         PLAINTIFF,

HONORABLE MARK MOONEY.

13
VS.

14

PLAINTIFF AND CROSS-DEFENDANT
AARON KAUFMAN'S NOTICE OF
DEMURRER AND DEMURRER TO
DEFENDANT AND CROSS-COMPLAINANT
CALIFORNIA PHYSICIANS' SERVICE dba
BLUE SHIELD OF CALIFORNIA'S CROSS-
COMPLAINT.

15
CALIFORNIA PHYSICIANS' SERVICE
dba BLUE SHIELD OF CALIFORNIA,

16
ET AL.,

17
         DEFENDANTS.

18

[REQUEST FOR JUDICIAL NOTICE FILED
CONCURRENTLY HEREIN]

19
CALIFORNIA PHYSICIANS' SERVICE
dba BLUE SHIELD OF CALIFORNIA,

20
ET AL.,

21
         CROSS-COMPLAINANT,

DATE:      AUGUST 24, 2015.
TIME:      8:30 A.M.

22
VS.

DEPT:      68.
T/DATE:    NONE.

23

24
AARON KAUFMAN,

25
         CROSS-DEFENDANT.

26

27

28

- 1 -

PLAINTIFF AND CROSS-DEFENDANT KAUFMAN'S DEMURRER TO
DEFENDANT AND CROSS-COMPLAINANT'S CROSS-COMPLAINT

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 24, 2015, 2015 at 8:30 a.m., in Department 68 of the above-entitled court, the Honorable Mark Mooney, Judge Presiding, plaintiff and cross-defendant Aaron Kaufman, will and does hereby demurrer to defendant and cross-complainant California Physicians' Service dba Blue Shield of California ("Blue Shield")'s cross-complaint, pursuant to Code of Civil Procedure §410.10 upon the following grounds: (1) Blue Shield's cross-complaint failed to state facts sufficient to constitute their First Cause of Action for Fraud; (2) Blue Shield's cross-complaint failed to state facts sufficient to constitute their Second Cause of Action Breach of Fiduciary Duty; (3) Blue Shield's cross-complaint failed to state facts sufficient to constitute their Third Cause of Action for Breach of the Duty of Loyalty; (4) Blue's Shield cross-complaint failed to state facts sufficient to constitute their Fourth Cause of Action for Conversion; and (5) Blue Shield's cross-complaint failed to state facts sufficient to constitute their Fifth Cause of Action for Negligent Misrepresentation.

This demurrer is based on this Notice of Demurrer and Demurrer, the Memorandum of Points and Authorities, the Request to Take Judicial Notice, the declaration of David Peter Cwiklo, all records and pleadings on file with the Court and upon such further oral and documentary evidence that may be presented to this Court at the time of the hearing of this matter.

Dated: June 12, 2015                    CWIKLO LAW FIRM


                                        DAVID PETER CWIKLO
                                        Attorneys for Plaintiff and Cross-Defendant
                                        AARON KAUFMAN

- 2 -

**TABLE OF CONTENTS**

SUMMARY OF ISSUES ON DEMURRER ................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

1.  INTRODUCTION ............................................................................................. 1

2.  BRIEF SUMMARY OF DEMURRER ISSUES ........................................... 1

3.  STANDARD ON DEMURRER ....................................................................... 2

4.  THE CROSS-COMPLAINT FOR FRAUD WAS INADEQUATELY PLED AND CANNOT WITHSTAND DEMURRER ........................................... 3

    A.  A Fraud Cause of Action Must Be Pled With Specificity ................................................................ 3

    B.  The Cross-Complaint Failed to Properly Allege The Elements of Fraud ................................................. 4

    C.  The Cross-Complaint For "Fraud" Sounds In Contract, and Relief in Tort is Inappropriate ................. 5

    D.  Kaufman's Demurrer Should Be Sustained Because of Blue Shield's Conclusory Allegations Regarding Expenses Reports, Phony Business Purposes, Investigation Interference Were Pled Without Specific Facts ............. 6

    E.  Blue Shield Failed to Pled Damages With Particularity ................................................................ 7

5.  THE BREACH OF FIDUCIARY DUTY CLAIM FAILS ............................ 8

6.  THE BREACH OF DUTY OF LOYALTY CLAIM FAILS ......................... 9

7.  FOR THE SAME REASON BLUE SHIELD'S FRAUD CAUSE OF ACTION FAILS, SO, TOO, DOES THEIR FOURTH CAUSE OF ACTION FOR CONVERSION FAIL ................................................. 10

8.  BLUE SHIELD'S ALLEGATIONS OF NEGLIGENT MISREPRE-SENTATION WERE INHERENTLY CONTRADICTORY, AMBIGUOUS AND UNINTELLIGIBLE .................................................... 10

D-100

9.    BLUE SHIELD'S CLAIM FOR ATTORNEY'S FEES IS WITHOUT MERIT .......................................................... 11

10.   CONCLUSION.................................................................. 11

Declaration of David Peter Cwiklo

D-101

# CASES

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*
(1999) 7 Cal.4th 503, 515, 516, 517 ............................................................... 5

*Blank v. Kirwan*
(1985) 39 Cal.3d 311, 318 ............................................................................. 2

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith*
(1988) 68 Cal.App.4th 445, 459 .................................................................... 3

*Committee on Children's Television, Inc. v. General Foods Corp.*
(1983) 35 Cal.3d 197, 213, 216 .................................................................. 2, 3

*Cooper v. Equity General Insurance*
(1990) 219 Cal.App.3d 1252, 1262 ............................................................... 3

*Erlich v. Menezes*
(1999) 21 Cal.4th 543, 551 ........................................................................... 5

*Fowler v. Varian Associates, Inc.*
(1987) 196 Cal.App.3d 34 ............................................................................. 9

*Freeman & Mills, Inc. v. Belcher Oil Co.*
(1995) 11 Cal.4th 85, 98, 102 .................................................................... 5, 6

*Goodman v. Kennedy*
(1976) 18 Cal.3d 335, 349 ............................................................................ 3

*Hills Trans. Co. v. Southwest*
(1968) 266 Cal.App.2d 702, 707 ................................................................... 4

*Huong Que, Inc. v. Luu*
(2007) 150 Cal.App.4th 400 .......................................................................... 9

*Lazar v. Superior Court*
(1996) 12 Cal.4th 631, 638 ........................................................................... 4

*Mattel, Inc. v. MGA Entertainment, Inc.*
CV 04-09049 DOC (RNBx) ........................................................................... 9

*Pavicich v. Santucci*
(2000) 85 Cal.App.4th 383, 396 .................................................................... 8

*Pierce v. Lyman*
(1991) 1 Cal.App.4th 1093, 1101.................................................................8

*Richelle L v. Roman Catholic Archbishop*
(2003) 106 Cal.App.4th 257, 271..............................................................8

*Roberts v. Ball, Hunt, Hart, Brown & Baerwitz*
(1976) 57 Cal.App.3d 104, 109.................................................................3

*Robinson Helicopter Co., Inc. v. Dana Corp*
(2004) 34 Cal.4th 979, 990.......................................................................4

*Serrano v. Priest*
(1971) 5 Cal.3d 584, 591...........................................................................2

*Sher V. Leiderman*
(1986) 181 Cal.App.3d 867, 855...............................................................2

*Thomson v. Call*
(1985) 38 Cal.3d 633, 637.........................................................................9

*Waverly Productions, Inc. v. RKO General, Inc.*
(1963) 217 Cal.App.2d 721, 732...........................................................8, 9

*Wilhelm v. Pray, Price, Williams & Russell*
(1986) 186 Cal.App.3d 1324, 1331...........................................................6

**STATUTES**

Cal. Bus. & Profes. Code §16600 ...........................................................10

Civil Code §3333 .................................................................................4, 7

Code of Civil Procedure §430.10(b), (e) and (f)......................................2

Code of Civil Procedure §430.30.............................................................2

Penal Code §540 ......................................................................................3

Penal Code §641.3 ....................................................................................3

- iv -

D-103

1

<u>SUMMARY OF ISSUES ON DEMURRER</u>

2

Plaintiff and Cross-Defendant Aaron Kaufman demurs to defendant and cross-complainant

3

California Physicians' Service dba Blue Shield of California ("Blue Shield")'s cross-complaint based

4

upon the following:

5

**DEMURRER TO FIRST CAUSE OF ACTION FOR**

6

**FRAUD**

7

(1)      Defendant and cross-complainant Blue Shield's First Cause of Action for Fraud failed

8

to state specific facts sufficient to constitute a cause of action.  *Code of Civil Procedure* §§430.10(e),

9

430.30.  Defendant and cross-complainant Blue Shield has not pled with *specificity* each and every

10

element of a fraud cause of action.

11

**DEMURRER TO SECOND CAUSE OF ACTION FOR**

12

**BREACH OF FIDUCIARY DUTY**

13

(2)      Defendant and cross-complainant Blue Shield's Second Cause of Action for Breach of

14

Fiduciary Duty failed to state facts sufficient to constitute a cause of action.  *Code of Civil Procedure*

15

§§ 430.10(e), 430.30.  Defendant and cross-complainant Blue Shield failed to identify a special

16

relationship beyond the employer-employee relationship regarding the alleged credit card misuse that

17

violated the terms and conditions of Kaufman credit card application.

18

**DEMURRER TO THIRD CAUSE OF ACTION FOR**

19

**BREACH OF THE DUTY OF LOYALTY**

20

(3)      Defendant and cross-complainant Blue Shield's Third Cause of Action for Breach of

21

the Duty of Loyalty failed to state facts sufficient to constitute a legally-recognized cause of action.

22

*Code of Civil Procedure* §§ 430.10(e), 430.30.

23

**DEMURRER TO FOURTH CAUSE OF ACTION FOR**

24

**CONVERSION**

25

(4)      Defendant and cross-complainant Blue Shield's Fourth Cause of Action for Conversion

26

failed to state specific facts sufficient to constitute a cause of action.  *Code of Civil Procedure* §§

27

430.10(e), 430.30.  Defendant and cross-complainant Blue Shield failed to plead with specificity each

28

and every element of a conversion cause of action based upon the alleged credit card misuse in

- 1 -

-------------------------------------------------------------------------------
PLAINTIFF AND CROSS-DEFENDANT KAUFMAN'S DEMURRER TO 104
DEFENDANT AND CROSS-COMPLAINANT'S CROSS-COMPLAINT

violation of the terms and conditions of Kaufman's credit card application.

## DEMURRER TO FIFTH CAUSE OF ACTION FOR
## NEGLIGENT MISREPRESENTATION

(5)     Defendant and cross-complainant Blue Shield's Fifth Cause of Action for Negligent Misrepresentation failed to state specific facts sufficient to constitute a cause of action. *Code of Civil Procedure* §§ 430.10(e), 430.30. Defendant and cross-complainant Blue Shield failed to plead with specificity each and every element of a negligent misrepresentation cause of action based upon the alleged credit card misuse in violation of the terms and conditions of Kaufman's credit card application.

## CONCLUSION

Plaintiff and cross-defendant Aaron Kaufman respectfully requests this Court sustain this demurrer without leave to amend and award such other relief as the Court may deem necessary and proper.

Dated: June 12, 2015                              CWIKLO LAW FIRM


                                                  DAVID PETER CWIKLO
                                                  Attorneys for Plaintiff and Cross-Defendant
                                                  AARON KAUFMAN

PLAINTIFF AND CROSS-DEFENDANT KAUFMAN'S DEMURRER TO
DEFENDANT AND CROSS-COMPLAINANT'S CROSS-COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.     INTRODUCTION.**

This is a wrongful termination and whistleblower retaliation action brought by former Vice President and Chief Technology Officer Aaron Kaufman ("Kaufman") against his former employer California Physicians' Service, dba Blue Shield of California, one of California's largest insurers, with an estimated 3.4-million members, 65,000 physicians, 5,000 employees, with an annual profit of $13.6-billion ("Blue Shield").  In December 2014 and in January 2015 Kaufman "blew the whistle" on Senior Vice President and Chief Information Officer Michael Mathias when he opposed his financial irregularities based upon his good faith, reasonable belief Mathias was involved in financial improprieties and unlawful conduct that bilked Blue Shield out of $3-million, Kaufman's anti-fraud and cost containment efforts to protect all California consumers, including their 3.4 million members. In response, on March 11, 2015 Mathias retaliated against Kaufman by the termination of his Blue Shield career 1-day before Blue Shield was scheduled to pay Kaufman his $450,000 executive incentive compensation bonus he earned 3-months earlier on December 31, 2014.

**2.     BRIEF SUMMARY OF DEMURRER ISSUES.**

On April 6, 2015 Kaufman filed his wrongful termination and whistleblower retaliation lawsuit (Request for Judicial Notice, Exhibit A). On April 21, 2015 Blue Shield answered Kaufman's complaint. On April 21, 2015 Blue Shield filed their cross-complaint and alleged the following causes of action against Kaufman: (1) Fraud; (2) Breach of Fiduciary Duty; (3) Breach of the Duty of Loyalty; (4) Conversion; and (5) Negligent Misrepresentation (RJN, Exhibit B).

In summary, Blue Shield alleged 5 causes of action predicated primarily upon Kaufman's alleged misuse of his corporate credit card which Blue Shield alleged violated the terms and conditions of the corporate credit card usage agreement found in the credit card application Kaufman signed on the second day of his employment when applied for a corporate credit card.

Plaintiff and cross-defendant Aaron Kaufman's demurrer to defendant and cross-complainant Blue Shield's cross-complaint is based on the following:

(1)     Cross-complainant Blue Shield failed to state facts sufficient to constitute their First Cause of Action for Fraud;

- 1 -

1      (2)     Cross-complainant Blue Shield failed to state facts sufficient to constitute their

2           Second Cause of Action Breach of Fiduciary Duty;

3      (3)     Cross-complainant Blue Shield failed to state facts sufficient to constitute their

4           Third Cause of Action for Breach of the Duty of Loyalty;

5      (4)     Cross-complainant Blue Shield failed to state facts sufficient to constitute their

6           Fourth Cause of Action for Conversion; and

7      (5)     Cross-complainant Blue Shield failed to state facts sufficient to constitute their

8           Fifth Cause of Action for Negligent Misrepresentation.

9     For these reasons Kaufman's demurrer to Blue Shield's cross-complaint should be sustained,

10 without leave to amend.

11 **3.**     **STANDARD ON DEMURRER.**

12     A demurrer tests the legal sufficiency of the pleading. *Committee on Children's Television,*

13 *Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 213. Demurring party recognizes that for purposes

14 of this demurrer he admits the truth of all properly pled material facts. *Serrano v. Priest* (1971) 5

15 Cal.3d 584, 591. However, this principle is inapplicable to contentions, deductions, or conclusions of

16 fact or law. *Id.*

17     *Code of Civil Procedure*, §430.10(b), (e) and (f) provide that:

18     The party against whom a complaint or cross-complaint has been filed may object,

19     by demurrer or answer, as provided in Section 430.30, to the pleading on any one

20     or more of the following grounds …

21     (e)     The pleading does not state facts sufficient to constitute a cause of action.

22     (f)     The complaint or cross-complaint is "uncertain" (i.e., ambiguous and unintelligible).

23     The court considers the pleading on its face, or those matters which may or must be judicially

24 noticed. *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318. The complaint (cross-complaint) is afforded a

25 reasonable interpretation, reading it as a whole and its parts in their context. *Id.* Accordingly, a

26 demurrer should be sustained if there is no factual basis for relief under any theory reasonably

27 contemplated by the pleadings. *Sher v. Leiderman* (1986) 181 Cal.App.3d 867, 855. Leave to amend

28 is normally appropriate only when plaintiff (cross-complainant) has carried its burden to sufficiently

1  demonstrate the possibility of an ability to cure pleading defects.  *Goodman v. Kennedy* (1976) 18

2  Cal.3d 335, 349.  Conversely, when the nature of the plaintiff (cross-complainant)'s claim is clear and

3  substantive law does not support the claim, courts should deny leave to amend because no amendment

4  would change the result.  *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith* (1988) 68

5  Cal.App.4th 445, 459.  Given the foregoing standard of review, Blue Shield's cross-complaint is

6  barred by well-established law.

7  **4.      THE CROSS-COMPLAINT FOR FRAUD WAS INADEQUATELY PLED**

8  **         AND CANNOT WITHSTAND DEMURRER.**

9  **        A.      A Fraud Cause of Action Must Be Pled With Specificity.**

10        Blue Shield's cross-complaint was a vaguely asserted, factually and legally-inadequate

11  pleading that sought included a fraud cause of action and a host of other curiously deficient purported

12  causes of action based upon a Kaufman's conduct during the course and scope of his employment

13  Blue Shield claimed they only "discovered" *after* Kaufman "blew the whistle" on what Kaufman

14  reasonably and in good faith believed was Senior VP Mathias' gross financial mismanagement of

15  Blue Shield's funds in violation of California public policy to maintain a workplace environment free

16  of criminal conduct, including illegal embezzlement, bribery and kickbacks (Penal Code §§504,

17  641.3) (Complaint ¶14).  Plainly, the timing of Blue Shield's cross-complaint is construed as yet

18  another act of Blue Shield retaliation against Kaufman that was supported by little more than

19  conclusory statements and without the required *specific* factual support that identified the *who, what,*

20  *when, where, why* and *how* requirements necessary to properly plead a fraud cause of action.

21        "In California, every element of a cause of action for fraud must be alleged both factually and

22  *specifically*, and the policy of liberal construction of pleadings will *not* be invoked to sustain a

23  defective complaint."  *Cooper v. Equity General Insurance* (1990) 219 Cal.App.3d 1252, 1262.

24  *Specificity* is required to allow a defendant to fully understand the nature of the charges being made

25  against him.  *Roberts v. Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal.App.3d 104, 109.  "The

26  idea seems to be the allegations of fraud involve a serious attack on character, and fairness to the

27  defendant demands that he should receive the fullest possible details of the charge in order to prepare

28  his defense."  *Committee on Children's Television, Inc., supra,* at 216.  Thus, the policy of liberal

- 3 -

1  construction of the pleadings will cannot be invoked to sustain a fraud pleading that is defective in any

2  material respect. *Id.* This particularity requirement necessitates pleading facts which "show *how,*

3  *when, where, to whom,* and by *what* means the representations were tendered." *Hills Trans. Co. v.*

4  *Southwest* (1968) 266 Cal.App.2d 702, 707. This specificity pleading requirement standard applies

5  not only to the alleged misrepresentation, but also to the elements of causation and damages. "In

6  order to recover for fraud, as in any other tort, the cross-complaint must plead and prove the detriment

7  proximately caused by the cross-defendant's tortuous conduct. *Civil Code* §3333. In a fraud cause of

8  action general and conclusory allegations do not suffice … This particularity requirement necessitates

9  pleading *facts* which show *how, when, to whom and by what means* the representations were

10  tendered." *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.

**B.  The Cross-Complaint Failed to Properly Allege The Elements of Fraud.**

12  A fraud cause of action must allege the following elements: (1) a misrepresentation (false

13  representation, concealment or nondisclosure); (2) knowledge of the falsity (scienter); (3) intent to

14  defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Robinson*

15  *Helicopter Co., Inc. v. Dana Corp* (2004) 34 Cal.4th 979, 990.

16  Blue Shield's fraud cause of action was based upon allegations Kaufman misused his company

17  issued credit card. Blue Shield alleged Kaufman "submitted an application" for a company credit card

18  on his second day of work (X-Complaint ¶21). Blue Shield alleged that when Kaufman signed the

19  application he expressly agreed the credit card was not for "personal transactions" (X-Complaint ¶21),

20  that Kaufman agreed to comply with Blue Shield's "Travel and Expense Policy," a term contained

21  within the 4-corners of this credit card application (X-Complaint ¶21). On March 10, 2015 Blue

22  Shield alleged they fired Kaufman following their investigation that concluded: (1) Kaufman violated

23  the Travel and Expense Policy provision contained within the credit card application; (2) Kaufman

24  violated Blue Shield's Code of Conduct by using his company credit card contrary to the terms

25  contained in the credit card application; (3) Kaufman interfered with "an investigation"; and (4)

26  Kaufman caused "reputation damage" to Blue Shield (X-Complaint ¶41).

27

28  / / /

**C.      The Cross-Complaint For "Fraud" Sounds In Contract, and**

**Relief in Tort is Inappropriate.**

The entirety of Blue Shield's fraud allegations were predicated upon Kaufman's alleged

misuse of his corporate credit card, that Kaufman violated the terms and conditions expressed in his

credit card application.  Blue Shield has alleged facts supporting an alleged breach of contract (credit

card application) and not a fraud cause of action.  Blue Shield alleged Kaufman's "credit card

obligations" arose from the terms and conditions of the Blue Shield corporate credit card application

(X-Complaint ¶21).  When Kaufman filled out the credit card application he purportedly agreed it was

"not to be used for any personal transaction" (X-Complaint ¶21).  Blue Shield alleged Kaufman

breached the terms and conditions contained in the credit card application when he used his credit card

for personal items.  Blue Shield wants "hundreds of thousands of dollars" from Kaufman for his

alleged violation of the terms and conditions of his credit card application.  Essentially, Blue Shield

alleged Kaufman did not perform as he promised when he signed the credit card application.  This is a

claim for breach of contract, certainly not the tort of fraud.  As a matter of law no amount of Blue

Shield "spin" elevates a simple breach of contract claim into a tort claim for intentional fraud.  The

thought that every California employer could sue every employee for "fraud" each time an employee

spent $1-over his corporate credit card limit borders on the absurd.  Conduct only becomes tortious

when it violates an independent duty arising from principles of tort law.  *Erlich v. Menezes* (1999) 21

Cal.4th 543, 551; *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1999) 7 Cal.4th 503, 515.

That does not exist here.  Blue Shield's allegations Kaufman failed to satisfy his credit card

obligations contained in the 4-corners of a credit card application did not make this alleged breach of

contract distinguishable from any other breach.  *Freeman & Mills, Inc. v. Belcher Oil Co.* (1995) 11

Cal.4th 85, 98.  "In economic terms … defendant has lost the benefit of a bargain and is entitled to

recover compensation in the form of contract damages," should defendants ever be able to allege and

prove the breach any resulting damages.  *Applied Equipment Corp.*, at 517.  The law does not

distinguish between "good" and "bad" motives for breaching a contract.  Regardless of the motives of

the alleged breaching party Kaufman, Blue Shield's remedies are limited to contract damages.  *Id.*, at

516.  There is no tort recovery for Kaufman's alleged breach of his credit card obligations absent the

PLAINTIFF AND CROSS-DEFENDANT KAUFMAN'S DEMURRER TO
DEFENDANT AND CROSS-COMPLAINANT'S CROSS-COMPLAINT

breach of an independent duty arising from principles of tort law. *Freeman & Mills v. Belcher Oil Co.* (1995) 11 Cal.4th 85, 102. Thus, Blue Shield's contractually-based tort claims fail as a matter of law.

Importantly, Blue Shield's general legal conclusions of fraud is an insufficient pleading. *Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1331. " ... [e]very element of the cause of action for fraud must be alleged in full, factually and specifically, and the policy of liberal construction of pleading will not usually be invoked to sustain a pleading that is defective in any material respect." *Wilhelm* at 1331. Here, Blue Shield did not allege any misrepresentations, *what* those misrepresentations were, *to whom* these misrepresentations were made, *who* relied upon the misrepresentations and whether that reliance was justified and *why*. Blue Shield did nothing more than offer a legal conclusion of fraud, which fell short of meeting the requirement of *specificity* when pleading a fraud cause of action under *Wilhelm*.

**D.    Kaufman's Demurrer Should Be Sustained Because of Blue Shield's Conclusory Allegations Regarding Expenses Reports, Phony Business Purposes, Investigation Interference Were Pled Without Specific Facts.**

In support of Blue Shield's allegations supporting their fraud cause of action against Kaufman Blue Shield alleged: (1) Kaufman falsified his expenses reports; (2) Kaufman created "phony business purposes"; (3) Kaufman misrepresented his personal activities; (4) Kaufman interfered with their investigation. Yet, each one of these very serious allegations were pled as Blue Shield conclusions without any *factual* support. First, Blue Shield failed to identify a *single* Kaufman falsified expense report, i.e., *who* prepared the report, *when* the report was prepared, *why* Blue Shield decided it was falsified. Second, Blue Shield failed to identify a *single* Kaufman phony business purpose. Third, Blue Shield failed to identify a *single* Kaufman misrepresentation of his personal activities, i.e., *who* made the misrepresentation, *when* each misrepresentation was made, *what* was the substance of each misrepresentation, *why* Kaufman made any misrepresentation, *to whom* each one of these alleged misrepresentations were made. Plainly, conclusory allegations, without factual support, cannot drive a *fraud* cause of action.

/ / /

### E.     Blue Shield Failed to Pled Damages With Particularity.

This specificity pleading requirement standard for a fraud cause of action also applies to the elements of causation and damages.  The cross-complaint must plead and prove the detriment proximately caused by the cross-defendant's tortuous conduct.  *Civil Code* §3333.

First, Blue Shield's cross-complaint is hopelessly vague and ambiguous as to the issue of their alleged damages.  Blue Shield alleged "Kaufman defrauded Blue Shield by knowingly and repeatedly using his corporate credit card to pay personal expenditures amounting to potentially "*hundreds (PLURAL) thousands of dollars ...*" (X-Complaint ¶44).  Yet, the very next allegation identified a $17,490.79 personal vacation and a $1,382.00 nightclub bill, a total of merely $18,872.79, a far cry from the alleged "*hundreds of thousands of dollars*" (X-Complaint ¶44).  In other paragraphs Blue Shield identified a $879.84 bill (X-Complaint ¶31); a $1,023.20 bill (X-Complaint ¶35); and a $832.50 bill (X-Complaint ¶36).  While Blue Shield made wild conclusory allegations Kaufman owed them "*hundreds of thousands of dollars*" they only pled $21,608.33 damages.  Blue Shield's wild conclusory allegations are certainly not supported by any *specific* facts.  This lack of *specificity* on this fraud cause of action warrants the grant of Kaufman's demurrer, without leave to amend.

Second, while Blue Shield alleged "*hundreds of thousands of dollars*" were charged, without any factual support, Blue Shield failed to *specify* the exact amount Blue Shield paid, *what* portion Kaufman paid, *what* portion was deducted from Kaufman's payroll check each month pursuant to his executive agreement with Blue Shield, an agreement Blue Shield had with all of their executives.  Critically, Blue Shield failed to allege a *single* Kaufman personal expense they actually paid.  Kaufman is left speculating as to what damages Blue Shield actually seeks from Kaufman, whether Blue Shield claims they asked Kaufman to pay for his personal expenses, whether Blue Shield claims some were paid, others were not and the reasons why.  Blue Shield's fraud cause of action is hopelessly deficient and failed to identify the basic elements of a fraud claim.

Third, Blue Shield alleged Kaufman's misuse of his credit card caused "reputational damage" to Blue Shield (X-Complaint ¶41).  What is "reputational damage" to one of California's largest insurer, with an estimated 3.4-million members, 65,000 physicians, 5,000 employees, with an annual profit of $13.6-billion?  Did Blue Shield only make $13.5-billion that year?  How does Blue Shield

- 7 -

compare the $3-million mismanagement of funds Kaufman alleged in his complaint (Complaint ¶'s 11-14) to Blue Shield's allegations Kaufman violated the terms and conditions of his credit card application when he used his card for a personal matter.  Blue Shield's cross-complaint failed miserably as Kaufman is left to guess and speculate as to what "reputational damages" it seeks, contrary to the pleading mandate that *all* elements of Blue Shield's fraud claim be pled with *specificity*.

## 5.     THE BREACH OF FIDUCIARY DUTY CLAIM FAILS.

A fiduciary duty is a legal or ethical relationship of trust between two or more parties.  A fiduciary often has the responsibility to take care of money or other funds entrusted to it.  In an employment setting a breach of fiduciary duty usually occurs when an employee is involved in a competing interest contrary to his employer's best interest, i.e., formulation of a competitor company, soliciting employees to join his new business venture, selling proprietary trade secrets, and so forth. Blue Shield did not plead any such factual scenarios in support of their cross-complaint.  Rather, Blue Shield attempted to weave Kaufman's alleged violation of a credit card usage agreement buried in his credit card application (breach of contract) into a breach of fiduciary duty cause of action.  Like the fraud cause of action, so, too, is the breach of fiduciary duty cause of action susceptible to demurrer.

"In order to plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach and damage proximately caused by that breach." *Pierce v. Lyman* (1991) 1 Cal.App.4th 1093, 1101, superseded by statute on another ground in *Pavicich v. Santucci* (2000) 85 Cal.App.4th 383, 396.  Usually, a corporation and its employee, by itself, does not constitute a legally recognized "fiduciary relationship."  "A fiduciary relationship is a recognized legal relationship such as a guardian and ward, trustee and beneficiary, principal and agent, or attorney and client."  *Richelle L v. Roman Catholic Archbishop* (2003) 106 Cal.App.4th 257, 271.  Similarly, courts reject breach of fiduciary claims were the claim was based upon an alleged contract or an alleged debt. *Waverly Productions, Inc. v. RKO General, Inc.* (1963) 217 Cal.App.2d 721, 732, that "[a] mere contract or a debt does not constitute a trust or create a fiduciary relationship."  That is the case at hand.

Here, Blue Shield predicated their alleged breach of fiduciary duty cause of action upon

- 8 -

grounds Kaufman breached an agreement contained in a credit card application he signed when he

was first hired, when he applied for and was given a company issued credit card.  Now, Blue Shield

alleged Kaufman owed them "hundreds of thousands of dollars" based upon his alleged breach of that

credit card usage agreement found deep in the fine print of his credit card application.  The alleged

credit card usage agreement (contract) and the outstanding debt they claim Kaufman owes (debt) is

not sufficient grounds to support a breach of fiduciary duty cause of action.  *Waverly Productions*.

Further, as Kaufman has identified in this demurrer as to Blue Shield's fraud cause of action,

Blue Shield failed to identify (1) identity facts supporting their claim Kaufman owed "hundreds of

thousands of dollars"; (2) Blue Shield failed to identify what, if anything, Blue Shield actually paid on

behalf of Kaufman that caused damage to Blue Shield; and (3) Blue Shield failed to *specify* any

alleged "reputational damage" which has left Kaufman guessing as to why Blue Shield is suing him.

For the foregoing reason Kaufman's demurrer as to Blue Shield's Second Cause of Action for Breach

of Fiduciary Duty should be sustained, without leave to amend,

## 6.    THE BREACH OF DUTY OF LOYALTY CLAIM FAILS.

An employer has a right to the undivided loyalty of its employees.  An employee violates his

duty of loyalty when he becomes engaged in a business which necessarily renders him a competitor,

no matter how much or how little time is actually devoted to the other business, or otherwise

improperly competes with his employer. *Fowler v. Varian Associates, Inc.* (1987) 196 Cal.App.3d 34.

In <u>Fowler</u> an employee breached his duty of undivided loyalty when he became closely involved with

a start-up company with a competing business.  An employee cannot transfer his loyalty to a

competitor business while still employed.  *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400.

Simply, an employee "cannot serve two masters simultaneously." *Thomson v. Call* (1985) 38 Cal.3d

633, 637.

However, there is a very serious question whether there is an actual cause of action for breach

of loyalty.  On March 28, 2011, the Hon. David O. Carter in the United States District Court in *Mattel,*

*Inc. v. MGA Entertainment, Inc.*, CV 04-09049 DOC (RNBx), granted summary judgment on a breach

of the duty of loyalty claim and ruled that as a matter of law "[T]here is No Separate Tort of a Breach

of A 'Duty of Loyalty.'" (RJN, Exhibit C).  The court stated, "[I]mposing a new duty of loyalty upon

PLAINTIFF AND CROSS-DEFENDANT KAUFMAN'S DEMURRER TO
DEFENDANT AND CROSS-COMPLAINANT'S CROSS-COMPLAINT

all employees not only runs afoul of the Supreme Court's general rule [tort duties should not be wantonly interjected into contractual relationships] but it also ignores the consistent safeguards upon employee mobility and the freedom to work in the state of California. *See, e.g.,* Cal. Bus. & Profes. Code §16600 ... *This phantom claim, found in no California jury instruction manuals, Legislative history, or Supreme Court precedent,* 'more resembles a brick thrown from a third story window than a rule of law.'"

In Blue Shield's cross-complaint they failed to allege any Kaufman relationship with a Blue Shield competitor, any Kaufman solicitation of Blue Shield employees to a competitor business, or similar factual allegations one would normally expect in support of a "breach of loyalty" cause of action. Further, according to Judge Carter, there is no such thing as a "breach of loyalty cause of action" as the employer has alternative remedies available to it under breach of contract theories Blue Shield did not bother to allege (breach of the credit card application terms and conditions). Further, consistent with all of the other causes of actions, Blue Shield did not specify their claim for damages of "hundreds of thousands of dollars." Because Blue Shield did not properly pled a claim for violation of the breach of loyalty, because Blue Shield will not be able to demonstrate any legal basis for this claim, Kaufman's demurrer should be sustained without leave to amend.

**7.     FOR THE SAME REASON BLUE SHIELD'S FRAUD CAUSE OF ACTION FAILS, SO, TOO, DOES THEIR FOURTH CAUSE OF ACTION FOR CONVERSION FAIL.**

Blue Shield's Fourth Cause of Action for Conversion parroted the same facts (lack of facts) they alleged supported their fraud cause of action. For the same reasons Blue Shield's fraud cause of action fails, so, too, must Blue Shield's conversion action similarly fail on demurrer.

**8.     BLUE SHIELD'S ALLEGATIONS OF NEGLIGENT MISREPRESENTATION WERE INHERENTLY CONTRADICTORY, AMBIGUOUS AND UNINTELLIGIBLE.**

On the one hand Blue Shield alleged "Kaufman *made* material misrepresentations and omissions of material fact to Blue Shield" (X-Complaint ¶76). On the other hand, two paragraphs later, Blue Shield alleged "Blue Shield was *unaware that Kaufman made* material misrepresentations and omissions" (X-Complaint ¶78). Well Blue Shield, what was it? Either Kaufman made material misrepresentations to Blue Shield, or he did not. Blue Shield's allegations were inherently

- 10 -

1  contradictory.  Blue Shield cannot have it both ways.  Blue Shield's negligent misrepresentation cause

2  of action is hopelessly flawed as contradictory, ambiguous and unintelligible.  Kaufman's demurrer

3  should be sustained, without leave to amend.

4  **9.      BLUE SHIELD'S CLAIM FOR ATTORNEY'S FEES IS WITHOUT MERIT.**

5       The complete lack of merit of Blue Shield's cross-complaint is demonstrated by their request

6  for attorney's fees (X-Complaint, Prayer ¶6).  Blue Shield failed to identified any contractual

7  agreement affording attorney's fees.  Blue Shield failed to identify any statutory support for a claim

8  for attorney's fees.  Blue Shield's claim for attorney's fees, like their 5 claims in their cross-

9  complaint, is without any evidentiary or legal support.

10 **10.    CONCLUSION.**

11      Plaintiff and cross-defendant Aaron Kaufman has adequately demonstrated the lack of factual

12 and legal support for Blue Shield's cross-complaint.  Kaufman's demurrer should be sustained,

13 without leave to amend.

14 Dated: June 12, 2015                    CWIKLO LAW FIRM

15

16

17                                         DAVID PETER CWIKLO
                                           Attorneys for Plaintiff and Cross-Defendant
18                                         AARON KAUFMAN

19

20

21

22

23

24

25

26

27

28

- 11 -

## DECLARATION OF DAVID PETER CWIKLO

I, David Peter Cwiklo, declare:

1.  I am an attorney at law duly licensed to practice law before all the courts of the State of California and am the attorney of record and trial counsel herein for plaintiff and cross-defendant Aaron Kaufman.  If called as a witness I would and could competently testify to those matters contained in this declaration based upon my personal knowledge in the handling of this matter on behalf of Mr. Kaufman.

2.  A true, complete and correct copy of plaintiff Aaron Kaufman's April 6, 2015 civil complaint in this action is attached hereto as Exhibit A.

3.  A true, complete and correct copy of defendant and cross-complainant California Physicians' Service dba Blue Shield of California's April 21, 2015 cross-complaint is attached hereto as Exhibit B.

4.  A true, complete and correct copy of the February 28, 2011 "Amended Memorandum and Order Granting MGAE and Larian's Motion for Judgment as a Matter of Law on Mattel's Counterclaim for Aiding and Abetting Breach of Duty of Loyalty," in the action entitle *Mattel, Inc. v. MGA Entertainment, Inc.*, Case No. CV 04-9049 DOC (RNBx) is attached hereto as Exhibit C.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and complete and to the best of my knowledge.  Executed this 12th day of June, 2015, at Woodland Hills, California.



DAVID PETER CWIKLO

DECLARATION OF DAVID PETER CWIKLO

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 21650 Oxnard Street, Suite 1960, Woodland Hills, California 91367.

On June 12, 2015, I served the foregoing document described as:

**PLAINTIFF AND CROSS-DEFENDANT AARON KAUFMAN'S NOTICE OF DEMURRER AND DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA'S CROSS-COMPLAINT. [REQUEST FOR JUDICIAL NOTICE FILED CONCURRENTLY HEREIN]**

[  ]   The true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ X ]   [  ] the original   [ X ] a true copy thereof enclosed in sealed envelopes addressed as follows:

Sharon B. Bauman
Kevin P. Dwight
Manatt, Phelps & Phillips, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA  94111

[ X ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, CA, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more that one day after the date of deposit for mailing in affidavit.

[  ]   CERTIFIED MAIL.  I deposited such envelope via Certified Mail Return Receipt Requested in the mail at Woodland Hills, CA.  The envelope was mailed with postage thereon fully paid.

[  ]   GSO Overnight.  I caused the envelope to be placed in a GSO Overnight depository at Woodland Hills, CA.

[  ]   FEDERAL EXPRESS.  I caused the envelope to be placed in a Federal Express depository at Woodland Hills, CA.

[  ]   PERSONAL SERVICE.  I caused delivery of such envelope by hand to the offices of the addressee.

[  ]   EMAIL. I caused the document to be transmitted via electronic email to _____.

[  ]   FACSIMILE.  I caused the document to be transmitted via facsimile to fax no. (415) 291-7474.

[ X ]   STATE    I declare under penalty of perjury under the laws of the State of California and of my own personal knowledge that the above is true and correct.

[  ]   FEDERAL    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 12, 2015, at Woodland Hills, California.

WENDY CORONA

_____          _____
Type or Print Name                              Signature